## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| HEATHER WRIGHT, CAROLE STEWART, JEANETTE CHILDRESS, MICHAEL DOYLE, ROBERT JORDAN, SEAN HALBERT, DANA SKELTON, ROGER REED, VANESSA RUGGLES and ROSE SOMERS, individually and on behalf of all others similarly situated, | Civil Action No. 14-cv-10457 <br><br> Hon. Edmond E. Chang |
| Plaintiffs, | |
| v. | |
| NATIONSTAR MORTGAGE LLC, a Delaware limited liability company, | |
| Defendant. | |

### NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on Thursday, February 12, 2015 at 9:00 a.m., or as soon thereafter as counsel may be heard, we shall appear before the Honorable Edmond E. Chang, or any judge sitting in his stead in courtroom 2119 of the Everett McKinley Dirksen Building, United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, and then and there present *Plaintiffs' Motion for Appointment of Interim Co-Lead Class Counsel,* a copy of which is attached hereto and hereby served upon you.

Dated: February 3, 2015

Respectfully submitted,

**HEATHER WRIGHT, CAROLE STEWART, JEANETTE CHILDRESS, MICHAEL DOYLE, ROBERT JORDAN, SEAN HALBERT** and **DANA SKELTON, ROGER REED, VANESSA RUGGLES and ROSE SOMERS,** individually and on behalf of classes of similarly situated individuals,

By _____

One of Plaintiffs' Attorneys

Paul O. Paradis (Admitted *Pro Hac Vice*)
Gina M. Tufaro (Admitted *Pro Hac Vice*)
Daniel Lavoie (Of Counsel)
PARADIS LAW GROUP, PLLC
570 Seventh Avenue, 20th Floor
New York, NY 10018
Tel: (212) 986-4500
Fax: (212) 986-4501

Jay Edelson
jedelson@edelson.com
Rafey S. Balabanian
rbalabanian@edelson.com
Benjamin H. Richman
brichman@edelson.com
J. Dominick Larry
nlarry@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60604
Tel: 312.589.6380
Fax: 312.589.6378

Jack Landskroner*
Drew Legando*
LANDSKRONER GRIECO MERRIMAN LLC
1360 West 9th Street, Suite 200
Cleveland, Ohio 44113
T. (216) 522-9000
F. (216) 522-9007

Brant C. Martin (Admitted *Pro Hac Vice*)
WICK PHILLIPS GOULD & MARTIN, LLP
100 Throckmorton Street, Suite 500
Fort Worth, Texas 76102
Tel: (817) 332-7788
Fax: (817) 332-7789

Stefan Coleman*
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, LLC
201 S Biscayne Blvd, 28th Floor
Miami, Florida 33131
Tel: 877.333.9427
Fax: 888.498.8946

Michael P. Sousa*
sousam@sbcglobal.net
LAW OFFICES OF MICHAEL P. SOUSA, APC
3232 Governor Dr., Suite A
San Diego, CA 92122
Tel: 858.453.6122, ext. 15

Matthew G. English*
mgelaw@gmail.com
LAW OFFICES OF MATTHEW G. ENGLISH
941 Orange Ave. #344
Coronado, CA 92118
Tel: 619.944.8568

Douglas J. Campion*
doug@djcampion.com
Law Offices of Douglas J. Campion, APC
409 Camino Del Rio South, Ste 303
San Diego, CA 92108
Tel: (619) 299-2901
Fax: (619) 858-0034

* *Pro hac vice* admission to be filed

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HEATHER WRIGHT, CAROLE STEWART, JEANETTE CHILDRESS, MICHAEL DOYLE, ROBERT JORDAN, SEAN HALBERT, DANA SKELTON, ROGER REED, VANESSA RUGGLES and ROSE SOMERS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC, a Delaware limited liability company,<br><br>Defendant. | Civil Action No. 14-cv-10457<br><br>Hon. Edmond E. Chang |

## MOTION FOR AND MEMORANDUM OF LAW IN SUPPORT OF APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL

In accordance with Federal Rule of Civil Procedure 23(g)(2), Plaintiffs Heather Wright, Carole Stewart, Jeanette Childress, Michael Doyle, Robert Jordan, Sean Halbert, Dana Skelton, Roger Reed, Vanessa Ruggles and Rose Somers (collectively, "Plaintiffs") respectfully request that the Court appoint Plaintiffs' counsel Rafey S. Balabanian of Edelson PC ("EPC") and Paul O. Paradis of Paradis Law Group ("PLG") as interim co-lead class counsel, and appoint an official executive committee of Plaintiffs' additional counsel, as detailed herein. In support of the instant motion, Plaintiffs state as follows:

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Nationstar Mortgage LLC ("Nationstar" or "Defendant") is one of the country's largest residential mortgage loan servicers. As detailed in Plaintiffs' First Amended Complaint (the

"FAC"), Nationstar uses an automatic telephone dialing system or a pre-recorded voice message to call consumers' cellular and landline telephones without their consent in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Since February 21, 2014, a total of five putative class action lawsuits alleging violations of the TCPA by Nationstar have been filed against Nationstar in various federal courts around the country. *See* Declaration of Gina M. Tufaro In Support of Plaintiffs' Motion To Appoint Interim Co-Lead Class Counsel (the "Tufaro Declaration") ¶ 4. These actions include:

(i)     *Jordan v. Nationstar Mortgage LLC*, 14-cv-787, filed on February 21, 2014 in the Northern District of California (the "*Jordan* Action");

(ii)    *Ruggles v. Nationstar Mortgage LLC*, 14-cv-2301, filed on February 26, 2014 in the Central District of California (the "*Ruggles* Action");

(iii)   *Reed v. Nationstar Mortgage LLC*, 14-cv-1701, filed on August 4, 2014 in the Northern District of Ohio (the "*Reed* Action");

(iv)    *Doyle v. Nationstar Mortgage LLC*, 14-cv-679, filed on October 24, 2014 in the Eastern District of Texas (the "*Doyle* Action"); and

(v)     *Wright v. Nationstar Mortgage LLC*, 14-cv-2301, filed on February 26, 2014 in the Northern District of Illinois (the "*Wright* Action").

Tufaro Decl. ¶ 4.

The *Ruggles* Action was subsequently transferred to the Northern District of California and consolidated with the *Jordan* Action. Tufaro Decl. ¶ 5.

Plaintiffs in the consolidated *Jordan* Action were represented by Edelson PC (the "EPC") and additional counsel working with EPC. Tufaro Decl. ¶ 6.   Plaintiffs in the *Reed* and *Doyle*

2

Actions were represented by the Paradis Law Group, PLLC (the "PLG") and additional counsel working with PLG. Tufaro Decl. ¶ 6.

For purposes of efficiency, judicial economy and for the benefit of the putative classes, Plaintiffs, by and through their respective counsel, have met and conferred among themselves and with defense counsel. Tufaro Decl. ¶ 7. As a result of these meet and confer discussions, these various lawsuits have now been reduced to a single lawsuit, the *Wright* Action, which is filed in and pending before this Court. Tufaro Decl. ¶ 8. Furthermore, as a result of these discussions, Plaintiffs and their counsel are in agreement, and hereby respectfully request, that the Court appoint attorneys Rafey S. Balabanian of the Edelson PC and Paul O. Paradis of the PLG as interim co-lead class counsel in accordance with Fed. R. Civ. P. 23(g)(2) and approve a proposed executive committee of Plaintiffs' additional counsel. Tufaro Decl. ¶ 9.

The need for the Court to appoint interim co-lead class and an executive committee, as Plaintiffs are requesting at this time, is heightened by the fact that the parties have agreed to participate in a full day mediation on March 4, 2015. Tufaro Decl. ¶ 10. This mediation will be conducted by the Hon. Edward I. Infante (Ret.) of the JAMS San Francisco office. Tufaro Decl. ¶ 10. In light of the scheduled mediation, appointment of the leadership structure, as requested by Plaintiffs, would greatly benefit the putative classes because it would, *inter alia*, vest the attorneys selected by Plaintiffs with the authority to mediate and negotiate on behalf of the putative classes. Appointment of the requested leadership structure at this time would also further assist Plaintiffs' counsel in their efforts to coordinate the litigation of this matter and to conduct the day-to-day such litigation requires.

Finally, Nationstar will not be prejudiced in any way by such appointment. As such, and as explained further below, Plaintiffs respectfully request that the Court grant the instant motion.

## II.    ARGUMENT

### A.    Appointing Interim Co-Lead Class Counsel Is Appropriate Under Federal Rule 23(g) and Will Protect The Interests Of The Putative Classes

Plaintiffs propose that the Court appoint Rafey S. Balabanian of EPC and Paul Paradis of PLG as interim co-lead class counsel.

Rule 23(g)(3) of the Federal Rules of Civil Procedure provides that a court "may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). As explained in the Manual for Complex Litigation, appointment of interim class counsel "is necessary to protect the interests of class members" because it "clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." MCL, § 21.11.

Although Rule 23 does not explicitly state what standards apply when appointing interim class counsel, courts have applied the factors set forth in Rule 23(g)(1)(A), which require a showing of: (1) the work counsel has done in identifying or investigating potential claims in the action, (2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, (3) counsel's knowledge of the applicable law, and (4) the resources counsel will commit to representing the class. *See* Advisory Committee Notes to the 2003 Amendments to Fed. R. Civ. P. 23(g)(4). No single factor is determinative; rather, all factors must be considered. *Id.*

As set forth below, proposed interim co-lead counsel satisfy each of these criteria and are committed to fairly and adequately representing the interests of the putative classes.

1.   **Proposed interim co-lead class counsel have taken significant steps to advance this litigation and to identify and investigate the claims**

Proposed interim co-lead class counsel have already taken significant steps to identify and investigate Plaintiffs' claims and to advance this litigation. Tufaro Decl. ¶ 11. Prior to filing suit, attorneys at and working with EPC and PLG conducted an extensive investigation into Nationstar's practices of making telephone calls allegedly in violation of the TCPA. Tufaro Decl. ¶ 12. This investigation has included speaking with dozens of Nationstar borrowers who claim they have been harassed by Nationstar's practices as well as an investigation into Nationstar's business model, its acquisition of loans from banks and other large financial institutions, and its loan servicing practices. Tufaro Decl. ¶ 13.

Proposed interim co-lead class counsel have also met and conferred with Nationstar's counsel to engage in Rule 26(f) conferences and discuss the litigation more generally. Tufaro Decl. ¶ 14.

Additionally, proposed interim co-lead class counsel have taken steps to ensure that that this litigation is conducted in an efficient manner, so as not to waste judicial resources. In particular, counsel have spearheaded an effort to coordinate and consolidate the multiple actions that were brought against Nationstar for TCPA violations by bringing all such claims in one forum, in this action. Tufaro Decl. ¶ 15.

Likewise, proposed interim co-lead class counsel have sought to protect the interests of Plaintiffs and members of the putative classes by filing a motion for class certification. Proposed interim co-lead class counsel have moved for class certification to prevent Defendant from "picking off" individual Plaintiffs, thereby leaving the interests of the members of the putative Classes without representation. Tufaro Decl. ¶ 16.

5

Finally proposed interim co-lead class counsel have advanced this action by scheduling a mediation to discuss with Nationstar the potential resolution of the claims of Plaintiffs and members of the putative Classes. Tufaro Decl. ¶ 10.

In short, proposed interim co-lead class counsel have taken significant steps to advance this litigation and to identify and investigate the claims sufficiently to support their appointment.

   2.   **Proposed interim co-lead class counsel have extensive experience prosecuting class actions of a similar nature, scope, and complexity to the instant case**

Proposed interim co-lead class counsel also have the requisite experience prosecuting other complex litigation, class actions and claims similar to those asserted here.

   *a.   Mr. Balabanian and EPC have notable experience handling TCPA class actions and other complex litigation.*

For his part, Mr. Balabanian, partner at Edelson PC, is a well-respected member of the plaintiffs' class action bar. (*See* Firm Resume of Edelson PC, attached to the Declaration of Rafey S. Balabanian as Exhibit 2-A.) Particularly relevant here, Mr. Balabanian and EPC have been at the forefront of litigation related to alleged violations of the TCPA, and have successfully obtained several of the most influential opinions applying the TCPA to new and evolving cellular technology. (Balabanian Decl. ¶¶ 4-5, Ex. 2-A.) For example, EPC was co-lead counsel in the seminal case of *Satterfield v. Simon & Schuster, Inc.*, which extended coverage of the TCPA to cellular text messaging. 569 F.3d 946, 949 (9th Cir. 2009) (reversing the lower court and agreeing that text message advertisements sent on behalf of publishing house Simon & Schuster constituted "calls" under the TCPA). Likewise, EPC acted as lead counsel in *Lozano v. Twentieth Century Fox Film Corp.*, 702 F. Supp. 2d 999 (N.D. Ill. 2010), where this District upheld the constitutionality of the TCPA in the face of a First Amendment challenge, as well as in *Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d 1165 (N.D. Cal. 2010), where the Northern District

6

of California held that the TCPA's "prior express consent" requirement was not unconstitutionally vague. (*See also* Balabanian Decl. ¶ 5, Ex 2-A.)

Moreover, Mr. Balabanian and the other attorneys at EPC have been appointed lead class counsel in some of the largest TCPA class actions and settlements in history, including several in this District. *See, e.g., Lozano*, 702 F. Supp. 2d 999 (appointed lead class counsel and obtained $16 million settlement); *Weinstein, et al. v. The Timberland Co.*, No. 06-cv-0454 (N.D. Ill. 2008) (predecessor firm appointed co-lead class counsel and obtained $7 million class settlement); *In re: Jiffy Lube Int'l, Inc. Text Message Spam Litig.*, No. 3:11-md-2261 (S.D. Cal. 2011) (appointed lead class counsel in text spam MDL and obtained $35 million class settlement); *Kramer*, 759 F. Supp. 2d 1165 (appointed lead class counsel and obtained $12 million class settlement); (*see also* Balabanian Decl. ¶ 6, Ex 2-A.)

> b. *Mr. Paradis and PLG also have significant experience prosecuting consumer class actions and other complex litigation.*

Similarly, Mr. Paradis has been a well-respected member of the plaintiffs' class action bar for over twenty five years. Tufaro Decl. Ex. 1-A. Mr. Paradis has written numerous articles and given various lectures on class action litigation.

Mr. Paradis and other attorneys from PLG have extensive experience prosecuting consumer class actions, particularly those that involve highly technical issues, such as this action. For example, Mr. Paradis and other attorneys from PLG just recently procured a consumer class action settlement in the action, *Kacsuta v. Lenovo (United States) Inc.*, 13-00316 (C.D. Ca.), on behalf of purchasers of certain Lenovo-manufactured laptops. *Lenovo* presented highly technical issues involving the design of the subject laptops and the intricacies of the functioning of wi-fi. Significantly, the settlement achieved by Mr. Paradis and other PLG attorneys in *Lenovo* was valued at over $50 million. Tufaro Decl. ¶ 21.

Additionally, Mr. Paradis and lawyers from PLG were appointed lead counsel, prosecuted and settled a large class action against Ticketmaster, LLC and its subsidiary TicketsNow.com, which was valued at over $16 million. *In re TicketMaster Sales Practices Litig.*, 09cv912 (C.D. Ca.). Like *Lenovo*, *TicketMaster* required PLG to gain an in-depth understanding of certain technical issues, including the defendants' web-based and telephonic practices, similar to those that are at issue here. Tufaro Decl. ¶ 22.

Finally, Mr. Paradis and other PLG attorneys are currently prosecuting, and have prosecuted, actions involving major banks and lending institutions such as Bank of America, Corp. and JPMorgan Chase Bank N.A. for claims, including but not limited to those arising out certain loan servicing practices. *See, e.g., In re Bank of America Corp. Stockholder Derivative Litigation*, CA. No. 4307-VCS (Del. Ch.) ("*BOA*")(efforts of attorneys from PLG resulted in a settlement of $62.5 million). In commenting on the quality of representation provided by PLG in *BOA*, the District Court stated in relevant part: "I must say from everything I've observed here, all counsel... have all acted in the utmost of good faith in a sincere effort to represent the best interests of their clients." *See also City of Roseville Retirement System v. Dimon, et al.*, 650294/2012 (Sup. Ct. N.Y.)(pending action seeking damages in excess of $5 billion). The knowledge of the loan servicing practices gained through the representation in these actions will aid in the prosecution of this action. Tufaro Decl. ¶ 23.

As such, proposed interim co-lead class counsel and their law firms have the requisite experience and track-record to successfully prosecute the instant action and therefore merit appointment as interim co-lead class counsel.

8

### 3. Proposed interim co-lead class counsel have extensive knowledge of the TCPA and laws applicable to nationwide mortgage servicers

The third factor courts consider under Rule 23(g)(1)(A) is proposed interim co-lead counsel's knowledge of the applicable law—here, the TCPA. As explained in Section II.A.2 *supra*, proposed interim co-lead counsel have an enormous amount of experience prosecuting TCPA claims on a class wide basis, and through their involvement in several seminal TCPA cases, have had a significant hand in shaping the development of applicable law. This knowledge and experience ensures that counsel possess a superior understanding of the underlying law at issue and therefore, are more than capable of prosecuting the proposed class's claims. Accordingly, the third factor under Rule 23(g)(1)(A) also weighs in favor of appointing proposed interim co-lead counsel.

### 4. Proposed interim co-lead class counsel have and will commit the resources necessary to advance and successfully prosecute this litigation

With respect to the final consideration, proposed interim co-lead class counsel are committed to providing the resources required to prosecute this litigation through all phases, including rigorous motion practice, discovery, class certification, summary judgment, and trial. Tufaro Decl. ¶ 17. EPC and PLG have highly experienced attorneys and support staff and are skilled at dealing cooperatively with each other to maximize efficiency and avoid unnecessary costs and expenses. Tufaro Decl. ¶ 18. Proposed interim co-lead class counsel are intimately familiar with the costs associated with successfully prosecuting nationwide class actions and will ensure that sufficient resources are expended pursuing the instant claims. Tufaro Decl. ¶ 19.

In sum, proposed interim co-lead class counsel have already thoroughly researched and advanced the claims alleged in the pleadings, have extensive experience prosecuting the very claims that are at issue here, and are committed to expending the resources necessary to ensure

that the interests of the putative class members are adequately represented. Accordingly, the Court should approve their appointment as interim co-lead class counsel.

**B.    Plaintiffs and Members of the Putative Classes Will Benefit From a Multi-Firm Structure**

In addition to the appointment of interim co-lead class counsel, the proposed leadership structure would include the establishment of an official executive committee comprised of Doug J. Campion, Michael Sousa, Matthew English and Jack Landskroner and their respective law firms. The establishment of an executive committee in this case will significantly benefit the proposed classes by, *inter alia*, combining the additional resources of numerous experienced counsel who will further ensure that this litigation proceeds in an appropriate and efficient manner. *See, e.g.,* Third Circuit Task Force Report on Selection of Class Counsel, 208 F.R.D. 340, 417 (2002) ("Court[s] should be cognizant of the possibility that the class could benefit from the combined resources and expertise of a number of class counsel . . . ."); *see also* MCL, § 10.221 (noting benefit to having multiple counsel in large class action cases). For these reasons, federal district courts frequently approve multi-firm structures in complex class actions. *See, e.g., In Re Hydrogen Peroxide Antitrust Litig.,* 240 F.R.D. 163, 177 (E.D. Pa. 2007) (appointing four-firm structure); *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 46, 49 (S.D.N.Y. 1998) (approving multiple counsel arrangement, finding that pooling of resources and experience was advantageous given the "magnitude" of the class action and to "ensure that the litigation will proceed expeditiously against Oxford and the experienced counsel it has retained to represent it"); *see also In re Inte Corp. Microprocessor Antitrust Litig.,* MDL No. 05-1717 (D. Del. Apr. 18, 2006), Order Appointing Co-Lead Counsel, at *3 (appointing multi-firm structure that allows "drawing upon a greater pool of resources" which "could prove to be especially beneficial in a large and complex case such as this.")

In particular, the instant lawsuit presents many complex legal and factual issues regarding Nationstar's placement of the alleged unlawful telephone calls, its methods for obtaining those phone numbers in the first instance, the purpose of its calls, the Court's jurisdiction to hear and adjudicate class members' claims, and the ability of the case to be maintained as a class action. Further, Nationstar is one of the largest mortgage servicers in the country, represented by a highly experienced defense firm with the resources and staff necessary to vigorously defend the case. Documents produced in this case will likely be voluminous and will require knowledgeable persons to review them in a concentrated period of time. In addition, if the case is not resolved as a result of the upcoming mediation, there will be additional (and likely extensive) motion practice and a complicated path to summary judgment and/or trial. Needless to say, mounting a successful prosecution will require a concerted and organized effort—all of which can be ensured through the establishment of the multi-tiered leadership structure proposed by Plaintiffs here.

Plaintiffs' proposed leadership structure is comprised of attorneys with a proven commitment to responsible advocacy in consumer protection and class action matters—specifically with respect to TCPA cases like the instant action. Together, the firms of both proposed interim co-lead class counsel, as well as those proposed for service on the executive committee, offer the benefits of efficiency and experience that the complexity of this case demands. Simply put, Plaintiffs and members of the putative classes will have the best opportunity for success if they have the benefit of the combined experience, knowledge, and resources of the leadership structure proposed by Plaintiffs.

## IV.    CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court appoint Rafey S. Balabanian of Edelson PC and Paul O. Paradis of Paradis Law Group, PLLC as interim co-lead class counsel and an Executive Committee comprised of Douglas J. Campion, Michael Sousa, Matthew English and Jack Landskroner.


Dated: February 3, 2015                    Respectfully submitted,

                                           **HEATHER WRIGHT, CAROLE STEWART,
                                           JEANETTE CHILDRESS, MICHAEL DOYLE,
                                           ROBERT JORDAN, SEAN HALBERT** and
                                           **DANA SKELTON, ROGER REED, VANESSA
                                           RUGGLES and  ROSE SOMERS,** individually
                                           and on behalf of classes of similarly situated
                                           individuals,

                                           By: _____
                                               One of Plaintiffs' Attorneys

                                           Paul O. Paradis (Admitted *Pro Hac Vice*)
                                           Gina M. Tufaro (Admitted *Pro Hac Vice*)
                                           Daniel Lavoie (Of Counsel)*
                                           PARADIS LAW GROUP, PLLC
                                           570 Seventh Avenue, 20th Floor
                                           New York, NY 10018
                                           Tel: (212) 986-4500
                                           Fax: (212) 986-4501


                                           Jay Edelson
                                           jedelson@edelson.com
                                           Rafey S. Balabanian
                                           rbalabanian@edelson.com
                                           Benjamin H. Richman
                                           brichman@edelson.com
                                           J. Dominick Larry
                                           nlarry@edelson.com
                                           EDELSON PC
                                           350 North LaSalle Street, Suite 1300
                                           Chicago, Illinois 60604

Tel: 312.589.6370
Fax: 312.589.6378

Jack Landskroner*
Drew Legando*
LANDSKRONER GRIECO MERRIMAN LLC
1360 West 9th Street, Suite 200
Cleveland, Ohio 44113
T. (216) 522-9000
F. (216) 522-9007

Brant C. Martin (Admitted *Pro Hac Vice*)
WICK PHILLIPS GOULD & MARTIN, LLP
100 Throckmorton Street, Suite 500
Fort Worth, Texas 76102
Tel: (817) 332-7788
Fax: (817) 332-7789

Stefan Coleman*
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, LLC
201 S Biscayne Blvd, 28th Floor
Miami, Florida 33131
Tel: 877.333.9427
Fax: 888.498.8946

Michael P. Sousa*
sousam@sbcglobal.net
LAW OFFICES OF MICHAEL P. SOUSA, APC
3232 Governor Dr., Suite A
San Diego, CA 92122
Tel: 858.453.6122, ext. 15

Matthew G. English*
mgelaw@gmail.com
LAW OFFICES OF MATTHEW G. ENGLISH
941 Orange Ave. #344
Coronado, CA 92118
Tel: 619.944.8568

Douglas J. Campion*
doug@djcampion.com
Law Offices of Douglas J. Campion, APC
409 Camino Del Rio South, Ste 303

13

San Diego, CA 92108
Tel: (619) 299-2901
Fax: (619) 858-0034

\* *Pro hac vice* admission to be filed