IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HEATHER WRIGHT, CAROLE STEWART, JEANETTE CHILDRESS, MICHAEL DOYLE, ROBERT JORDAN, SEAN HALBERT, DANA SKELTON, ROGER REED, VANESSA RUGGLES and ROSE SOMERS, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONSTAR MORTGAGE LLC, a Delaware limited liability company, <br><br> Defendant. | Civil Action No. 14-cv-10457 <br><br> Hon. Edmond E. Chang |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on Thursday, February 12, 2015 at 9:00 a.m., or as soon thereafter as counsel may be heard, we shall appear before the Honorable Edmond E. Chang, or any judge sitting in his stead in courtroom 2119 of the Everett McKinley Dirksen Building, United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, and then and there present *Plaintiffs' Amended Motion for Class Certification*, a copy of which is attached hereto and hereby served upon you.

Dated: February 3, 2015

Respectfully submitted,

**HEATHER WRIGHT, CAROLE STEWART, JEANETTE CHILDRESS, MICHAEL DOYLE, ROBERT JORDAN, SEAN HALBERT and DANA SKELTON, ROGER REED, VANESSA RUGGLES and ROSE SOMERS**, individually and on behalf of classes of similarly situated individuals,

By: _____
One of Plaintiffs' Attorneys

Paul O. Paradis (Admitted *Pro Hac Vice*)
Gina M. Tufaro (Admitted *Pro Hac Vice*)
Daniel Lavoie (Of Counsel)*
PARADIS LAW GROUP, PLLC
570 Seventh Avenue, 20th Floor
New York, NY 10018
Tel: (212) 986-4500
Fax: (212) 986-4501

Jay Edelson
jedelson@edelson.com
Rafey S. Balabanian
rbalabanian@edelson.com
Benjamin H. Richman
brichman@edelson.com
J. Dominick Larry
nlarry@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60604
Tel: 312.589.6380
Fax: 312.589.6378

Jack Landskroner*
Drew Legando*
LANDSKRONER GRIECO MERRIMAN LLC
1360 West 9th Street, Suite 200
Cleveland, Ohio 44113
T. (216) 522-9000
F. (216) 522-9007

Jay Edelson
jedelson@edelson.com
Rafey S. Balabanian
rbalabanian@edelson.com
Benjamin H. Richman
brichman@edelson.com
J. Dominick Larry
nlarry@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60604
Tel: 312.589.6380
Fax: 312.589.6378

Brant C. Martin (Admitted *Pro Hac Vice*)
WICK PHILLIPS GOULD & MARTIN, LLP
100 Throckmorton Street, Suite 500
Fort Worth, Texas 76102
Tel: (817) 332-7788
Fax: (817) 332-7789

Stefan Coleman*
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, LLC
201 S Biscayne Blvd, 28th Floor
Miami, Florida 33131
Tel: 877.333.9427
Fax: 888.498.8946

Michael P. Sousa*
sousam@sbcglobal.net
LAW OFFICES OF MICHAEL P. SOUSA, APC
3232 Governor Dr., Suite A
San Diego, CA 92122
Tel: 858.453.6122, ext. 15

Matthew G. English*
mgelaw@gmail.com
LAW OFFICES OF MATTHEW G. ENGLISH
941 Orange Ave. #344
Coronado, CA 92118
Tel: 619.944.8568

Douglas J. Campion*
doug@djcampion.com
Law Offices of Douglas J. Campion, APC
409 Camino Del Rio South, Ste 303
San Diego, CA 92108
Tel: (619) 299-2901
Fax: (619) 858-0034

* *Pro hac vice* admission to be filed

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HEATHER WRIGHT, CAROLE STEWART, JEANETTE CHILDRESS, MICHAEL DOYLE, ROBERT JORDAN, SEAN HALBERT, DANA SKELTON, ROGER REED, VANESSA RUGGLES and ROSE SOMERS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC, a Delaware limited liability company,<br><br>Defendant. | Civil Action No. 14-cv-10457<br><br>Hon. Edmond E. Chang |

## PLAINTIFFS' AMENDED MOTION FOR AND MEMORANDUM IN SUPPORT OF CLASS CERTIFICATION[1]

Plaintiffs Heather Wright, Carole Stewart, Jeanette Childress, Michael Doyle, Robert Jordan, Sean Halbert, Dana Skelton, Roger Reed, Vanessa Ruggles and Rose Somers ("Plaintiffs"), by and through undersigned counsel, hereby respectfully move the Court for an Order certifying this case as a class action pursuant to Federal Rules of Civil Procedure 23(a), (b)(2), and (b)(3), but request that the Court enter and continue the instant motion until after the completion of discovery on class-wide issues, at which time Plaintiffs will submit a fulsome

---

[1] On February 3, 2015, Plaintiffs filed the First Amended Class Action Complaint (the "FAC") in which Ms. Jeanette Childress, Mr. Robert Jordan, Mr. Sean Halbert, Ms. Dana Skelton, Mr. Roger Reed, Ms. Vanessa Ruggles and Ms. Rose Somers were added as named plaintiffs. Accordingly, Plaintiffs have amended their initial Motion for Class Certification, which was filed on December 31, 2014, by and through this instant Amended Motion for Class Certification, to reflect the addition of these Plaintiffs.

memorandum of points and authorities in support of class certification.[2] (*See* Dkt. 10 (entering and continuing original motion for class certification).

## I. INTRODUCTION

The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, prohibits, among other things, the making of "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice...." 47 U.S.C. § 227(b)(1)(A). The TCPA defines an "automatic telephone dialing system" (or "ATDS") as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers[,]" 47 U.S.C. § 227(a)(1), and the FCC has clarified that this includes any equipment with the capacity to dial numbers without human intervention. *Griffith v. Consumer Portfolio Serv., Inc.*, 838 F. Supp. 2d 723, 726-27 (N.D. Ill. 2011).

In this case, Plaintiffs allege that Defendant Nationstar Mortgage LLC ("Nationstar" or "Defendant") caused telephone calls to be made to Plaintiffs and the putative Classes without their prior express consent and with an ATDS and/or prerecorded voice, to, *inter alia*, collect alleged debts, purportedly "remind" consumers to pay their mortgages, and for other non-debt collection reasons. Plaintiffs have alleged that Defendant's unsolicited telephone calls violate the TCPA, and seek relief on behalf of themselves and four putative Classes (collectively, the "Class"). As discussed further herein, the Class meets each of the requisites to certification under Federal Rules 23(a), (b)(2), and (b)(3), and the instant motion should be granted in its entirety.

---

[2] Plaintiffs file this motion at the outset of the litigation to prevent Defendant from attempting a so-called "pick off" to moot their representative claims (*i.e.*, tendering to them the full amount of the individual damages alleged in their complaint). *See Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011) ("Class-action plaintiffs can move to certify the class at the same time that they file their complaint. The pendency of that motion protects a putative class from attempts to buy off the named plaintiffs . . . If the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation.").

2

## II. FACTUAL BACKGROUND

### A. Facts Applicable to All Members of the Putative Class.

Plaintiffs filed their initial class action complaint on December 30, 2014, alleging claims on behalf of themselves and two Classes seeking relief arising out of Defendant's unlawful calling activities. On February 3, 2015, Plaintiffs filed the FAC, which added certain named plaintiffs and an additional Class. As alleged in the FAC, Defendant made numerous calls to Plaintiffs and the putative Classes to collect alleged debts, purportedly to "remind" consumers (who were still in their grace periods) to pay their mortgages, and for potentially other reasons. (FAC ¶ 26.) These calls are problematic for a number of reasons.

First, Defendant often made the calls on a daily basis, and always using equipment with the capacity to store or produce telephone numbers to be called using an ATDS. (*Id.* ¶¶ 27-32.) Indeed, Defendant admits that it makes calls using "predictive dialer technology"—known as the "Avaya Proactive Contact" system—that allows it to "manage multiple dialers" at once. (*Id.* ¶¶ 29-31.) Defendant also made calls to cellular and residential lines featuring artificial or pre-recorded messages instead of live operators. (*Id.* ¶ 33.) Further still, Defendant repeatedly made calls to consumers in direct contradiction of their requests that the calls stop. (*Id.* ¶¶ 71, 80, 94, 98.)

Defendant's telephone calls were substantially similar in content and form and were made without the recipients' prior express consent. (*Id.* ¶ 25.) As such, Defendant's placement of these unauthorized, prerecorded calls *en masse* to Plaintiffs and the Classes was in direct violation of the TCPA. (*Id.* ¶¶ 24-37.)

3

B.    **Facts Applicable to Plaintiffs.**

Plaintiffs Wright, Stewart, Childress, Doyle, Halbert and Skelton, Reed and Somers have mortgages that are presently serviced by Defendant Nationstar. (FAC ¶¶ 41, 47, 53, 59, 76, 90, 106.) Plaintiffs Jordan and Ruggles do not have any lending relationship, whatsoever, with Nationstar. FAC ¶¶ 67, 104.) At no time relevant to this action, did any of the Plaintiffs provide Defendant with consent to make calls to their telephone numbers, nor did they provide permission to any third party associated with their mortgages to make any such calls. (FAC ¶ 25.) As a matter of fact, Plaintiffs Wright, Halbert and Skelton, Reed, and Ruggles even expressly requested that Nationstar cease making telephone calls to them. (FAC ¶¶ 44, 80, 82, 95, 97, 103.) Despite these facts, Defendant placed repeated calls to Plaintiffs' telephones using the "Avaya Proactive Contact" system and/or with a rerecorded voice. (FAC ¶¶ 86, 93, 103.)

For example, Defendant—without ever first obtaining consent from Plaintiff Doyle—began placing repeated calls to his cellular phone from an ATDS using the following telephone numbers: 877-698-9400, 888-850-9398, and 866-316-2432. (FAC ¶¶ 61, 62.) In fact, in just three weeks, Plaintiff Doyle received fourteen calls, often multiple calls per day. (FAC ¶ 62.) All of the calls were to "remind" Plaintiff Doyle to submit his mortgage payment, even though he was similarly within his grace period. (FAC ¶ 63.)

Similarly, even *after* Plaintiff Reed expressly requested that Defendant cease making telephone calls to him, Defendant placed *over 20 calls* to Plaintiff Reed's cellular phone from an ATDS. (FAC ¶ 20.)

C.    **The Proposed Classes**

As a result of Defendant's conduct described above, Plaintiffs brought the instant lawsuit and now seek certification of three nationwide Classes of individuals, defined below, pursuant to

4

Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3).

**No Mortgage Class**: All individuals in the United States to whom Defendant (1) placed a non-emergency telephone call to his or her cellular or residential landline telephone from February 21, 2010 to the present; (2) that was made utilizing an automatic telephone dialing system and / or a prerecorded or artificial voice; (3) which related to Defendant's products or services; (4) where Defendant does not have a record of consent to place telephone calls to his or her cellular telephone number; and (5) who did not have a mortgage loan serviced or owned by Nationstar when the call was made.

**Mortgage Class**: All individuals in the United States to whom Defendant (1) placed a non-emergency telephone call to his or her cellular or residential landline telephone from February 21, 2010 to the present; (2) that was made utilizing an automatic telephone dialing system and / or by a prerecorded or artificial voice; (3) which related to Defendant's products or services; (4) where Defendant does not have a record of consent to place telephone calls to his or her cellular telephone number; and (5) who had a mortgage loan serviced or owned by Nationstar when the call was made.

**Opt-Out Class**: All individuals in the United States to whom Defendant (1) placed a non-emergency telephone call to his or her cellular or residential landline telephone from February 21, 2010 to the present; (2) that was made utilizing an automatic telephone dialing system and / or a prerecorded or artificial voice; (3) which related to Defendant's products or services; (4) and, following such calls, he or she made a request to Defendant that he or she no longer receive telephone calls from Defendant; and (5) thereafter Defendant placed additional telephone calls to his or her cellular telephone.

Plaintiffs Ruggles and Jordan seek to represent the No Mortgage Class. (FAC Count I). Plaintiffs Wright, Stewart, Childress, Doyle, Skelton, Halbert, Reed and Somers seek to represent the Mortgage Class. (FAC Count II). Plaintiffs Wright, Skelton, Halbert, Reed and Ruggles seek to represent the Opt-Out Class. (FAC Count III).

As demonstrated below, the proposed Classes meet each of the requisites to certification under Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3) and, therefore, the instant motion should be granted in its entirety.

## III. THE PROPOSED CLASSES SATISFY EACH OF THE REQUISITES FOR CERTIFICATION.

Class certification is appropriate under Rule 23 when the proponent of certification demonstrates that each of the requirements of Rule 23(a), and at least one of the subsections under Rule 23(b), has been satisfied. Rule 23(a) requires that (i) the proposed class is so numerous that joinder of all individual class members is impracticable (numerosity); (ii) that there are common questions of law and fact amongst class members (commonality); (iii) that the proposed representative's claims are typical of those of the class (typicality); and, (iv) that the named-representatives and their counsel have and will continue to adequately represent the interests of the class (adequacy).

In this case, Plaintiffs seek certification of the proposed Classes under both Rule 23(b)(2) and (b)(3). In order to certify a class under Rule 23(b)(2), a plaintiff must show that the party opposing certification has acted or failed to act on grounds generally applicable to the class as a whole, "so that final injunctive relief or corresponding declaratory relief is appropriate...."

Under Rule 23(b)(3) there must be (i) questions of law or fact common to the proposed class members that predominate over any questions affecting only individual members, and (ii) the class mechanism must be superior to other available methods for fairly and efficiently adjudicating the controversy.

In determining whether to certify a proposed class, a court does not inquire into the merits of the plaintiff's claims. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974). Instead, "the substantive allegations of the complaint are generally assumed to be true and it is also assumed that cognizable claims are stated." *Anderson v. Cornejo*, 199 F.R.D. 228, 237 (N.D. Ill. 2000). Thus, courts are required to analyze the allegations of the complaint and any evidence submitted by the parties with a presumption in favor of certification. *Id.*

6

As explained further below, the proposed Classes meet all of the requirements of Rules 23(a), (b)(2) and (b)(3), and therefore, can properly be certified.

### A. Numerosity: The Proposed Classes Are Sufficiently Numerous and Consist of Thousands—if not Millions—of Individual Members.

Rule 23(a)'s first requirement—numerosity—is satisfied where "the class is so numerous that joinder of all members is impractical." Fed. R. Civ. P. 23(a)(1). However, there is no specific number required, nor are the plaintiffs required to state the exact number of potential class members. *Smith v. Nike Retail Servs., Inc.*, 234 F.R.D. 648, 659 (N.D. Ill. 2006). Generally, "[t]he court is permitted to make common-sense assumptions that support a finding of numerosity." *Maxwell v. Arrow Fin. Servs., LLC*, 2004 WL 719278, at *2 (N.D. Ill. 2004); *see also* 3 ALBA CONTE & HERBERT B. NEWBERG, *Newberg on Class Actions* § 7.20, 66 (4th ed. 2001).

In this case, Plaintiffs allege, and discovery will show, that Defendant caused telephone calls to be made *en masse* to thousands—if not millions—of consumers' telephone numbers to remind them to pay their mortgages, to collect debts, or for some other non-collection purposes without first obtaining their prior express consent. (FAC ¶ 25); *see also* Nationstar Form 10-K for fiscal year ended December 31, 2013 at 10 (http://investors.nationstarholdings.com/Cache/22267485.pdf?IID=4288863&FID=22267485&O=3&OSID=9) (stating that Defendant's "servicing portfolio consists of over 2.3 million loans"); *Heastie v. Community Bank of Greater Peoria*, 125 F.R.D. 669 (N.D. Ill. 1989) (classes numbering in the thousands "clearly" satisfy the numerosity requirement); ALBA CONTE & HERBERT NEWBERG, *Newberg on Class Actions*§ 3:5, 243-46 (4th ed. 2002) ("Class actions under the amended Rule 23 have frequently involved classes numbering in the hundreds, or thousands . . . In such cases, the impracticability of bringing all class members before the court

7

has been obvious, and the Rule 23(a)(1) requirement has been easily met.")

Accordingly, the proposed Classes satisfy the numerosity requirement.[3]

### B. Commonality: The Proposed Classes Share Common Questions of Law and Fact.

Next, Rule 23(a)(2) requires that "there are questions of law or fact common to the class." To meet the commonality requirement, the named-representative is required to demonstrate that the proposed class members "have suffered the same injury." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 (1982)). In other words, commonality requires that the claims of the class "depend upon a common contention . . . of such a nature that it is capable of class wide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* Commonality is present where a "common nucleus of operative fact" exists, even if as to one question of law or fact, *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992), and is often found where "defendants have engaged in standardized conduct toward members of the proposed class." *Whitten v. ARS Nat'l Servs. Inc.*, 2001 WL 1143238, at *3 (N.D. Ill. 2001) (internal quotations omitted). The question of commonality is a relatively low and easily surmountable hurdle. *Scholes v. Stone, McGuire, & Benjamin*, 143 F.R.D. 181, 185 (N.D. Ill. 1992).

In this case, all members of the Classes share claims that arise out of Defendant's same conduct, that are based on the same legal theories, and that implicate the same common questions or issues of fact that predominate over issues affecting only individual members. Specifically, those common factual and legal issues for the Classes include, but are not

---

[3] To the extent that the Court requires additional details regarding the number of members in the Classes, such information may be readily obtained through discovery and Defendant's records.

necessarily limited to: (1) whether Defendant used an ATDS to make the telephone calls at issue; (2) whether Defendant placed calls that featured an artificial and/or prerecorded voice; (3) whether Defendant systematically made telephone calls to members of the Classes who did not previously provide it with their prior express consent to receive such calls; (4) whether Defendant systematically made telephone calls to members of the Classes after they requested to no longer receive telephone calls from it; (5) whether Defendant's calls constitute violations of the TCPA; and (6) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

Accordingly, the commonality requirement is also satisfied.

### C. Typicality: Plaintiffs' Claims are Typical of Those of the Classes.

Rule 23(a) next requires that Plaintiffs' claims be typical of those of the other class members. Fed. R. Civ. P. 23(a)(3). The typicality requirement is closely related to commonality and is satisfied if a plaintiff's claims arise from "the same event or practice or course of conduct that gives rise to the claims of other class members and . . . are based on the same legal theory." *Radmanovich v. Combined Ins. Co. of Am.*, 216 F.R.D. 424, 432 (N.D. Ill. 2003) (internal quotations omitted). Nevertheless, the existence of factual differences will not preclude a finding of typicality; the claims of a named plaintiff need only share "the same essential characteristics" as those of the class. *Id.* Indeed, "'[s]imilarity of legal theory is more important than factual similarity....'" *Id.* (quoting *Harris v. City of Chicago*, 1998 WL 59873, at *5 (N.D.Ill.1998)).

In this case, Plaintiffs and the members of the proposed Classes were each subjected to Defendant's common course of conduct. That is, Defendant (1) placed the same calls to all Class members, (2) using an ATDS and/or prerecorded voice, (3) without first obtaining consent. As a

result of Defendant's unlawful conduct in this regard, Plaintiffs and the members of the Classes suffered the same injuries (in the form of the violation of their statutory rights under the TCPA) and are entitled to an identical calculation of statutory damages (per call).

As such, by pursuing their own claims, Plaintiffs will necessarily advance the interests of the proposed Classes and the typicality requirement is satisfied.

### D. Adequacy of Representation: Plaintiffs and Their Counsel are Adequate Representatives and Have No Conflicts with the Members of the Class.

Finally, Rule 23(a) requires that the representative parties have and will continue to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This means that both a proposed class representative and his counsel have the ability to "zealously represent and advocate on behalf of the class as a whole." *Maxwell*, 2004 WL 719278, at *5. The proposed class representative must not have claims that are "antagonistic or conflicting . . . with other members of the class," and must have a "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Id.* (internal quotations omitted). Additionally, proposed class counsel must be competent and have the resources necessary to sustain the complex litigation necessitated by class claims; it is persuasive evidence that proposed class counsel have been found adequate in prior cases. *Gomez v. Ill. State Bd. of Educ.*, 117 F.R.D. 394, 401 (N.D. Ill. 1987).

Here, Plaintiffs have the same interests as the proposed Classes. In an attempt to request and/or remind Plaintiffs and the Classes to make mortgage payments (among other things), Defendant called them using an ATDS and/or prerecorded voice without first obtaining consent to do so (and in the case of the Opt-Out Class, after they expressly requested not to)—all in violation of the TCPA. Thus, Plaintiffs suffered the same injury, have the same claims available to them, and have no interests antagonistic to those of the Classes. They will fairly and adequately protect the interests of the Classes, and their pursuit of the instant action demonstrates

10

as much.

Similarly, Plaintiffs' counsel are well-respected members of the legal community, who have extensive experience in class actions of similar size, scope, and complexity to the instant action. (*See* Declaration of Rafey S. Balabanian (the "Balabanian Decl.") ¶¶ 4-5, a true and accurate copy of which is attached hereto as Exhibit 1; Declaration of Gina M. Tufaro (the "Tufaro Decl.") ¶¶ 4-5, a true and accurate copy of which is attached hereto as Exhibit 2.). Moreover, Plaintiffs' counsel have regularly engaged in major complex litigation involving the TCPA and consumer technology issues, have the resources necessary to conduct litigation of this nature, and have frequently been appointed lead class counsel by courts throughout the country. (Balabanian Decl. ¶ 6; *see also* Firm Resume of Edelson PC, a true and accurate copy of which is attached as Exhibit 1-A to the Balabanian Declaration and Tufaro Decl. ¶ 6; *see also* Firm Resume of Paradis Law Group, a true and accurate copy of which is attached as Exhibit 2-A to the Tufaro Declaration.) Proposed class counsel have already diligently investigated the claims at issue in this action and dedicated substantial resources to the case, and will continue to do so throughout its pendency. (Balabanian Decl. ¶ 7; Tufaro Decl. ¶ 7.) Likewise, they are among the law firms spearheading an effort to coordinate and consolidate TCPA claims asserted against Nationstar in various actions pending throughout the country in order to proceed as efficiently and effectively as possible in this litigation. (Balabanian Decl. ¶ 8; Tufaro Decl. ¶ 8.)

Accordingly, Plaintiffs and their counsel have and will continue to adequately represent the Class, and the final Rule 23(a) requirement is satisfied.

### E. The Proposed Classes Meet the Requirements of Rule 23(b)(2).

Once the prerequisites of Rule 23(a) have been satisfied, one of the three subsections of Rule 23(b) must be satisfied as well. Here, Plaintiffs seeks certification of the proposed Classes

11

under Rules 23(b)(2) and (b)(3).

Rule 23(b)(2) provides that the party opposing certification must have acted or failed to act on grounds generally applicable to the proposed class, "so that final injunctive relief or corresponding declaratory relief is appropriate." *Brown v. Yellow Transp., Inc.*, 2011 WL 1838741, at *2 (N.D. Ill. 2011) (quoting Fed. R. Civ. P. 23(b)(2)). The requirement that the defendant act on grounds generally applicable to the class, like the whole of Rule 23, is to be "liberally construed so as to favor the maintenance of class actions where appropriate." *Yellow Transp., Inc.*, 2011 WL 1838741, at *2; *see also King v. Kansas City Southern Indus.*, 519 F.2d 20, 26 (7th Cir.1975)). Where a court finds that Rule 23(a)'s commonality requirement is met, the courts have typically found that there is a sufficient showing that the defendant acted on grounds generally applicable to the class as a whole. *See Lemon v. Int'l. Union of Operating Engineers, Loc. No. 139, AFL-CIO*, 216 F.3d 577, 580 (7th Cir. 2000); *Yellow Transp.*, 2011 WL 183871, at *7.

There should be no question that Defendant acted on grounds generally applicable to the Classes as a whole. Indeed, Defendant had a standardized practice of placing the same repeated calls to each Class member, using the same "Avaya Proactive Contact" system and/or artificial or prerecorded voice, without first obtaining their consent to do so. (FAC ¶¶ 24-31.) In the end, Defendant's conduct did not vary significantly from Class member to Class member and therefore, final injunctive relief would (and is necessary to) protect Plaintiffs and the other members of the Classes from such conduct in the future. As such, the requirements of Rule 23(b)(2) are met as well.

### F. The Proposed Classes Also Meet the Requirements of Rule 23(b)(3).

Plaintiffs also seeks class certification under Rule 23(b)(3), which provides that a class

action may be maintained where the questions of law and fact common to members of the class predominate over any questions affecting only individual members, and the class action mechanism is superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3); *Fletcher v. ZLB Behring LLC*, 245 F.R.D. 328, 331-32 (N.D. Ill. 2006). This case easily meets both of these requirements.

    i.    <u>Common Questions of Law and Fact Predominate</u>.

Rule 23(b)(3)'s "predominance requirement looks to whether the proposed class is 'sufficiently cohesive' to warrant 'adjudication' by representation.'" *Williams-Green v. J. Alexander's Restaurants, Inc.*, 277 F.R.D. 374, 383 (N.D. Ill. 2011) (citing *Dukes*, 131 S.Ct. at 2566). The inquiry requires courts to identify "the substantive issues that will control the outcome, assess[ ] which issues will predominate, and then determin[e] whether the issues are common to the class." *Id.* (citing *Hyderi v. Washington Mut. Bank, FA*, 235 F.R.D. 390, 398 (N.D. Ill. 2006)) (internal quotations omitted).

Here, the common questions set forth above are at the heart of this litigation. The claims of Plaintiffs and all other members of the Classes arise from Defendant's standardized conduct of making calls to their telephones, using the same automatic telephone dialing equipment and/or prerecorded messages, and never first obtaining consent to place the calls (or even placing them after the Class members revoked any purported consent).

Moreover, the answers to these questions are necessarily subject to common proof, primarily from information found within Defendant's own records. *See Dukes*, 131 S. Ct. at 2551 (2011)("What matters to class certification . . . is not the raising of common 'questions'—even in droves—but, rather the capacity of a class wide proceeding to generate common answers apt to drive the resolution of the litigation."); *Schmidt v. Smith & Wollensky, LLC*, 268 F.R.D. 323, 329

13

(N.D. Ill. 2010) (holding that the court must determine "whether plaintiffs can, through individualized cases, offer proof on a class-wide basis."). That is, evidence of the calls themselves, how Defendant made them, to what phone numbers they were made, and how Defendant obtained those phone numbers will come from within Defendant's own records. Thus, the only claims at issue in this case—Defendant's alleged violation of the TCPA—simply will not require individual proof such that class treatment would be inappropriate.

For these reasons, Rule 23(b)(3)'s predominance requirement is easily satisfied.

    ii.    <u>Superiority: This Class Action is the Most Appropriate Method to Adjudicate the Claims at Issue.</u>

Finally, Rule 23(b)(3) further requires that the class action mechanism be superior to the other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P 23(b)(3); *Fletcher*, 245 F.R.D. at 334. The instant class action is unquestionably superior to other available methods for the fair and efficient adjudication of Plaintiffs and the Classes' claims.

Absent class treatment in this case, each individual member of the Classes would be required to present the same or essentially the same legal and factual arguments, in separate and duplicative proceedings, the result of which would be a multiplicity of trials conducted at enormous expense to both the judicial system and the litigants. Such a result would be neither efficient nor fair to anyone, including Defendant. Moreover, there is no indication that members of the Classes have a strong interest in individual litigation, let alone any incentive to pursue their claims individually, given the small amount of damages likely to be recovered relative to the resources required to prosecute such an action. And, class certification will promote consistency of rulings and judgments, giving all parties the benefit of finality.

Accordingly, the superiority requirement is also satisfied.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs Heather Wright, Carole Stewart, Jeanette Childress, Michael Doyle, Robert Jordan, Sean Halbert, Dana Skelton, Roger Reed, Vanessa Ruggles and Rose Somers, individually and on behalf of the proposed Classes, respectfully request that the Court: (1) enter and reserve ruling on their motion for class certification, (2) allow for discovery to take place, (3) grant Plaintiffs leave to file an amended motion and memorandum of law in support of class certification upon the conclusion of discovery relating to certification issues, (4) grant Plaintiffs' motion for class certification after full briefing, and (5) provide all other and further relief that the Court deems reasonable and just.[4]

Dated: February 3, 2015

Respectfully submitted,

**HEATHER WRIGHT, CAROLE STEWART, JEANETTE CHILDRESS, MICHAEL DOYLE, ROBERT JORDAN, SEAN HALBERT and DANA SKELTON, ROGER REED, VANESSA RUGGLES and ROSE SOMERS,** individually and on behalf of classes of similarly situated individuals,

By: _____
One of Plaintiffs' Attorneys

---

[4] Plaintiffs respectfully reserve the right to amend the definitions of the proposed Classes and provide other factual support as appropriate after certification-related discovery.

15

Paul O. Paradis (Admitted *Pro Hac Vice*)
Gina M. Tufaro (Admitted *Pro Hac Vice*)
Daniel Lavoie (Of Counsel)*
PARADIS LAW GROUP, PLLC
570 Seventh Avenue, 20th Floor
New York, NY 10018
Tel: (212) 986-4500
Fax: (212) 986-4501

Jay Edelson
jedelson@edelson.com
Rafey S. Balabanian
rbalabanian@edelson.com
Benjamin H. Richman
brichman@edelson.com
J. Dominick Larry
nlarry@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60604
Tel: 312.589.6370
Fax: 312.589.6378

Jack Landskroner*
Drew Legando*
LANDSKRONER GRIECO MERRIMAN LLC
1360 West 9th Street, Suite 200
Cleveland, Ohio 44113
T. (216) 522-9000
F. (216) 522-9007

Brant C. Martin (Admitted *Pro Hac Vice*)
WICK PHILLIPS GOULD & MARTIN, LLP
100 Throckmorton Street, Suite 500
Fort Worth, Texas 76102
Tel: (817) 332-7788
Fax: (817) 332-7789

Stefan Coleman*
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, LLC
201 S Biscayne Blvd, 28th Floor
Miami, Florida 33131
Tel: 877.333.9427
Fax: 888.498.8946

Michael P. Sousa*
sousam@sbcglobal.net
LAW OFFICES OF MICHAEL P. SOUSA, APC
3232 Governor Dr., Suite A
San Diego, CA 92122
Tel: 858.453.6122, ext. 15

Matthew G. English*
mgelaw@gmail.com
LAW OFFICES OF MATTHEW G. ENGLISH
941 Orange Ave. #344
Coronado, CA 92118
Tel: 619.944.8568

Douglas J. Campion*
doug@djcampion.com
Law Offices of Douglas J. Campion, APC
409 Camino Del Rio South, Ste 303
San Diego, CA 92108
Tel: (619) 299-2901
Fax: (619) 858-0034

\* *Pro hac vice* admission to be filed