## UNITED STATES DISTRICT COURT
### FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6,1
### Eastern Division

Heather Wright, et al.

                       Plaintiff,

v.                                                      Case No.: 1:14−cv−10457

                                                                  Honorable Edmond E. Chang

Nationstar Mortgage LLC

                       Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, February 17, 2015:

      MINUTE entry before the Honorable Edmond E. Chang: In view of the amended complaint, Plaintiffs have filed another class−certification motion [17] to prevent mootness. See Damasco v. Clearwire Corp., 662 F.3d 891, 896 (7th Cir. 2011). As the motion recognizes (just like the first motion), sufficient discovery on the issue of class certification is not yet complete, and thus the motion is premature for purposes of deciding it. Accordingly, the motion must be entered and continued until ready for decision. A briefing schedule will be set at a later time, if necessary. Plaintiffs' unopposed motion [16] to appoint interim co−lead class counsel and executive committee is granted, with a caveat. Rafey S. Balabanian of Edelson PC and Paul O. Paradis of Paradis Law Group, PLLC, are appointed as interim co−lead counsel. Under Federal Rule of Civil Procedure 23(g)(3), the circumstances warrant the appointment. The number of already−filed actions, and their consolidation into one action, bespeak the need to coordinate among Plaintiffs and Plaintiffs' counsel. And interim steps must be undertaken even at this early stage of the litigation, not least of which is representing the proposed class at the upcoming mediation. The proposed co−lead counsel are exceptionally qualified and experienced in representing classes, and their arrangement of the mediation is itself a sign of their efforts on behalf of the class. So their appointment is well founded. The Court also appoints an executive committee, as proposed, but does caution that the executive committee should only incur time and expense at this stage in the litigation as appropriate, that is, bearing in mind that there is a scheduled mediation. Some reasonable use of the resources and expertise of the executive committee might very well be appropriate even now, because mediations very often warrant substantial preparation. But the TCPA issues do not appear right now to be especially complex, and it would be wise to dedicate current efforts to the mediation. The executive committee shall be comprised of Douglas J. Campion, Michael Sousa, Matthew English, and Jack Landskroner. Finally, the motion to reset the status hearing [18] is granted. The status hearing of 02/20/2015 is reset to 04/27/2015 at 9:00 AM.Emailed notice(slb, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.