UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HEATHER WRIGHT, CAROLE STEWART, JEANETTE CHILDRESS, MICHAEL DOYLE, ROBERT JORDAN, SEAN HALBERT, DANA SKELTON, ROGER REED, VANESSA RUGGLES and ROSE SOMERS, individually and on behalf of all others similarly situated,<br><br>          *Plaintiffs*,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC, a Delaware limited liability company,<br><br>          *Defendant*. | Civil Action No. 1:14-cv-10457<br><br>**CLASS ACTION**<br><br>Hon. Edmond E. Chang |

## INITIAL STATUS REPORT

Pursuant to the Court's case management procedures and its January 9th and February 17th Orders (Dkts. 11, 21), the Parties submit the following initial status report:

**I.**     **The Nature of the Case**

    **A.**     **Attorneys of Record for Each Party.**

*Attorneys of record for Plaintiffs and the putative classes*:

| | |
|---|---|
| Rafey S. Balabanian<br>rbalabanian@edelson.com<br>EDELSON PC | Paul O. Paradis<br>pparadis@hhpny.com<br>HORWITZ, HORWITZ & PARADIS |

*Attorneys of Record for Defendant:*

Timothy R. Carraher
tcarraher@reedsmith.com
REED SMITH LLP

    **B.**     **Basis for Federal Jurisdiction:** This Court has federal question jurisdiction under

1

28 U.S.C. § 1331 as Plaintiffs' claims are brought under a federal statute, the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

**C.** **Nature of Claims Asserted in the Complaint and Any Counterclaims:** Plaintiffs claim that Nationstar unlawfully called their residential and cellular telephones using automatic telephone dialing systems and artificial or pre-recorded voices, that Nationstar called them despite being on the Federal Do-Not-Call registry, and that Nationstar called them despite Plaintiffs having placed do-not-call requests with Nationstar, all in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227. Nationstar denies Plaintiffs' allegations and denies that it caused any damages claimed by Plaintiffs.

**D.** **Major Legal and Factual Issues in the Case:**

*Plaintiffs' Position:* Plaintiffs believe that the major legal and factual issues in this case include, but are not limited to: (1) whether Defendant made the calls to Plaintiffs' telephones using automatic telephone dialing systems ("ATDS") or artificial or pre-recorded voices, (2) whether Defendant made such calls to Plaintiffs despite their registration with the national Do Not Call registry, (3) whether Defendant honored Plaintiffs' do-not-call requests, (4) whether Plaintiffs consented to receive the calls at issue, and (5) whether Plaintiffs can satisfy the class certification requirements of Federal Rules 23(b)(2) and (b)(3).

*Defendant's Position:* In addition to the issues listed by Plaintiffs above, Nationstar believes that the major legal and factual issues in this case also include, but are not limited to: (1) whether Plaintiffs qualify as a "called party" under the TCPA; and (2) whether Plaintiffs were the unintended recipients of the alleged calls.

**E.** **Relief Sought by the Plaintiffs:** Plaintiffs seek, on behalf of themselves and the three putative classes, statutory damages pursuant to 47 U.S.C. § 227(b)(3).

II.     **Pending Motions and Case Plan**

   A.     **Identify All Pending Motions:** Plaintiffs filed an amended class certification motion with their amended class action complaint. (Dkt. 17.) On February 17, 2015, pursuant to *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011), the Court entered and continued that motion pending the completion of sufficient discovery. (Dkt. 21.)

   B.     **Proposed Discovery Plan**

      1.     *Scope and type of discovery needed:*

   *Plaintiffs' Position:* Plaintiffs anticipate taking written, oral, and (potentially) third-party discovery on the legal and factual issues listed above in Section I.D.

   *Defendant's Position:* On March 4, 2015, the Parties participated in a private mediation before The Honorable Edward A. Infante (ret.) of JAMS (San Francisco). Although the Parties were unable to reach a resolution at that time, they agreed to an early exchange of information and have tentatively reserved Tuesday, June 16, 2015, for a second mediation session with Judge Infante. Thus, to facilitate settlement, promote efficiency, and conserve judicial resources, Nationstar proposes that the Court temporarily stay all formal discovery and continue the Status Conference to June 29, 2015, at 9:00 a.m. Nationstar further proposes that in advance of the June 29, 2015 Conference the Parties jointly submit a Status Report advising the Court of their progress towards settlement and proposing pretrial deadlines governing discovery, dispositive motions, and class certification briefing, as necessary. If the Court is inclined to set a pre-trial schedule at this juncture, Nationstar agrees to the following pre-trial deadlines.

      2.     *Rule 26(a)(1) disclosures:* The Parties propose an exchange of Rule 26(a)(1) disclosures no later than June 1, 2015.

      3.     *Date for commencing written discovery:* The Parties propose that formal

discovery commence upon the Parties' exchange of Rule 26(a)(1) disclosures.

    4.    *Fact discovery completion date*:

**Plaintiffs' Position:** Plaintiffs propose a fact discovery period of nine (9) months, with a completion date of February 26, 2016.

**Nationstar's Position:** In an effort to preserve resources, Nationstar recommends bifurcating discovery into two phases: (1) discovery necessary for the Parties' briefing of the class certification motion; and (2) discovery relating to the merits of Plaintiffs' TCPA claims. *See,* Manual for Complex Litigation (Fourth), § 21.14 (2004). The initial phase will be limited to discovery on the prerequisites set forth in Federal Rule of Civil Procedure 23(a) -- numerosity, commonality, typicality, and adequacy of representation -- and the conditions set forth in Rule 23(b)(3). Specifically, Nationstar recognizes that the issue of prior express consent is central to the Rule 23 requirements of commonality, typicality, and predominance. Thus, Nationstar proposes that consent-related discovery be limited to only evidence of consent from the nine named Plaintiffs, discovery on Nationstar's procedures and methods of obtaining consent, and forms of consent provided by its customers. If merits discovery is later required, the parties may conduct discovery on whether Nationstar placed calls to Plaintiffs' telephones using an "automatic telephone dialing system" or artificial or pre-recorded voice, and whether Nationstar made such calls to Plaintiffs despite their registration with the national Do Not Call registry.

Nationstar proposes an initial class discovery period of six (6) months, with a completion date of November 30, 2015. Nationstar further proposes a merits discovery period of four (4) months to commence upon the Court's issuance of a ruling on Plaintiffs' class certification motion.

    5.    *Expert discovery completion date:* The Parties anticipate the need for expert discovery regarding whether the equipment used by Defendant to place the calls at issue constitutes an

4

ATDS. *See* 47 U.S.C. § 227(a)(1). Plaintiffs propose that the Parties disclose the identities of their experts pursuant to Fed. R. Civ. P. 26(a)(2), and submit any reports required by that rule, no later than thirty (30) days after the completion of fact discovery, and that the Parties disclose the identities and reports of their rebuttal experts, if any, no later than sixty (60) days after the close of fact discovery. Plaintiffs propose that the Parties complete all expert discovery no later than ninety (90) days after the close of fact discovery (i.e., May 27, 2016). Nationstar proposes that the Parties complete all expert discovery no later than ninety days (90) days after the close of merits discovery.

      6.    *Dispositive motion deadline:*

*Plaintiffs' Position:* Plaintiffs propose that the dispositive motion deadline (including any motion for class certification) be set as no later than sixty (60) days after the close of expert discovery (i.e., July 26, 2016).

*Defendant's Position:* Nationstar proposes that the class certification motion filing deadline be set at sixty (60) days after the close of class discovery (i.e., January 29, 2016). Nationstar also proposes that the dispositive motion filing deadline be set as no later than ninety days (90) after the close of expert discovery.

    **C.**    **Estimated Jury Trial Length:** Plaintiffs have requested a trial by jury, and estimate that jury trial will take five (5) court days.

**III.**    **Consent to Proceed Before a Magistrate Judge:** The Parties respectfully decline to proceed before a magistrate judge for all purposes.

**IV.**    **Status of Settlement Discussions:** The Parties have tentatively reserved a second mediation session with Judge Infante for Tuesday, June 16, 2015. The Parties do not believe that scheduling a settlement conference with the Court or a magistrate judge is necessary at this time.

5

|   |   |
|---|---|
|   | Respectfully submitted, |
|   | **HEATHER WRIGHT, CAROLE STEWART, JEANETTE CHILDRESS, MICHAEL DOYLE, ROBERT JORDAN, SEAN HALBERT, DANA SKELTON, ROGER REED, VANESSA RUGGLES and ROSE SOMERS,** individually and on behalf of all others similarly situated, |
| Date: April 22, 2015 | By: /s/ Benjamin H. Richman<br>One of Plaintiffs' Attorneys |

Jay Edelson
jedelson@edelson.com
Rafey S. Balabanian
rbalabanian@edelson.com
Benjamin H. Richman
brichman@edelson.com
J. Dominick Larry
nlarry@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel.: 312.589.6370
Fax: 312.589.6378

Paul O. Paradis (Admitted *pro hac vice*)
pparadis@hhplawny.com
Gina M. Tufaro (Admitted *pro hac vice*)
gtufaro@hhplawny.com
HORWITZ, HORWITZ & PARADIS, ATTORNEYS AT LAW
405 Lexington Ave., 61st Floor
New York, New York 10174
Tel: 212.986.4500
Fax: 212.986.4501

Douglas J. Campion (Admitted *pro hac vice*)
doug@djcampion.com
LAW OFFICES OF DOUGLAS J. CAMPION, APC
409 Camino Del Rio South, Suite 303
San Diego, California 92108
Tel: 619.299.2091
Fax: 619.858.0034

Michael P. Sousa (Admitted *pro hac vice*)
msousa@msousalaw.com
THE LAW OFFICES OF MICHAEL P. SOUSA, APC
3232 Governor Drive, Suite A
San Diego, California 92122
Tel: 858.453.6122

Jack Landskroner
jack@lgmlegal.com
Drew Legando
drew@lgmlegal.com
LANDSKRONER – GRIECO – MERRIMAN, LLC
1360 West 9th Street, Suite 200
Cleveland, Ohio 44113
Tel: 216.522.9000
Fax: 216.522.9007

Brant C. Martin
brant.martin@wickphillips.com
WICK PHILLIPS GOULD & MARTIN, LLP
100 Throckmorton Street, Suite 500
Fort Worth, Texas 76102
Tel: 817.332.7788

                                                                   **NATIONSTAR MORTGAGE LLC,**

Date: April 22, 2015                        By: /s/ Timothy R. Carraher
                                                                        One of Defendant's Attorneys

Timothy R. Carraher
tcarraher@reedsmith.com
REED SMITH LLP
10 South Wacker Drive, 40th Floor
Chicago, Illinois 60606
Tel: 312.207.6549
Fax: 312.207.6400

**SIGNATURE ATTESTATION**

  Pursuant to Section IX(C)(2) of the General Order on Electronic Case Filing, I hereby attest that the content of this document is acceptable to all person whose signatures are indicated by a conformed signature (s/) within this e-filed document.

                /s/ Benjamin H. Richman

**CERTIFICATE OF SERVICE**

  I hereby certify that on April 22, 2015, I electronically filed the above and foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                /s/ Benjamin H. Richman