**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HEATHER WRIGHT, CAROLE STEWART, JEANETTE CHILDRESS, ROBERT JORDAN, SEAN HALBERT, DANA SKELTON, VANESSA RUGGLES and ROSE SOMERS, individually and on behalf of all others similarly situated, | Case No. 14-cv-10457 Hon. Edmond E. Chang |

Plaintiffs,

v.

NATIONSTAR MORTGAGE LLC, a Delaware limited liability company,

Defendant.

**JOINT MOTION TO APPROVE ADDENDUM TO CLASS ACTION SETTLEMENT
AGREEMENT AND REVISIONS TO NOTICE AND CLAIM FORMS**

Pursuant to Fed. R. Civ. P. 23(c)(2), the Court's preliminary approval order and its order approving Plaintiffs' joint motion to approve adjusted notice materials, (dkts. 59, 60, 63), and the Parties' joint status report dated November 30, 2015, (dkt. 65), Plaintiffs Heather Wright, Carole Stewart, Jeanette Childress, Robert Jordan, Sean Halbert, Dana Skelton, Vanessa Ruggles, and Rose Somers ("Plaintiffs") and Defendant Nationstar Mortgage LLC ("Defendant") (collectively "the Parties"), hereby respectfully move the Court for an order approving the attached addendum to the Parties' class action settlement agreement, and the amended notice materials attached thereto. In support of the instant motion, the Parties state as follows:

1.      On October 14, 2015, and subject to certain modifications to the form of notice to be disseminated to the Settlement Class, the Court granted preliminary approval to the Parties'

proposed class action settlement. (Dkt. 59.) Later, on October 20th, the Court further approved the Parties' proposed revisions to the notice documents. (Dkt. 62.)

2.      Thereafter, the Parties worked diligently with the Settlement Administrator to prepare and finalize the notice for dissemination to the Settlement Class. As they were preparing the notice to go out to the Settlement Class, however, the Parties received an inquiry regarding the Settlement from representatives of the offices of the Attorneys General for California, Illinois, Florida, Missouri, and Texas.

3.      The Parties participated in an initial telephone conference with the offices of the Attorneys General identified above regarding certain non-monetary aspects of the settlement on November 23, 2015. At that point, the Attorneys General did not ask that any specific changes to the settlement be made. Instead, the discussions mainly focused on Nationstar's calling practices and the procedure for revocation of consent under the settlement, including whether that process could be described in greater detail in the agreement and notice documents. It's also important to note that the Attorneys General made explicit that their discussions should not be interpreted to suggest that they either approve or disapprove of any aspect of the settlement or the settlement taken as a whole.

4.      During the week after the Thanksgiving holiday, and throughout December, the Parties conferred and agreed amongst each other to make several changes to the settlement agreement, notice documents, and claim form based upon their discussions with the Attorneys General. Each of those changes are intended to add further clarity to those documents, while also more accurately reflecting the Parties' original intent underlying the settlement and its terms.

5.      Later, in January, the Parties engaged in additional communications with the Attorneys General regarding those changes, and the reasoning behind them. Although the Parties

believe that their discussions with the Attorneys General were productive and that the changes to the settlement that resulted (as detailed further below) will benefit the Settlement Class Members, the Attorneys General have reiterated that they have taken no position on the settlement, the changes to it, or any aspect thereof.

6.      With respect to the changes themselves, the Parties have agreed to modify the definition of "Telephone Calls" (*see* Dkt. 56-1, ¶ 1.33), to ensure that the settlement specifically excludes any authorization for Nationstar to make telemarketing calls to Settlement Class Members' cellular telephones in the future. This amendment reflects the Parties' original intent, and the fact that Nationstar has not, and does not currently, make such telemarketing phone calls. The revisions to the notice documents reflect that change, as well as the fact (contemplated by the paragraph 2.2(b) of the Settlement Agreement) that once the claims period has ended, Class Members can revoke consent to be called by Nationstar on their cellular telephones by any reasonable means available under law.

7.      The Parties have further agreed to modify Sections 2.2(a) and 2.2(b) of the Settlement Agreement to allow Nationstar an additional fifteen (15) days to implement the policies and procedures for honoring Revocation Requests required under the Agreement, and to extend the submission deadline for Revocation Requests from the Claims Deadline to the Effective Date of the settlement. These amendments will ensure that throughout the implementation of the settlement, Class Members have a clearly defined process for revoking consent to be called, while also ensuring that Nationstar has the procedures in place to honor such requests.

8.      Moreover, the Parties have agreed to several changes to the notice documents and

claim form to prevent ambiguity and to assist Class Members in the claims process.[1] To start, the Parties have agreed to modify the postcard and web notices to more clearly explain the operative deadlines, and to provide additional detail on the consent and revocation procedures established by the settlement. (*See* Exs. 3 – 4.)[2]

9. Finally, the Parties have agreed to revise the claim form to modify the "Class Member Affirmation" to include a representation that claiming Class Members did *not* consent to the receipt of the "non-emergency automated or artificial or prerecorded voice calls" at issue in this case, to better reflect the agreed definition of "Claim Form" found in Paragraph 1.3 of the Settlement Agreement. (*See* Dkt. 56-1 at 7, ¶ 1.3 (defining the "Claim Form" to require each Settlement Class Member to include the Settlement Class Member's "affirmation that the Settlement Class Member received such Telephone Call(s) without his or her prior express consent, and was a subscriber or primary user of the cell phone number(s) at issue.").)[3]

10. The Parties have further agreed that in order to enable the Settlement Administrator to incorporate the agreed upon changes notice documents and claim form (assuming they are approved by the Court), that the operative notice and settlement deadlines should be continued—again, subject to the Court's approval—as follows:

   a. Class Notice deadline: February 16, 2016;

---

[1] True and accurate redlined copies of the Addendum, revised claim form, web notice, and postcard notice are attached as Exhibits 1 – 4, respectively.

[2] The Parties also agreed to make certain non-substantive changes to the postcard notice to ensure that it fit properly onto the standard-sized postcard. Attached as Exhibit 5 is a copy of the postcard notice in the same format in which it will appear when mailed to the Settlement Class.

[3] The Parties also agreed to the claim form modification because it was consistent with Plaintiffs' allegations that the calls at issue were made without the recipients' consent and thus, it's appropriate that Class Members affirm the same when making claims. (*See*, *e.g.*, dkt. 50 ¶¶ 4, 23, 29, 35, 101.) Moreover, including this language is also a common fraud-prevention measure in cases of this nature, and it will ensure that only those Settlement Class Members with valid claims are able to seek the monetary relief available under the settlement.

      b.      Plaintiffs' fee petition deadline: March 21, 2016;

      c.      Class Member exclusion deadline: April 4, 2016;

      d.      Objection deadline: April 4, 2016;

      e.      Claims deadline: April 11, 2016;

      f.      Final approval motion deadline: April 26, 2016;

      g.      Final fairness hearing: _____, 2016, at _____.[4]

**WHEREFORE**, Plaintiffs Heather Wright, Carole Stewart, Jeanette Childress, Robert Jordan, Sean Halbert, Dana Skelton, Vanessa Ruggles, and Rose Somers, and Defendant Nationstar Mortgage LLC, respectfully request that the Court enter an Order (i) approving the Parties' amendments to the class action settlement agreement, and (ii) providing such other and further relief as the Court deems reasonable and just.

                             Respectfully submitted,

                             **HEATHER WRIGHT, CAROLE STEWART, JEANETTE CHILDRESS, ROBERT JORDAN, SEAN HALBERT, DANA SKELTON, VANESSA RUGGLES** and **ROSE SOMERS,** individually and on behalf of all others similarly situated

Date: January 22, 2016             By: _s/ Benjamin H. Richman_____
                                 One of Plaintiffs' Attorneys

---

[4]     Should the Court grant the instant motion, the Parties will also modify the Class Notice documents and Settlement Website to reflect the revised dates. Additionally, within 10 days of filing this motion, the Settlement Administrator will send out revised CAFA notices, disclosing the proposed changes to the appropriate attorneys general.

Jay Edelson
jedelson@edelson.com
Rafey S. Balabanian
rbalabanian@edelson.com
Benjamin H. Richman
brichman@edelson.com
J. Dominick Larry
nlarry@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel.: 312.589.6370
Fax: 312.589.6378

Paul O. Paradis (Admitted *pro hac vice*)
pparadis@hhplawny.com
Gina M. Tufaro (Admitted *pro hac vice*)
gtufaro@hhplawny.com
PARADIS LAW GROUP, PLLC
570 Seventh Ave., 20th Floor
New York, New York 10018
Tel: 212.986.4500
Jack Landskroner
jack@lgmlegal.com
Drew Legando
drew@lgmlegal.com
LANDSKRONER – GRIECO – MERRIMAN, LLC
1360 West 9th Street, Suite 200
Cleveland, Ohio 44113
Tel: 216.522.9000
Fax: 216.522.9007

Michael P. Sousa (Admitted *pro hac vice*)
msousa@msousalaw.com
THE LAW OFFICES OF MICHAEL P. SOUSA, APC
3232 Governor Drive, Suite A
San Diego, California 92122
Tel: 858.453.6122

Brant C. Martin
brant.martin@wickphillips.com
WICK PHILLIPS GOULD & MARTIN, LLP
100 Throckmorton Street, Suite 500
Fort Worth, Texas 76102

Tel: 817.332.7788

Douglas J. Campion (Admitted *pro hac vice*)
doug@djcampion.com
LAW OFFICES OF DOUGLAS J. CAMPION, APC
409 Camino Del Rio South, Suite 303
San Diego, California 92108
Tel: 619.299.2091
Fax: 619.858.0034

                                                  **NATIONSTAR MORTGAGE LLC**

Date:  January 22, 2016                    By:  s/ Henry Pietrkowski
                                                     One of Defendant's Attorneys

Henry Pietrkowski
hpietrkowski@reedsmith.com
Timothy R. Carraher
tcarraher@reedsmith.com
REED SMITH LLP
10 South Wacker Drive, 40th Floor
Chicago, Illinois 60606
Tel: 312.207.6549
Fax: 312.207.6400

Raymond Y. Kim
rkim@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, California 90071
Tel: 213.457.8000

## SIGNATURE ATTESTATION

Pursuant to Section IX(C)(2) of the General Order on Electronic Case Filing, I hereby attest that the content of this document is acceptable to all person whose signatures are indicated by a conformed signature (s/) within this e-filed document.

s/ Benjamin H. Richman

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2016, I electronically filed the above and foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

s/ Benjamin H. Richman