IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HEATHER WRIGHT, CAROLE STEWART, JEANETTE CHILDRESS, ROBERT JORDAN, SEAN HALBERT, DANA SKELTON, VANESSA RUGGLES and ROSE SOMERS, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC, a Delaware limited liability company,<br><br>*Defendant*. | Case. No. 14-cv-10457<br><br>Hon. Edmond E. Chang |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO JOHN J. PENTZ'S
MOTION FOR LEAVE TO APPEAR *PRO HAC VICE***

Plaintiffs Heather Wright, Carole Stewart, Jeanette Childress, Robert Jordan, Sean Halbert, Dana Skelton, Vanessa Ruggles, and Rose Somers hereby respond in opposition to the Motion for Leave to Appear *Pro Hac Vice* by John J. Pentz, (dkt. 88). Plaintiffs' counsel understand that motions for leave to appear *pro hac vice* are routinely granted, and they do not oppose such a motion lightly. Nevertheless, they feel compelled to do so in this case in light of Attorney Pentz's apparent inability to satisfy this Court's standards of professional conduct as required to practice before this Court. For the following reasons, Plaintiffs request that the motion be denied:

1. On April 4, 2016, Attorney Pentz filed an objection on behalf of his mother, Connie Pentz, in this action. (Dkt. 80.) At the time of filing, Attorney Pentz was not a member of the bar of this Court. After filing his objection, on April 6, 2016, he filed a motion for leave to appear *pro hac vice*. (Dkt. 88.)

1

2. Only attorneys admitted to this Court, either to the general bar or *pro hac vice*, "may enter appearance of parties, file pleadings, motions or other documents, sign stipulations or receive payments upon judgments, decrees or orders." Local Rule 83.12; Local Rule 83.14. All attorneys who practice before this Court agree to adhere to the Rules of Professional Conduct for the Northern District of Illinois, which are in accord with the ABA's Model Rules. Local Rule 83.50. Those rules impose, among other duties, a duty of candor to the tribunal. ABA Model R. Prof'l Conduct 3.3.

3. When an attorney files documents in a case before a court where he is not admitted to practice, he has engaged in the unauthorized practice of law and denial of a subsequent application for *pro hac vice* admission is warranted. *See, e.g.*, *In Re Netflix Privacy Litig.*, No. 5:11-cv-00379, dkt. 341 (N.D. Cal. March 5, 2014) (denying objectors' attorney's *pro hac vice* application where applicant had filed documents in the case without being admitted); *Ramirez v. England*, 320 F. Supp. 2d 368 (D. Md. 2004) (denying application for admission *pro hac vice* where applicant engaged in unauthorized practice of law by filing complaints in jurisdictions prior to being admitted to practice there); *Pease v. Burns*, 679 F. Supp. 2d 161 (D. Mass. 2010) (denying application for admission *pro hac vice* in Massachusetts case where out-of-state attorney engaged in unauthorized practice of law in Massachusetts).

4. In his pending application, Attorney Pentz declared under penalty of perjury that he has not filed a *pro hac vice* application in this Court in the past year. (Dkt. 88.) However, he *has* filed documents in at least two other cases in this District—including as recently as last week—where he has neither sought *pro hac vice* admission nor filed an appearance. *See Gehrich v. Chase Bank, USA, N.A.*, No. 1:12-cv-05510, dkts. 143, 192, 221, 256 (N.D. Ill.); *In Re Capital One Telephone Consumer Protection Act Litig.*, No. 1:12-cv-10064, dkt. 195 (N.D. Ill.). It

appears that Attorney Pentz has treated the admissions requirements of other jurisdictions in a similarly cavalier manner. *See, e.g.*, Plaintiffs' Response and Memorandum of Law in Opposition to Motion to Appear Pro Hac Vice *Nunc Pro Tunc*, *Fresco v. R.L. Polk & Co.*, No. 0:07-cv-60695, dkt. 144 (S.D. Fla.) (motion opposing Attorney Pentz's *pro hac vice* application and noting that he appeared at a hearing before being admitted). Not only do Attorney Pentz's actions lack the candor required by the Rules of Professional Conduct, but they also constitute the unauthorized practice of law.

5.  In addition, Attorney Pentz is a known "serial objector" who has been ordered to post appeal bonds on multiple occasions as a result of his "bad faith" and "vexatious conduct." *In re Initial Pub. Offering Sec. Litig.*, 721 F. Supp. 2d 210, 214 (S.D.N.Y. 2010), *opinion clarified,* No. 21 MC 92 SAS, 2010 WL 5186791 (S.D.N.Y. July 20, 2010); *see also In re Wal-Mart Wage & Hour Employment Practices Litig.*, No. 2:06CV00225-PMPPAL, 2010 WL 786513, at *2 (D. Nev. Mar. 8, 2010) (holding that Attorney Pentz filed a "frivolous" appeal on behalf of his clients and ordering a total of $1 million in bonds); *Barnes v. Fleetboston Fin. Corp.*, No. CA 01-10395-NG, 2006 WL 6916834, at *2 (D. Mass. Aug. 22, 2006) (noting that Attorney Pentz is a "professional objector[]" and requiring his mother-in-law, whom he represented, to post an appeal bond); *In re Compact Disc Minimum Advertised Price Antitrust Litig.*, No. MDL 1361, 2003 WL 22417252, at *2 (D. Me. Oct. 7, 2003) (noting that Attorney Pentz "appears to be a repeat objector" and requiring his wife, whom he represented, to post an appeal bond).

6.  Attorney Pentz omitted important and relevant information from a document that he attested to under penalty of perjury, engaged in the unauthorized practice of law, and has shown a pattern of frivolous court filings dating back more than a decade. He has shown himself

to be unable to comply with the local rules of this Court and the ethics standards required of an attorney. He should not be permitted to appear *pro hac vice* in this case.

**WHEREFORE**, Plaintiffs Heather Wright, Carole Stewart, Jeanette Childress, Robert Jordan, Sean Halbert, Dana Skelton, Vanessa Ruggles, and Rose Somers respectfully request that the Court deny Attorney Pentz's Motion for Leave to Appear *Pro Hac Vice*, and award such other relief as this Court deems reasonable and just.

Respectfully submitted,

**HEATHER WRIGHT, CAROLE STEWART, JEANETTE CHILDRESS, ROBERT JORDAN, SEAN HALBERT, DANA SKELTON, VANESSA RUGGLES** and **ROSE SOMERS**, on behalf of all others similarly situated,

Dated: April 7, 2016

By: s/ Rafey S. Balabanian
    One of Plaintiffs' Attorneys

Jay Edelson
jedelson@edelson.com
Rafey S. Balabanian
rbalabanian@edelson.com
Benjamin H. Richman
brichman@edelson.com
J. Dominick Larry
nlarry@edelson.com
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Paul O. Paradis (Admitted *pro hac vice*)
Gina M. Tufaro (Admitted *pro hac vice*)
PARADIS LAW GROUP, PLLC
570 Seventh Avenue, 20th Floor
New York, NY 10018
Tel: 212.986.4500
Fax: 212.986.4501

Jack Landskroner (Admitted *pro hac vice*)
LANDSKRONER GRIECO MERRIMAN LLC
1360 West 9th Street, Suite 200
Cleveland, Ohio 44113
Tel: 216.522.9000
Fax: 216.522.9007

Brant C. Martin (Admitted *pro hac vice*)
WICK PHILLIPS GOULD & MARTIN, LLP
100 Throckmorton Street, Suite 500
Fort Worth, Texas 76102
Tel: 817.332.7788
Fax: 817.332.7789

Michael P. Sousa (Admitted *pro hac vice*)
sousam@sbcglobal.net
LAW OFFICES OF MICHAEL P. SOUSA, APC
3232 Governor Dr., Suite A
San Diego, CA 92122
Tel: 858.453.6122, ext. 15

Douglas J. Campion (Admitted *pro hac vice*)
doug@djcampion.com
Law Offices of Douglas J. Campion, APC
17150 Via Del Campo, Suite 1000
San Diego, CA 92127
Tel: 619.299.2901
Fax: 619.858.0034

5

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 7, 2016, I served the above and foregoing by causing a true and accurate copy of such paper to be filed and transmitted to all counsel of record via the Court's CM/ECF electronic filing system.

                                                                                    s/ Rafey S. Balabanian