

## U.S. DISTRICT COURT FOR THE NORTHERN
## DISTRICT OF ILLINOIS

**FILED**

APR 07 2016

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**HEATHER WRIGHT, et al**
**Plaintiff,**

VS.  Civil Action No.: 14-cv-10457

**NATIONSTAR MORTGAGE LLC**
**Defendant**

### DEFENDANT'S AFFIDAVIT IN OPPOSITION TO PLAINTIFF'S
### NATIONSTAR CALL SETTLEMENT

Plaintiff, **DERRICK W. MACON,** *Pro Se*, moves this Court for an Order denying approval of the amount in this settlement Case No. 14-cv-10457, and would show:

1. I, **Derrick W. Macon**, am the homeowner in this foreclosure settlement.

2. I, the Plaintiff, have personal knowledge of the facts contained in this affidavit.

3. Plaintiff alleges that Nationstar Mortgage LLC (Nationstar) made automated, artificial, or prerecorded calls about mortgage loans to consumers' cell phones without consent.

4. Plaintiff files this Motion for OPPOSITION TO PLAINTIFF'S NATIONSTAR CALL SETTLEMENT, disagreeing with and objecting to the inadequate amount of monetary compensation addressed in the settlement.

5. Plaintiff suffered a financial and economic loss above the terms offered by Nationstar

6. The Defendant, Nationstar, files this foreclosure action alleging to the Court that it held the note and the mortgage and that it also owned the subject note on December 20, 2012.

7. However, the Defendant has failed to file any assignment of my mortgage and note or any other documents that establish that the Defendant actually owed my mortgage or my note on December 20, 2012, the date this foreclosure action was filed.

8. The Defendant did not own Plaintiff's mortgage or promissory note on the date this action was filed. The Defendant was not appointed Trustee or Substitute Trustee on December 20, 2012, the date this action was filed. Cause for dismissal of this foreclosure resides in residential property foreclosure procedure, Maryland section 7-105.1.

9. The lack of a timely assignment that predates the commencement of this foreclosure action renders the Defendant's award of subject property fatally defective and leaves this court without subject matter jurisdiction.

10. The Defendant in this foreclosure action on December 20, 2012, is not a person authorized by Recontrust Company (the lender) to take title on its behalf, and the servicer (Nationstar) did not have a right to immediate possession of the collateral property upon default in the terms of the foreclosed security instrument.

11. Recontrust Company did not have an agreement to have Nationstar as the servicer or Trustee of this deed on December 20, 2012.

12. Bank of America was the Trustee of the deed for Recontrust Company until January 3, 2013.

13. All telephone calls placed by Nationstar to Plaintiff prior to the transfer of service from Bank of America on January 3, 2013 constitutes fraud.

14. Bank of America is the lender named on my mortgage and promissory note. There is no effective transfer or assignment of my note or my mortgage in the court file or presented to the court of Defendant's Deed on December 20, 2012.

15. The promissory note and the mortgage as filed by the Defendant in this case, establishes that the owner of my note on December 20, 2012, was Recontrust Company, and serviced by **Bank of America** emphasis added.

16. As a result, the Defendant could not and did not have standing and was not the real party in interest in this foreclosure action on December 20, 2012.

17. Plaintiff has been denied his right to due process by not receiving an explanation or answer for the actions of Nationstar sending automated, prerecorded or artificial voice calls.

18. Defendant did not show good cause or an answer to establish an ownership interest in the property in which they were telephoning without consent.

19. Defendant was required to mail a copy of its ownership interest to the Plaintiff.

20. Plaintiff specifically dispute that he owes or is in any way obligated to pay Defendant for any of the foreclosure related fees and charges that the Defendant has unilaterally added to the balance of his loan.

21. Plaintiff disputes that the Defendant has acted in good faith or that the Defendant has dealt fairly with him in servicing his mortgage loan.

22. Plaintiff disputes that the Defendant comes into this court in good faith because the Defendant's own documents and letters show that the Defendant has failed to follow or comply with the requirements of 7-105.1.

23. Plaintiff has been damaged by the Defendant financially by wrongfully inflating and accelerating amounts added into the balance of his mortgage, which the Defendant has been charging interest on.

24. Plaintiff has also sustained damage to his credit and is very anxious and upset about being sued by the Defendant with foreclosure and the loss of his home.

25. Plaintiff does not owe for any of the charges added onto his mortgage loan balance as a result of this foreclosure, which should have never been filed.

26. Plaintiff did not owe and should not have to pay for any lawyer fees which the Defendant now claims are due and disputes all of these charges as illegal and unreasonable, not documented or in accordance with his mortgage loan.

27. Plaintiff filed a motion to stay or dismiss under MD Rules 14-211 submitting that he has a valid defense on why the lender does not have the right to foreclose on his home.

28. Cause for dismissal of this foreclosure resides in residential property foreclosure procedure, Maryland section 7-105.1.

29. Plaintiff filed written exceptions that describe an alleged "irregularity with particularity," Maryland Rule 14-305(d)

30. Defendant has failed to show an ownership interest, in the property; required by the legislature pursuant to MD. ANN. CODE, REAL PROP. 7-105.1

31. Nationstar has filed incomplete and incorrect and affidavits with their deeds of trust and the documents transferring the deeds of trust from one bank to another.

32. Plaintiff challenges the chain of title of the deed of trust pursuant to Maryland Rule 14-211 to stop the sale and dismiss the foreclosure action.

33. Maryland law requires that your present servicer send you the **Notice of Assignment, Sale, or Transfer of Servicing Rights,** at least 15 days before the effective date of transfer. The new servicer must also send you this notice no later than 15 days after the effective date of transfer or at closing. Under Maryland Law, Nationstar, the new servicer did not fulfill their obligations.

34. Maryland law requires "the secured party" to notify both the mortgagor and the record owner of its intent to foreclose a mortgage on residential property at least forty-five days before filing the foreclosure action in state court. Md. Code Ann., Real Prop. 7-105. (c)(1). The notice, known as Notice of Intent to Foreclose ("NOITF"), must include, among other information, the name and telephone number of the secured party, **the mortgage servicer, and agent of the secured party authorized to modify the terms of the mortgage.** *Id* 7-105. (c)(4)(ii). Plaintiff acknowledges that he received two separate NOITF from both Nationstar and Bank of America attorney more than forty-five days before BOA filed its foreclosure action, but he claims that the NOITF was deficient because it did not include the name and address of Bank of America which he alleges to be the servicer of his mortgage until January 3, 2013.

35. Plaintiff files a motion to vacate the sale and dismiss the foreclosure proceedings in which he requests among other things, that the sale of the subject property be stayed and that Nationstar Mortgage be required to produced certain documentation. Specifically, Plaintiff argues that he was not indebted to Nationstar, as Trustee because it did not own the

4

promissory note and did not have authority to appoint Defendant as substitute trustees and, as a result, Defendant lacked standing to foreclose on his property.

36. According to Plaintiff, Nationstar failed to establish the identity of the true owner and holder of the promissory note as well as a valid chain of title transferring ownership of the loan from the original lender to Nationstar Mortgage Corp. as Trustee.

37. Plaintiff argues that the assignment of the deed of trust from Bank of America to Nationstar, as Trustee, which was filed among the land records of Prince George's County on February 26, 2013, was not valid and that Nationstar, as Trustee was not the secured party at the time the NOITF was filed on December 20, 2012.

38. Plaintiff requests the court to require Nationstar to produce the original promissory note, a full accounting of money paid and received on account and proof that Nationstar, as Trustee had an ownership interest.

39. The Plaintiff was unaware who to make the payments to because of a lack of knowledge as to who the proper party was. As stated in the NOITF document dated September 25, 2012, "Never make your mortgage payments to anyone other than Bank of America, N.A. without our approval."

### ASSIGNMENT OF THE DEED OF TRUST

40. The Deed of Trust was transferred from Bank of America to Nationstar after the commencement of the foreclosure proceeding and the recording of the assignment. Maryland law makes clear that once in *Le Brun v. Prosise,* 197 Md. 466, 474-75 (1951), explained the legal effect of an assignment of a deed of trust:

This deed of trust secures a negotiable note, whoever may be the holder. The deed of trust need not and properly speaking cannot be assigned like a mortgage *cf. Jones on Mortgages 1222; Glenn on Mortgages, 388,* but the note can be transferred freely, and, when transferred, carries with it the security, if any, of the deed of trust, which was true of a mortgage note before the Act of 1892, ch. 392, amended by Acts of 1910, ch. 719, now section 26. *Demuth v. Old Town Bank,* 85 Md. 315, 37 A. 266. "The note and the mortgage are inseparable; the former as essential, the latter as an incident. An assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity."

41. Thus the assignment of the deed of trust from Recontrust Company (original Trustee) Nationstar Mortgage as Trustee, executed on January 3, 2013, and filed in the circuit court on February 26, 2013, is of consequence with respect to Nationstars' right to initiate the foreclosure proceeding.
42. Defendant (Nationstar) told Plaintiff that he owed more than he really did.
43. Defendant failed to let Plaintiff reinstate a mortgage within a certain period of time by getting current on the mortgage payments, including costs, attorneys' fees, and interest.
44. Defendant violated Real Estate Settlement Procedures Act (RESPA).
45. Defendant cannot report to a credit bureau as overdue any payment relating to Plaintiff's qualified written request to Bank of America dated June 14, 2012.
46. Plaintiff requests that this Honorable Court take judicial notice of the aforementioned facts now part of the public record and related to the pattern of omissions and incorrect factual assertions in this matter.
47. In failing to send a correct and complete NOITF before the commencement of the action, Nationstar failed to meet a mandatory condition precedent to the filing of their foreclosure action and thereby improperly acquired the jurisdiction of the lower court in contravention of MD. CODE ANN., REAL PROP., 7-105.1. (EMPHASIS ADDED). [1]
48. Plaintiff presents these relevant issues before the Court.
    a. a statute requiring that Notice of Intent to Foreclose be sent to the borrower by certified and first class mail 45 days prior to the filing of an Order to Docket in a foreclosure action and that the sending of the Notice be a prerequisite to filing any foreclosure action in Maryland.
    b. "[e]nact a criminal mortgage fraud statute that would apply to all possible players involved in mortgage transactions
    c. misrepresentations in the mortgage lending process (which includes the servicing of a mortgage loan in Maryland). Compare *Stovall v. SunTrust Mortg., Inc.,* CIV.A. RDB-10-2836, 2011 WL 4402680, FN 2 (D. Md. Sept 20, 2011)

------------------

[1] *See Price v. State*, 378 Md. 378, 387, 835 A.2d 1221, 1226 (2003) (noting "[a] court may neither add nor delete language so as to reflect an intent not evidenced in the plain and un ambiguous language of the statute; nor may it construe the statute with forced or subtle interpretations that limit or extend its application"). *See also Addison v. Lockhearn Nursing Home, LLC,* 983 A.2d 138, 153 (Md. 2009) (we "first look [] to the normal, plain meaning of the language of the statue, reading the statue as a whole to ensure that no word, clause, sentence or phrase is rendered surplusage, meaningless or nugatory")(internal quotations and citation omitted).

6

49. Defendant did not provide the name and telephone number of the mortgage servicer authorized to modify the terms of the mortgage loan in its NOITF on December 20, 2012.
50. **Bank of America** was not identified as the secured party on the NOITF on December 20, 2012, and this was the basis for which the court improperly acquired the jurisdiction to commence this foreclosure action.
51. For all of these reasons, the scheduled foreclosure sale should be dismissed.

## CONCLUSION

52. Plaintiff has provided evidence that he is in compliance in making service of process with the Court in accordance with the Maryland rules.
53. Wherefore Plaintiff respectfully requests relief in accordance with the foregoing OPPOSITION TO PLAINTIFF'S NATIONSTAR CALL SETTLEMENT.
54. Respectfully, requests this Court to reverse the legal error of the circuit court by ignoring the mandatory requirements established by the Legislature before commencing a foreclosure action in the State of Maryland.
55. For the foregoing reasons, Plaintiff requests this Honorable Court to award punitive damages with instructions to make Plaintiff whole for economic losses resulting from this settlement.

The undersigned solemnly affirms under the penalty of perjury that the contents of the foregoing Defendant's Affidavit in Opposition to Plaintiff's Nationstar Call Settlement is true and correct to the best of the undersigned's knowledge, information and belief.

Respectfully submitted,

**DERRICK WAYNE MACON**
Plaintiff *Pro Se*
12401 Weldon Manor Lane
Upper Marlboro, MD 20772
(301) 627-2244

April 4, 2016

7

**U.S. DISTRICT COURT FOR THE NORTHERN**
**DISTRICT OF ILLINOIS**

**HEATHER WRIGHT, et al**
    **Plaintiff,**

    **VS.**                                                Civil Action No.: 14-cv-10457

**NATIONSTAR MORTGAGE LLC**
    **Defendant**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 4th day of April, 2016, I placed a true and correct copy of the foregoing **DEFENDANT'S AFFIDAVIT IN OPPOSITION TO PLAINTIFF'S NATIONSTAR CALL SETTLEMENT** in the United States Mail in Upper Marlboro, Maryland, with first-class postage prepaid, addressed to the following:

Abraham Coleman
Defense Counsel
355 S. Grant Avenue, Suite 2900
Los Angeles, CA 90071

Class Action Counsel
Wright et al v. Nationstar
350 N. LaSalle Street
Chicago, IL 60654

                                                  */s/ Derrick W. Macon*
                                                  **DERRICK WAYNE MACON**
                                                  Defendant *Pro Se*
                                                  12401 Weldon Manor Lane
                                                  Upper Marlboro, MD 20772
                                                  (301)627-2244