UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HEATHER WRIGHT, CAROLE STEWART, JEANETTE CHILDRESS, ROBERT JORDAN SEAN HALBERT, DANA SKELTON VANESSA RUGGLES and ROSE SOMERS, individually and on behalf of all others similarly situated,<br>　　　　　　　Plaintiffs,<br>v.<br><br>NATIONSTAR MORTGAGE LLC,<br>　　　　　　　Defendant. | Case No. 14-cv-10457<br><br>Hon. Edmond E. Chang |

## REPLY TO MOTION FOR LEAVE TO APPEAR *PRO HAC VICE*

Now comes John J. Pentz and files this Reply to the Opposition of Plaintiffs to his Motion for Leave to Appear Pro Hac Vice.[1]

### I. Class Counsel's Sur-Reply is Based on Self-Serving Characterizations Contained in Their Own Refuted Letters.

Plaintiffs' Sur-Reply is based solely on citations to the Balabanian Declaration, which consists of nothing more than the correspondence exchanged between Class Counsel and Mr. Pentz in an effort to narrow discovery issues. Plaintiffs make outrageous mischaracterizations of the nature of their conversations with Mr. Pentz, based entirely on inference and innuendo. For example, they state that Mr. Pentz "all but admitted that he filed his mother's objection in order to obtain a personal financial payout," but Plaintiffs clearly interpret denial as "all but admitting." Clearly, Mr. Pentz

---

[1] Mr. Pentz moves for leave to file this Reply late, and apologizes to the Court for his failure to timely file this Reply. Mr. Pentz is not receiving ECF notices from the Court, and had no notice of the Court's order. Notably, Class Counsel did not bring the Order to Mr. Pentz's attention in their letters .

admitted no such thing, or else Class Counsel would have said so, instead of their equivocal "all but admitted."

The fact is that it is not improper in this Circuit to seek a fee for a successful objection, as Judge Posner stated in *Eubank v. Pella Corp.*, 753 F.3d 718, 720 (7th Cir. 2014):

> Enter the objectors. Members of the class who smell a rat can object to approval of the settlement. See, e.g., Reynolds v. Beneficial National Bank, supra, 288 F.3d at 287-88; [**9] Edward Brunet, "Class Action Objectors: Extortionist Free Riders or Fairness Guarantors," 2003 U. Chi. Legal F. 403, 411-12. If their objections persuade the judge to disapprove it, and as a consequence a settlement more favorable to the class is negotiated and approved, the objectors will receive a cash award that can be substantial, as in In re Trans Union Corp. Privacy Litigation, 629 F.3d 741 (7th Cir. 2011).

What is improper is to do what attorney Gryzmala did here – attempt to extract a fee without attempting to improve the settlement for the class, or even filing an objection.

Furthermore, contrary to Mr. Balabanian's gratuitous suggestion, Mr. Pentz does not assume that his mother's objection will carry no weight. Mr. Pentz fully expects that this Court will follow the Seventh Circuit fee law and limit Class Counsel's fees to no more than the *Synthroid* and *Capital One* market rates, after consideration of the lodestar. Apart from the excessive fee request, Mrs. Pentz does not object to the settlement, and therefore Class Counsel's statement that he assumes final approval would be granted is not even relevant to her objection.

I clearly stated to Class Counsel that the only basis for the recovery of any fees by me in this case is Rule 23(h), and I have not hesitated to submit a fee petition to district courts when my client's objections have conferred a benefit on the class. *See, e.g., Rodriguez v. Disner*, 688 F.3d 645 (9th Cir. 2012); *Park v. Thomson Corp.*, 633 F. Supp.

2d 8 (S.D.N.Y. 2009). I made it very clear to Plaintiffs that the only request for fees I would make is to the Court, and only for benefits that my client's objection had conferred upon the class.

With regard to my prior participation in the Capital One and Chase TCPA cases in the Northern District of Illinois, Capital One was an MDL case, and the *pro hac vice* requirements there were waived by Judge Bucklo, consistent with the rules of the JPML (lawyers admitted to practice in any district court are permitted to practice in MDL without need for motion or local counsel). Mr. Pentz mistakenly assumed that the Chase TCPA case was also an MDL, and therefore did not move for *pro hac vice* admission or pay the $50 fee. Mr. Pentz is willing to retroactively pay the fee for his participation in the Chase case, which is currently on appeal.

Respectfully submitted,

*/s/ John J Pentz*
John J. Pentz
19 Widow Rites Lane
Sudbury, MA 01776
Phone: (978) 261-5725
jjpentz3@gmail.com

3

## CERTIFICATE OF SERVICE

       The undersigned hereby certifies that the foregoing document was filed via the ECF filing system of the USDC for the ND IL on April 22, 2016, and that as a result electronic notice of the filing was served upon all attorneys of record.

                                              */s/ John J. Pentz*
                                              John J. Pentz