IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HEATHER WRIGHT, CAROLE STEWART, JEANETTE CHILDRESS, ROBERT JORDAN, SEAN HALBERT, DANA SKELTON, VANESSA RUGGLES and ROSE SOMERS, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC, a Delaware limited liability company,<br><br>*Defendant*. | Case. No. 14-cv-10457<br><br>Hon. Edmond E. Chang |

**PLAINTIFFS' SUPPLEMENT TO THEIR SUR-REPLY TO
ATTORNEY PENTZ'S MOTION FOR LEAVE TO APPEAR *PRO HAC VICE***

Attorney John Pentz ("Pentz") was ordered by the Court to file a reply in support of his application to appear *pro hac vice* by April 11, 2016. Pentz blew the deadline and rather than live with that reality, he decided to file a late reply, on April 22, 2015, which ignores the behavior he's displayed in this case, includes several objectively false statements regarding this and other matters, and attempts to place the blame for the untimely filing on Class Counsel for supposedly not making him aware of the deadline. (Dkt. 100.) To address those issues, Plaintiffs respectfully submit the following supplement to their previously filed sur-reply in opposition to Pentz's motion for leave to appear *pro hac vice* (dkt. 98):

    1.    Pentz attempts to fault Class Counsel for the untimely filing of his reply, claiming that he had no notice of the Court's order and that "Class Counsel did not bring the Order to [his] attention in their letters." (Dkt. 100 at 1 n. 1.) Pentz has no one to blame but himself. As he admitted in his communications with Class Counsel and in his reply brief, Pentz has actively

1

monitored the docket in this case. (*See* dkt. 98-1, Ex. 1-B; dkt. 100 at 2 (noting Pentz's review of the conduct of counsel for Objector Fischer).) He offers no explanation as to why he would have been unable to similarly access and review the Court's Order in this context. Of course, he could have.

2. Moreover, as an attorney representing a participant in this case, Pentz has a "duty to ensure he receive[s] proper notice from the clerk's office, whether through electronic or other means," and his failure to comply with Court-imposed deadlines is "not excused by any problems he may have had with the court's electronic filing system." *Sebastiano v. Swift Transp. Co.*, No. 08 C 2074, 2009 WL 277552, at *2 (N.D. Ill. Feb. 5, 2009).

3. Second, Pentz claims that he was not required to file a *pro hac vice* application in the *In re Capital One* case because "it was an MDL case, and the *pro hac vice* requirements there were waived by Judge Bucklo, consistent with the rules of the JPML…." (*See* Dkt. 100 at 3.) That statement is false on several levels:

    (a)    Judge Holderman (ret.)—not Judge Bucklo—was the presiding judge in *In re Capital One* on October 24, 2014, when Pentz first submitted his client's objection to the settlement. *In re Capital One*, No. 12-cv-10064, dkt. 195 (N.D. Ill.). Pentz did not file an appearance or seek *pro hac vice* admission at the time of filing or at any other point in the case.[1]

    (b)    There is no indication on the *In re Capital One* docket that either Judge Holderman or Judge Bucklo issued an order waiving any *pro hac vice* requirements.

    (c)    The JPML's stated rules for admission in that MDL make clear that while *pro hac vice* requirements were waived *for attorneys who had filed an appearance in a transferor court*, other attorneys were only excused from the fee and local counsel requirements.[2]

---

[1]     The case was not transferred to Judge Bucklo until six months later. *In re Capital One*, dkt. 403 (April 24, 2015).

[2]     *See* MDL 2416, Frequently Asked Questions, "Do I need to file a motion in the Northern District of Illinois to appear pro hac vice or do I need to associate local counsel?" http://www.ilnd.uscourts.gov/mdl-details.aspx?NJtobMcq3xFbXsKWm4wHXQ==.

   (d)  Pentz did not file an appearance in a transferor court and thus, was still required to file a *pro hac vice* application in this District. He did not do so nor did he otherwise alert the court to his participation in the case.

  4.  Finally, setting aside his false statements regarding the *In re Capital One* case, Pentz does not address or attempt to explain his unauthorized practice of law in the many other cases and jurisdictions previously identified by Plaintiffs. (*See* dkt. 90 ¶ 4; dkt. 98 at 4; dkt 98-1 Ex. 1-A and 1-B.)

  5.  For these reasons and as explained in their prior briefing, Plaintiffs respectfully request that Pentz's Motion to Appear *Pro Hac Vice* be denied and the objection filed on behalf of his mother be stricken.

             Respectfully submitted,

             **HEATHER WRIGHT, CAROLE STEWART, JEANETTE CHILDRESS, ROBERT JORDAN, SEAN HALBERT, DANA SKELTON, VANESSA RUGGLES** and **ROSE SOMERS**, on behalf of all others similarly situated,

Dated: April 25, 2016      By: /s/ Rafey S. Balabanian
               One of Plaintiffs' Attorneys

             Jay Edelson
             jedelson@edelson.com
             Rafey S. Balabanian
             rbalabanian@edelson.com
             Benjamin H. Richman
             brichman@edelson.com
             J. Dominick Larry
             nlarry@edelson.com
             EDELSON PC
             350 North LaSalle Street, 13th Floor
             Chicago, Illinois 60654
             Tel: 312.589.6370
             Fax: 312.589.6378

Paul O. Paradis (Admitted *pro hac vice*)
pparadis@hpplawny.com
Gina M. Tufaro (Admitted *pro hac vice*)
gtufaro@hpplawny.com
PARADIS LAW GROUP, PLLC
570 Seventh Avenue, 20th Floor
New York, New York 10018
Tel: 212.986.4500
Fax: 212.986.4501

*Class Counsel*

Jack Landskroner (Admitted *pro hac vice*)
jack@lgmlegal.com
LANDSKRONER GRIECO MERRIMAN LLC
1360 West 9th Street, Suite 200
Cleveland, Ohio 44113
Tel: 216.522.9000
Fax: 216.522.9007

Brant C. Martin (Admitted *pro hac vice*)
brant.martin@wickphillips.com
WICK PHILLIPS GOULD & MARTIN, LLP
100 Throckmorton Street, Suite 500
Fort Worth, Texas 76102
Tel: 817.332.7788
Fax: 817.332.7789

Michael P. Sousa (Admitted *pro hac vice*)
sousam@sbcglobal.net
LAW OFFICES OF MICHAEL P. SOUSA, APC
3232 Governor Dr., Suite A
San Diego, California 92122
Tel: 858.453.6122, ext. 15

Douglas J. Campion (Admitted *pro hac vice*)
doug@djcampion.com
Law Offices of Douglas J. Campion, APC
17150 Via Del Campo, Suite 1000
San Diego, California 92127
Tel: 619.299.2901
Fax: 619.858.0034

4

## CERTIFICATE OF SERVICE

  I hereby certify that on April 25, 2016, I served the above and foregoing by causing a true and accurate copy of such paper to be filed and transmitted to all counsel of record via the Court's CM/ECF electronic filing system.

                 /s/ Rafey S. Balabanian