UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HEATHER WRIGHT, CAROLE STEWART, JEANETTE CHILDRESS, ROBERT JORDAN SEAN HALBERT, DANA SKELTON VANESSA RUGGLES and ROSE SOMERS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC,<br>Defendant. | Case No. 14-cv-10457<br><br>Hon. Edmond E. Chang |

**OBJECTOR CONNIE PENTZ'S
OPPOSITION TO MOTION FOR LEAVE
TO CONDUCT LIMITED DISCOVERY**

Objector Connie Pentz, by her counsel, hereby opposes Plaintiffs' Motion for Leave to Conduct Limited Discovery for the following reasons.

**I.      Class Counsel's Discovery Far Exceeds the Bounds of What Has Been Permitted in this Circuit and this Court.**

While Class Counsel would like to rely on the favorable portions of Judge Kennelly's ruling on objector discovery in *Kolinek v. Walgreen Co.*, No. 13 C 4806, they conveniently omit any mention of the limits that Judge Kennelly placed on the discovery they requested in that case. They also fail to mention that Mrs. Pentz has already agreed to produce the documents that Judge Kennelly permitted them to request in *Kolinek*. Therefore, with respect to Mrs. Pentz at least, there is no need for any discovery. Class Counsel already have all of the documents that Judge Kennelly required the objectors to produce in *Kolinek*.

Prior to their meet and confer, Plaintiffs sent to Mr. Pentz a list of the documents they intended to seek in discovery. *See Exhibit A*. During the April 8, 2016 telephone call, Mr. Pentz informed Class Counsel that there are no responsive documents to most of their requests. There is no retainer agreement, no other attorneys were involved in Mrs. Pentz's objections, there are no fee sharing agreements[1], and there are no written communications between Mr. Pentz and his client. Mr. Pentz also offered to send Class Counsel copies of all objections to class action settlements that Mrs. Pentz has filed during the past five years, a very sensible limit that Judge Kennelly imposed on Class Counsel's open-ended, unlimited request for prior objections in *Kolinek*. See Exhibit 7 to Balabanian Declaration at p. 20 ("I don't think it's overly broad if it goes back to 2010 because it's asking for objections in other cases. I think five years is enough.").

Therefore, there is no need for written discovery from objector Pentz, since Class Counsel either already has all responsive documents, or Mrs. Pentz has agreed to produce the last five years of her objections as soon as Class Counsel agrees not to seek formal discovery that exceeds the scope that was permitted in *Kolinek*. Instead, Class Counsel has elected to clutter the record and burden this Court's time with unnecessary discovery.

With regard to item number 7, loan origination documents, those documents are irrelevant to class membership. Mrs. Pentz is indisputably a class member, since she received a cell phone call from Nationstar, she received individual mailed notice, and Nationstar had her cell phone number in its records as of October 14, 2015. Nothing further is required to establish class membership, pursuant to the Class Notice.

---

[1] Since that April 8, 2016 call, Mrs. Pentz's counsel on April 28, 2016 retained Arthur Howe of Howe Law LLC to serve as local counsel. Mrs. Pentz's counsel will voluntarily provide to Class Counsel the email between Mr. Pentz and Mr. Howe stating that Mr. Howe's portion of the fees shall be the fraction of the fees that his lodestar bears to the overall lodestar and that he will bill his time in this matter at the rate of $500 per hour. There are no other fee sharing agreements.

2

Moreover, as Mr. Pentz informed Class Counsel, Mrs. Pentz never received a loan from Nationstar. Class Counsel now claims that if any of Mrs. Pentz's loan documents authorize the lender to contact her via cellphone, Nationstar *might* have acquired one of those loans and contacted her through constructive consent, despite the fact that *Nationstar is not challenging Mrs. Pentz's claim form or asserting a consent defense in any way*. Class Counsel are actively working *against* the interests of their own clients in an attempt to defeat an objection to their fee request. Indeed, it is notable that it was Class Counsel that was arguing *against* the implied consent defense during the entirety of this case, until their own fees were challenged.[2]

Class Counsel's position with regard to the need for discovery of loan documents also undermines their claim in their Memorandum of Law in Support of Motion For Final Approval of Class Action Settlement that class members may "claim a cash recovery by submission of an easy to complete Claim Form that required only a relatively minimal amount of contact information." Memorandum at p. 29. If claimants were to bear an affirmative duty to disprove Nationstar's implied consent defense in connection with the filing of a claim form, then the claims process is anything but easy or minimal. Class members would be forced to locate and pore through possibly ancient loan documents in a vain effort to disprove something it is Nationstar's burden to establish. This is certainly would be far more burdensome than the simple class process that Class Counsel has described to this Court, namely that class members need only affirm that their cell phone number was called.

---

[2] It is critical to keep in mind that Mrs. Pentz challenges only the excessive 36% fee request. Therefore, her objection can only help the class, by preserving more of the settlement fund for the payment of claims. She does not seek to prevent or delay the settlement in any way. For the same reason, Class Counsel's harassment of her is solely for their own financial benefit, and not that of the Class. The Class will be substantially better off once Mrs. Pentz's objection is upheld, as it was in *Gehrich v. Chase*.

Moreover, even if Mrs. Pentz were to gather all of her various loan documents and produce them, there would be no way of knowing whether Nationstar ever acquired any of them, and if so, which one. Class Counsel intends to request "loan origination documents for the loan about which Mrs. Pentz received the calls at issue," but Mrs. Pentz has no idea which loan, if any, Nationstar acquired. Only Nationstar, if anyone, would be able to determine that, and Nationstar is not contesting Mrs. Pentz's claim (or, to the undersigned's knowledge, any class member's claim). The consent defense has been waived as part of the settlement. Therefore, there is absolutely no purpose to be served by compelling the production of loan origination documents, since they would not affect class membership in any event, which was already established by the fact that Mrs. Pentz's cell phone number appears in Nationstar's records.

**II.     Discovery of Opposing Counsel Was Denied by Judge Kennelly in *Kolinek* and Serves No Useful Purpose in This Case.**

In addition to requesting wholly irrelevant documents from the objector clients, Class Counsel makes an outrageous request for documents from the objectors' counsel, including documents unrelated to this case or the objectors in this case. Judge Kennelly refused to permit this discovery of irrelevant documents from class members' attorneys in *Kolinek*, and this Court should do likewise. Discovery from opposing counsel is extremely rare and highly disfavored. *See, e.g., Lincoln Nat'l. Life Ins. v. TCF Nat'l Bank*, 2011 U.S. Dist. LEXIS 142371 (N.D. Ill. Dec. 12, 2011)(following *Shelton v. Am. Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986)).

In *Shelton*, the Eighth Circuit held that discovery of opposing counsel "has long been discouraged ... disrupts the adversarial system and lowers the standards of the

4

profession ... adds to the already burdensome time and costs of litigation ... and detracts from the quality of client representation." 805 F.3d at 1327. The Eighth Circuit in *Shelton* set out a three-factor test for when discovery of opposing counsel may be permitted, which has been adopted by most other circuits, including the Seventh. The party seeking to take the deposition of opposing counsel must show that "(1) no other means exist to obtain the information...; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Id*.

  Class Counsel has failed to satisfy any of these three factors. First, all of the requested objections are publicly filed documents, and therefore already available through other means. Second, the request for documents that relate to confidential settlements reached on behalf other clients, in other cases, are both irrelevant and privileged. Most are subject to confidentiality agreements that could not be waived without obtaining the consent of all parties thereto, a cumbersome and time-consuming task that has no relevance to the fairness of Class Counsel's fee request *in this case*. Finally, Class Counsel's requests fail to satisfy the third *Shelton* factor since they have failed to demonstrate what relevance any settlement reached on behalf of an unrelated client in another matter could possibly have to do with Mrs. Pentz's objection in this case, let alone demonstrate that such information is "crucial" to their preparation for their fee request.

  The sole issue that Mrs. Pentz's objection raises is the fairness of Class Counsel's request for a 36% attorneys' fee, in the absence of any time records. To the best of undersigned counsel's knowledge, no court in this Circuit has permitted the overbroad discovery sought here by Class Counsel of an objector's counsel, in contrast to limited

5

discovery of an objector him- or herself. There is nothing contained in prior objections filed on behalf of Mr. Pentz's former clients, or, even more remotely, any resolutions of those settlements in other cases, that could possibly have any bearing on the issue of the fairness of Class Counsel's fee request in this case.

## Conclusion

As the Seventh Circuit has repeatedly made clear, "objectors play an essential role in judicial review of proposed settlements of class actions. . . ." *Pearson v. NBTY, Inc.* 772 F.3d 778, 787 (7th Cir. 2014); s*ee also Eubank v. Pella Corp*, 753 F.3d 718, 720-21 (7th Cir. 2014). Judge Posner recently emphasized that the submissions and arguments of objectors are often important to the Court's consideration of class action settlements. In *Redman v. Radioshack Corp.*, 768 F.3d 622 (7th Cir. 2014), Judge Posner stated:

> The judge asked to approve the settlement of a class action is not to assume the passive role that is appropriate when there is genuine adverseness between the parties rather than the conflict of interest recognized and discussed in many previous class action cases, and present in this case. *See, e.g., Eubank v. Pella Corp.*, 753 F.3d 718, 720 (7th Cir. 2014); *Staton v. Boeing Co.*, 327 F.3d 938, 959-61 (9th Cir. 2003); *In re GMC Pick-Up Truck Fuel Tank Products Liability Litigation*, 55 F.3d 768, 801, 819-20 (3d. Cir. 1995). Critically the judge must assess the value of the settlement to the class and the reasonableness of the agreed-upon attorneys' fees for class counsel, bearing in mind that the higher the fees the less compensation will be received by the class members. When there are objecting class members, the judge's task is eased because he or she has the benefit of an adversary process: objectors versus settlors (that is, versus class counsel and the defendant).

*Id*. at 629.

Even more recently Seventh Circuit reaffirmed its view on class action settlements and large attorneys' fees awards to class counsel in holding that:

> Almost all class actions are settled, and as we've noted in recent cases a class action settlement may be the product of tacit collusion between class counsel and defendant. *See, e.g., Pearson v. NBTY, Inc.*, 772 F.3d 778, 786-87 (7th Cir. 2014); *Redman v. Radioshack Corp.*, 768 F.3d 622, 629 (7th Cir. 2014); *Eubank v. Pella*

6

> *Corp.*, 753 F.3d 718, 720 (7th Cir. 2014). The reason is that the optimal settlement for these antagonists is one that awards large attorneys' fees to class counsel but modest damages to the class members, for then the overall cost of the settlement to the defendant is capped at a relatively modest level while the class counsel receive generous attorneys' fees.

*CE Design Ltd. v. King Supply Co.*, 2015 U.S. App. LEXIS 11117, at 7-8 (7th Cir. June 29, 2015). *See also*, *Redman*, 768 F.3d at 629 (noting that class counsel is "interested primarily in the size of the attorneys' fees provided for in the settlement.").

Allowing class counsel to serve burdensome discovery requests upon objecting class members and objector's counsel would chill the willingness of class members to exercise their right to object to unfair settlements, especially where, as here, there is nothing relevant to be gained from such discovery. Therefore, Mrs. Pentz respectfully prays that this Court deny Class Counsel's requested discovery and grant such other and further relief that justice may require.

Respectfully submitted,
Connie Pentz, by her attorneys,

*/s/ Arthur J. Howe*
Arthur J. Howe
Howe Law LLC
155 N Wacker Dr Ste 4250
Chicago, IL 60606
Phone: (312) 600-8336
howe@howe-llc.com

*/s/ John J Pentz*
John J. Pentz, pro hac vice application pending
19 Widow Rites Lane
Sudbury, MA 01776
Phone: (978) 261-5725
jjpentz3@gmail.com

7

**CERTIFICATE OF SERVICE**

      I certify that on April 29, 2016, I electronically filed a true copy of the foregoing document with the Clerk of the Court by using the CM/ECF system and that the foregoing document is being served this day, via transmission of Notices of Electronic Filing generated by CM/ECF, upon all counsel who are registered CM/ECF users.

                                         */s/ Arthur J. Howe*