## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| HEATHER WRIGHT, CAROLE STEWART, | ) | |
| JEANETTE CHILDRESS, ROBERT JORDAN, | ) | |
| SEAN HALBERT, DANA SKELTON, | ) | |
| VANESSA RUGGLES and ROSE SOMERS, | ) | |
| individually and on behalf of all others similarly | ) | |
| situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 14-cv-10457 |
| | ) | |
| NATIONSTAR MORTGAGE LLC, a | ) | Honorable Edmond E. Chang |
| Delaware limited liability company, | ) | |
| | ) | |
| Defendant. | ) | |

---

## MEMORANDUM OF AMY JO MITCHELL IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO CONDUCT OBJECTOR DISCOVERY [Doc. 99]

---

**NOW COMES** Class member, Amy Jo Mitchell  ("Ms. Mitchell"), by and through her undersigned counsel, and respectfully submits her Memorandum in Opposition to Plaintiffs' Motion for Leave to Conduct Limited Discovery [Doc. 99]:

<div style="margin-left:40%">

W. Allen McDonald
LACY, PRICE & WAGNER
249 N. Peters Road, Suite 101
Knoxville, TN 379234917
Tel: 865-246-0800

*Counsel for Amy Jo Mitchell*

</div>

Dated: May 2, 2016

## TABLE OF CONTENTS

I.      PRELIMINARY STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     PERTINENT FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

III.    STANDARD OF REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

IV.     THE ROLE OF OBJECTORS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

V.      ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

        A.      Class Counsel's Discovery Levies a Tax on Class Members for Objecting. . . . . . 7

        B.      Plaintiffs and Class Counsel Have Failed to Demonstrate That the Discovery
                They Seek Is Proportional To Its Utility. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

                1.      Class Counsel's requested discovery seeks irrelevant and
                        disproportional information that has little or no bearing on
                        whether the settlement is fair or the fee is reasonable. . . . . . . . . . . . . . . 10

                2.      The motives of an objector or her counsel are not relevant to
                        the merits of an objection, the fairness or adequacy of a
                        proposed settlement, or the reasonableness of a requested
                        attorneys' fee. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

                3.      The discovery sought by Class Counsel is also overbroad. . . . . . . . . . . 15

VI.     CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

## I. PRELIMINARY STATEMENT

Amy Jo Mitchell ("Ms. Mitchell") timely objected to the parties' proposed settlement and met every Court-approved requirement, *i.e.*, timely filing and serving her objection, listing requisite personal data, signing a declaration under penalty of perjury, analyzing the legal and factual basis for her arguments, and providing a statement regarding appearing at the fairness hearing. Her objections were clear and unambiguous. [Doc. 83]. Plaintiffs seek leave to conduct what they inaccurately depict as "limited discovery." [Doc. 99]. In truth, Class Counsel seek overbroad, wide-ranging, unnecessary, and irrelevant discovery, none of which have any bearing on the issues of fairness of the proposed settlement or the reasonableness of Class Counsel's requested attorneys' fee.

Depicting Ms. Mitchell's submission as a bad faith, nuisance objection, Class Counsel ask the Court to sanction a fishing expedition and permit them to delve into Ms. Mitchell and her counsel's "true motivations and the ultimate propriety of their objections." [*Id*. at Page ID#: 1160].

While time and pages could be devoted to responding to Class Counsel's invective, the fact is that Ms. Mitchell and Mr. McDonald's "motives" or "backgrounds," whatever they may be, have little, if any, bearing on the paramount issues facing the Court, *i.e.*, the fairness of the proposed settlement and reasonableness of Class Counsel's fee. Notably, the irrelevance and overbroad nature of Class Counsel's discovery requests might be best illustrated by Judge Feinerman's comments in a recent hearing in *Douglas v. The Western Union Co.*, No. 14-C-1741 (N.D. Ill. Mar. 10, 2016), wherein plaintiffs' lawyers sought discovery from objecting class members and their lawyers concerning their motives and backgrounds. Judge Feinerman was, to say the least, unpersuaded that such discovery was relevant:

> "What does the objecting counsel's motive have to do with that
> evaluation, which I do have to undertake, into the rightness – into the
> reasonableness and fairness of the settlement?  People with – people
> with pure motives can be wrong on the merits, and people who are
> just in it for themselves can be right on the merits.  I just care about
> the merits.  I don't care about their motives.  Why should I – *what do
> their motives have to do with what I need to do under Rule 23 in
> evaluating the settlement?*

*See Douglas*, Mar. 10, 2016 Transcript, at pp. 11-12 (Exhibit 1) ["*Douglas* Transcript I"].  During

that hearing, Judge Feinerman repeatedly asked the plaintiff's lawyers how the motives and

backgrounds of objectors and their lawyers were relevant to an analysis of whether the proposed

settlement was fair or the fee reasonable [*Douglas* Transcript I, at pp. 6-15] (Exh. 1), but as here, the

plaintiffs' lawyers in *Douglas* were stumped and unable to articulate a logical basis for the discovery,

other than to say they believed motives and backgrounds were important.  [*Id.* at p. 13] (*e.g.*, "with

objectors that have a history of objecting, I think it's relevant to determine what their motives are").

Make no mistake, the reason the plaintiffs' lawyers in *Douglas* were unable to answer Judge

Feinerman's query to his satisfaction is the same reason Class Counsel cannot advance a logical

basis for such discovery here: the only "reason" for discovery is to punish Class members for

objecting, and to harass and intimidate them into abandoning their objections – thus permitting Class

Counsel to be paid exorbitant fees and to walk away from a poorly-negotiated settlement.

Significantly, and rightly so, Class Counsel must make a particularized, strong showing of

need for the particular discovery.  *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 341 (7th Cir.

1974).  As Ms. Mitchell demonstrates below, Class Counsel cannot satisfy this heavy burden.

First, Class Counsel predictably disregard the Seventh Circuit's frequent recognition that

objectors make the review of class action settlements work better overall.  Indeed, that Court has

repeatedly expounded upon the benefits of objectors.  *See, e.g.*, *Redman v. Radioshack Corp.*, 768 F.3d 622 (7th Cir. 2014) ("When there are objecting class members, the judge's task is eased because he or she has the benefit of an adversary process: objectors versus settlors (that is, versus class counsel and the defendant"); *Pearson v. NBTY, Inc.,* 772 F.3d 778, 787 (7th Cir. 2014) ("objectors play an essential role in judicial review of proposed settlements of class actions. . . .").

Second, requiring Class members to submit to discovery in this instance is tantamount to imposing a "tax" for objecting, a result contravening case law giving Class members the right to object.  *See*, *e.g.*, *Devlin v. Scardelletti*, 536 U.S. 1, 8-9 (2002).  Here, the Court-approved class notice, drawn by Class Counsel, instructed Class members how they may object to the proposed settlement.  Those requirements, with which Ms. Mitchell faithfully complied, did not require submission of Class members (or their counsel) to discovery or even advise them of that prospect. Forcing some Class members to submit to burdens not imposed on all Class members, *e.g.*, having to respond to irrelevant and overbroad discovery, would likely have a chilling effect on the willingness of Class members in other cases to exercise their right to object to settlements.

Third, requiring Ms. Mitchell or Mr. McDonald to respond to irrelevant and overbroad discovery is further unwarranted because, as mentioned above, the discovery has no bearing on the fairness of the proposed settlement or the reasonableness of Class Counsel's attorneys' fee. This is especially true in view of the December 2015 Amendments to Rule 26(b)(1), which reinforce the fact that parties and courts must consider what is *necessary for the case* in light of related burdens and encourage judges to be more aggressive in identifying and discouraging discovery overuse.[1]

---

[1]Not surprisingly, Class Counsel's motion omits any reference to newly-amended Federal Rule of Civil Procedure 26 or the proportionality standard it emphasizes.

Fourth, while Class Counsel portray Mr. McDonald as a "professional objector," they make no effort to identify what, exactly, Mr. McDonald has done, or sought to do – other than challenge the fairness of their settlement and propriety of their fee – that might remotely be labeled "improper." But this is for good reason, as the fact Mr. McDonald may have represented objectors in other cases has no greater bearing on the merits of Ms. Mitchell's objection than Class Counsel's own experience in other class actions speaks to the merits of the claims they brought for their own Plaintiffs. Besides, as Ms. Mitchell demonstrates, the motives of objectors (or their counsel) are plainly not relevant to the merits of an objection, the fairness of a settlement, or the reasonableness of an attorneys' fee.

In the last analysis, the proposed discovery is well out of proportion to the issues facing the Court and will contribute nothing to the Court's assessment of those issues.

## II.  PERTINENT FACTS

*"Cases are better decided on reality than on fiction."*[2]

Predictably, Class Counsel paint the Court a picture of the factual and legal landscape that fails to remotely resemble truth or reality. Among other things, their rendition of the meet and confer conference with the undersigned is inaccurate. Mr. McDonald did not unconditionally "promise[] information," as Class Counsel suggest. Rather, the emails exchanged make it clear that every "agreement" to provide information by Mr. McDonald necessarily hinged upon an overall resolution of Plaintiffs' discovery requests. Moreover, documents sought from Mr. McDonald (and others) extend far beyond "a small number of documents concerning the relationship between the objectors and [their counsel], as well as the objectors' membership in the Settlement Class." [Doc. 99, at Page

---

[2]*United States v. Priester*, 646 F.3d 950, 953 (6th Cir. 2011).

ID#: 1160]. To the contrary, Class Counsel seek documents related to counsel's representation of *other* clients [Doc. 99-6, at Page ID#: 1256]; and are entirely unrelated to the merits of Ms. Mitchell's objection, bearing no relation to the fairness-related issues confronting the Court.

### III. STANDARD OF REVIEW

Discovery of absent class members is inconsistent with Rule 23's purposes and should be only rarely permitted. *See, e.g., Cox v. American Cast Iron Pipe Co.*, 784 F.2d 1546, 1556-57 (11th Cir. 1986). Specifically, with respect to objectors with pending objections, courts have questioned the need for depositions. *Cf. Trombley v. Bank of America Corp.*, 2011 WL 3740488, Civ. No. 08-cv-456-JD, at *5 (D. R.I. Aug. 24, 2011) (declining to order depositions and discovery of objectors). For example, in *Corpac v. Rubin & Rothman, LLC*, No. 10-CV-4165, 2012 WL 2923514, at *2 (E.D. N.Y. Jul. 18, 2012), the court denied class counsel's request to depose the objector, reasoning that the Federal Rules of Civil Procedure require a "strong showing" of need to depose an absent class member, and such a showing was absent where the bases for the objector's objections were clear and either matters of statutory interpretation or based on information already within class counsel's knowledge.

What is more, "[i]n a class action, even a putative class action, the party seeking discovery from an unnamed class member must first show a particularized need for said discovery and first seek permission from the court." *In re Skelaxin Antitrust Litig.*, 292 F.R.D. 544, 550 (E.D. Tenn. 2013); *Manual for Complex Litigation* (*Fourth*) § 21.14 (2004) ("Discovery of unnamed members of a proposed class requires a demonstration of need.").[3]

---

[3]"[T]hose courts that have allowed such discovery have required the defendant to (1) make a strong showing of the need for the particular discovery and (2) narrowly tailor its requests to its particular need, so as not to burden the absent members." *In re Publication Paper Antitrust*

## IV.  THE ROLE OF OBJECTORS

Not surprisingly, Class Counsel have a fundamental misconception of the role played by objecting Class members in the settlement process. "Objectors can encourage scrutiny of a proposed settlement and identify areas that need improvement.  They can provide important information regarding the fairness, adequacy, and reasonableness of the settlement terms." *Pallister v. Blue Cross and Blue Shield of Montana, Inc.*, 285 P.3d 562, 568 (Mont. 2012).  And in stark contrast to Class Counsel's universal condemnation of objectors, well-respected judges[4] and commentators[5] take a decidedly different view, acknowledging the important role played by objectors.

Notably, three of the leading class action cases of the last two decades – *Amchem, Ortiz,* and *Devlin*[6] – were prompted by objectors, who plainly provide a necessary function in the process.  "It is desirable to have as broad a range of participants in the fairness hearing as possible because of the risk of collusion over attorneys' fees and the terms of settlement generally. . . .  It is impossible for a class to select, retain or monitor its lawyers as an individual client would."  *Great Neck Cap. Appreciation Inv. P'p, L.P. v. PricewaterhouseCoopers, L.L.P.*, 212 F.R.D. 400, 412 (E.D. Wis.

---

*Litig.*, No. 04-MD-1631, 2005 WL 1629633, at *1 (D. Conn Sept. 7, 2005) (collecting cases).

[4]*E.g.*, *Redman v. Radioshack Corp.*, 2014 U.S. App. LEXIS 18181, at **13-14 (7th Cir. Sept. 19, 2014) (Posner, J.).

[5]Wasserman, R., *Dueling Class Actions*, 80 B. U. L. Rev. 461, 483 (April 2000) (concluding that objectors are the only parties with an incentive to uncover flaws in the proposed settlement); Morrison, Alan B., *Improving the Class Action Settlement Process: Little Things Mean a Lot*, 79 Geo. Wash. L. Rev. 428 (Feb. 2011) ("objectors make the system work better overall, and perhaps even make it more difficult for class counsel to overreach in a way that harms defendants.  Judges  . . . increasingly realize that counsel for objectors can help them carry out their responsibilities.")

[6]*Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 613 (1997), *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 841-845 (1999), and *Devlin v. Scardelletti*, 536 U.S. 1 (2002).

2002). "Thus, objectors serve as a highly useful vehicle for class members, for the court and for the public generally." *Id.* "From conflicting points of view come clearer thinking." *Id.* at 412-13. "Therefore, a lawyer for an objector who raises pertinent questions about the terms or effects, intended or unintended, of a proposed settlement renders an important service." *Id.* at 413.

## V.  ARGUMENT

### A.  Class Counsel's Discovery Levies a Tax on Class Members for Objecting.

> There should be "no unnecessary hurdles that make it difficult for class members to exercise their rights to opt out, object, submit a claim, or make an appearance."[7]

Objectors serve as counterweights to a process that heavily favors settlement approval as well as the participants, who have no interest in an adversarial debate after a proposed settlement is reached. It is, therefore, crucial that objectors – who monitor class counsel's conduct – have a full and fair opportunity to participate in the settlement process. *See, e.g.*, Deborah R. Hensler, et al., *Class Action Dilemmas – Pursuing Public Goals for Private Gain,* 491-96 (Rand Inst. for Civil Justice 2000). Because Ms. Mitchell is a member of the Class, she has a fundamental right to object to the proposed settlement. *See Devlin v. Scardelletti*, 536 U.S. 1, 8-9 (2002) ("Rule 23(e) entitles *all* class members to an opportunity to object") (emphasis added). Here, the Court-approved class notice instructed objectors how to object, and those requirements, with which Ms. Mitchell complied to the letter, did not demand that they submit themselves – much less their counsel – to discovery. By making objectors meet arbitrary burdens not imposed on all Class members, Class Counsel seek to levy a tax against Ms. Mitchell purely as a means to intimidate her and others into abandoning

---

[7]Federal Judicial Center, *Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide*, at 3 (2010).

their objections.  It is not, after all, as if Class Counsel do not understand Ms. Mitchell's objections, which are clear and unambiguous: she objected to the class definition [Doc. 83, at Page ID#: 1066], the adequacy of the settlement fund [*Id*. at 1067-69], the amount of attorneys' fees [*Id*. at 1070-76], and the named Plaintiffs' incentive award [*Id*. at 1076].

The lack of a legitimate need for discovery reinforces the impression that Class Counsel's motion merely seeks to intimidate Ms. Mitchell into abandoning her objection.  After all, discovery may not be designed as a mere tactic to take advantage of a class member or as a strategy to reduce the number of objectors.  *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 340 (7th Cir. 1974).  More than anything, it appears that Class Counsel's primary goal is to achieve a tactical advantage, as opposed to needed information.[8]  They say, "we are going to make you pay a tax for objecting, and the tax is that you will be open to discovery."

For all of this, discovery is nothing more than a "shot across the bow" of objecting Class members levying an unjust "tax for objecting" on them for objecting.[9]

_____

[8]*See Trombley v. Bank of America Corp.*, No. 08-CV-456, 2011 WL 3740488, at * 5 (D. R.I. Aug. 24, 2011) (denying a request to include in a class notice that counsel would be able to depose objectors, noting that "[t]he parties cite no case, however, in which a court has adopted all of the proposed objection procedures advocated here, which include . . . the opportunity for discovery conducted by class or defense counsel").

[9]*Cf. Smith v. Levine Leichtman Capital*, 2012 U.S. Dist. LEXIS 163672, at *8-*9 (N.D. Cal. Nov. 15, 2012) (denying final approval where "the parties have made the procedures for filing objections unduly burdensome."); *Freebird, Inc. v. Merit Energy Co.*, 2012 U.S. Dist. LEXIS 173075, at *18-*19 (D. Kan. Dec. 6, 2012) (striking several extraneous and onerous prerequisites to objecting); *McClintic v. Lithia Motors*, 2012 U.S. Dist. LEXIS 3846, at *17 (W.D. Wash. Jan. 12, 2012) (denying preliminary approval noting that "[o]ne hallmark of a reasonable settlement agreement is that it makes participation as easy as possible, whether class members wish to make a claim, opt out, or object.").

**B.     Plaintiffs and Class Counsel Have Failed to Demonstrate That the Discovery They Seek Is Proportional to its Utility.**

The 2015 Amendments to Rule 26 of the Federal Rules of Civil Procedure constitute a reemphasis on the importance of proportionality in discovery but not a substantive change in the law. *Robertson v. People Magazine*, 14 Civ. 6759 (PAC), 2015 U.S. Dist. LEXIS 168525, 2015 WL 9077111 at *2 (S.D. N.Y. Dec. 16, 2015) ("[T]he 2015 amendment [to Rule 26] does not create a new standard; rather it serves to exhort judges to exercise their preexisting control over discovery more exactly."). The scope of discovery is no longer defined by the oft-abused "reasonably calculated to lead to the discovery of admissible evidence" standard, but rather by the common-sense concept of proportionality. Rule 26(b)(1) now provides:

> "Parties may obtain discovery regarding any nonprivileged matter that is relevant … to and <u>proportional to the needs of the case</u>, considering the <u>importance of the issues</u> at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the <u>importance of the discovery in resolving the issues</u>, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

Rule 26(b)(1) (emphasis added).

Thus, Rule 26(b)(1) now makes proportionality considerations part of the definition of the scope of discovery and reinforces parties' obligations to consider proportionality in making discovery requests, responses, and objections. Proportionality focuses on the marginal utility of the discovery sought. Proportionality and relevance are "conjoined" concepts; the greater the relevance of the information in issue, the less likely its discovery will be found to be disproportionate. *See* Hon. Elizabeth D. Laporte & Jonathan M. Redgrave, *A Practical Guide to Achieving Proportionality under New Federal Rule of Procedure 26*, 9 Fed. Cts. L. Rev. 20, 53 (Fall 2015). In short, the

amendments reinforce the fact that parties and courts must consider what is necessary for the case in light of related burdens.

   1. **Class Counsel's requested discovery seeks irrelevant and disproportional information that has little or no bearing on whether the settlement is fair or the fee is reasonable.**

Information is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. The Court should consider both the nature of information sought and whether its production is "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The issues presented here are whether the proposed settlement is fair and adequate and whether Class Counsel's fee request is reasonable. When class counsel in *Douglas v. The Western Union Co.*, No. 14-C-1741 (N.D. Ill. Mar. 10, 2016) (Exhibit 1) argued that discovery of objectors should be permitted "because they have voluntarily inserted themselves in the litigation," Judge Feinerman rightly steered him back to relevance: "You're allowed to take discovery of objectors if the discovery matters in evaluating the validity of their objections." [*Douglas* Transcript, Mar. 10, 2016, at p. 7] (Exhibit 1).

However, Class Counsel seek access to a wide array of documents that have very, very little, if anything, to do with this Court's assessment of either the fairness and adequacy of the proposed settlement or the propriety of Class Counsel's fee request. For instance, Ms. Mitchell's and her counsel's motives for objecting or prior litigation histories have no meaningful bearing on these issues. Class Counsel have offered nothing to demonstrate that such information is relevant to the issues of fairness or the reasonableness of the fee or their ill-thought analysis does not withstand scrutiny under the proportionality standard of Rule 26(b)(1).

What is more, there is no legitimate reason for taking the deposition of anyone from Mr. McDonald's law firm.[10]  [Doc. 99, at Page ID#: 1253-60].  After all, Class Counsel's discovery requests – seeking documents largely irrelevant to the issues before the Court – would require Lacy Price & Wagner to search through the firm's files and prepare a privilege log of all communications since the law firm was first engaged by Ms. Mitchell.[11]  Surely, the *de minimis* value of the information sought by Class Counsel is not worth the burden of such time and effort, especially when analyzed under Rule 26's proportionality standard.  In the end, since even Class Counsel appear to concede that the work-product privilege may apply, their only achievement gained by propounding the discovery would be taxing Mr. McDonald with the burden of having to create a privilege log.

Put simply, Mr. McDonald's representation of objectors in other class actions "has no greater bearing on the merits of the objection raised [in this class action] than a plaintiff's counsel's experience in filing class actions speaks to the merits of claims he brings."  *See True v. American Honda Motor Co.,* 749 F. Supp.2d. 1052, 1079 (C.D. Cal. 2010).  And while Class Counsel ask the

----

[10]Significantly, to the extent Class Counsel seek discovery concerning the terms of dismissals of any prior appeals of class action settlements by Mr. McDonald, the terms of such agreements are confidential.  Nor should Mr. McDonald be subjected to inquiry that places him at risk of potentially revealing attorney-client privileged communications or client-confidential information that the Tennessee Rules of Professional Responsibility forbid him from revealing. Tenn. Sup. Ct. R. 8, Rule 1.6  (2016) (comments) (1) ("in the absence of the client's informed consent, the lawyer must not reveal information relating to the representation); (2) ("prohibits a lawyer from revealing information relating to the representation of a client.  This prohibition also applies to disclosures by a lawyer that do not in themselves reveal protected information but could reasonably lead to the discovery of such information by a third person.")

[11]Besides, "[d]epositions of opposing counsel undermine attorney-client communications, present unique opportunities for harassment, disrupt opposing counsel's preparation, may lead to opposing counsel's disqualification, and may spawn collateral litigation on issues of privilege, scope, and relevancy.  Courts therefore presume that deposing opposing counsel creates an inappropriate burden or hardship, and the burden is on the party seeking the deposition to show otherwise."  *Coleman v. District of Columbia*, 284 F.R.D. 16, 18 (D. D.C. 2012).

Court to prejudge Ms. Mitchell's objections based upon the outcomes of other objections made by clients represented by her attorney, this is surely unjustified.

Finally, under Tennessee law, the undersigned is required to protect the rights of his former clients. Under Rule 1.6 of the Tennessee Rules of Professional Conduct, absent informed consent of the client to do otherwise, a lawyer must assert on behalf of the client all non-frivolous claims to prevent revealing any information relating to the lawyer's representation of a client. If a court orders the lawyer to reveal information relating to the representation of a client, the lawyer is required to consult with the client about the possibility of an appeal. Requiring Mr. McDonald to reach out to former clients and consult with each one regarding an appeal is not justified. Besides, Class Counsel are well-informed about Mr. McDonald's clients' past objections clients from their own research.

Thus, the proposed discovery is far out of proportion to the issues before this Court

2.     **The motives of an objector or her counsel are not relevant to the merits of an objection, the fairness or adequacy of a proposed settlement, or the reasonableness of a requested attorneys' fee.**

Class Counsel seek to delve into Ms. Mitchell's and Mr. McDonald's motives. However, courts have explicitly held that the motive of objectors or their counsel is simply not relevant to the merits of an objection. *See, e.g., Corpac v. Rubin & Rothman, LLC*, 2012 WL 2923514, at **2-3 (E.D. N.Y. July 19, 1012) ("[t]he Court 'fail[s] to see how motives of [Objector], other than the obvious financial once of maximizing [his] recovery, would make any fact of consequence to the determination of reasonable fees, the amount of damages or the restriction on pursuing future claims more or less probable.'") (citing *In re Fine Paper Antitrust Litig.*, 751 F.2d 562, 587 (3d Cir. 1984)).

The reasoning behind these decisions is well-founded, as it is neither logically nor legally permissible to conclude that an objection is valid or invalid based upon outcomes of other cases.

Motives of Class members should rightly be a matter of complete indifference to the Court. This point was recently made by Judge Feinerman in another proposed TCPA class action settlement pending in this District. In *Douglas v. The Western Union Co.*, No. 14-C-1741 (N.D. Ill.), the plaintiffs and class counsel moved the court to allow discovery of objecting class members and their counsel, including Mr. McDonald. There, as here, class counsel labeled Mr. McDonald a professional objector and also sought information about his (and his client's) background.[12] Judge Feinerman noted that class counsel had already compiled a list of other cases in which Mr. McDonald had represented settlement objectors and questioned whether additional information was necessary. [*Id.*] (Judge Feinerman: "think about whether you already have all the information you need about their past cases").

Significantly, as Class Counsel do here, class counsel in *Douglas* pointed to their desire to discover the possible motives of objectors and their counsel. But Judge Feinerman quickly dispelled the need for such irrelevant discovery:

> in terms of their motives, I know what their motives are. I know what everybody's motives are in this case. It's not – you know, why is this discovery needed? What's the point, given that you seem to have all of the information that you already need in order to make your point?

[*Id.* at p. 26].

---

[12]As Judge Feinerman put it, "[t]he merits of the objection are the merits of the objection, and I'm – I can evaluate those merits regardless of who they're coming from. So, why – why does it matter that Knott and Price are represented by professional objectors?" [*Douglas* Transcript, Mar. 10, 2016, at p. 9] (Exhibit 1).

Judge Feinerman made short work of the argument made here by Class Counsel:

> THE COURT:  Let's say they have the worst motives in the world,
> that they're despicable people. They're just in it for themselves. But
> they happen to make a really great point about the size of the attorney
> fees requested or the size of the award being given -- of the recovery
> being given to each class member.  Should I say, "You know what?
> You're making excellent substantive points, and if I liked you and if
> you were a good person, I would agree with you, and I would give
> more money to the class and less money to the attorneys.  But you're
> a despicable repeat objector, and I don't like you, and you're just in it
> for yourself, so, therefore, I'm going to reject your arguments and
> approve the settlement as-is?  Is that what you're suggesting I ought
> to do?
>
> MR. SILVERMAN: No, of course not, your Honor.
>
> THE COURT: Then what difference does – I get back to my original
> point. What difference does it make what their motives are and how
> many times they've objected before?

[*Douglas* Transcript of Proceedings, Mar. 10, 2016, at pp. 13-14] (Exhibit 1).[13]

Nor does a bad motive or a party's litigation history abrogate the legal right to make a

meritorious argument.  *See Antoninetti v. Chipotle Mexican Grill*, 643 F.3d 1165 (9th Cir. 2010).[14]

The reasoning in *Antoninetti* is equally true under Rule 23(e)(5), as class members are largely

unprotected unless experienced counsel identify the deficiencies in proposed settlements.

---

[13]Concerning the relationship between the objector and counsel, Judge Feinerman said,
"[w]ho cares what the relationship is between the objector and the lawyer, and who cares how
many times the lawyer has done this kind of thing?" [*Id*. at p. 10] and "[I]f the objector makes a
valid point about the size of the attorney fee award or the size of the recovery for each class
member, what does that have to do with the merits – what does that have to do with how the
objector was found by counsel?"  [*Id*. at p. 11].

[14]In *Antoninetti*, the plaintiff was a "serial" Americans With Disabilities Act litigant.  A
district court had refused to grant him an injunction because it questioned his sincerity.  The
Ninth Circuit reversed, pointing out that for the legislative regime to work, "it may indeed be
necessary and desirable for committed individuals to bring serial litigation."  643 F.3d at 1175.

In the final analysis, the discovery sought by Class Counsel would have no bearing whatsoever on the fairness-related issues or the reasonableness of an attorneys' fee award.

### 3.    The discovery sought by Class Counsel is also overbroad.

Even if Class Counsel's proposed discovery was relevant and proportional to the needs of the case, they are nonetheless overbroad.  Most of the requests seek "any" or "all" documents "related to" a particular subject, or "All DOCUMENTS, including without limitation," or similar terminology.  However, "[b]lanket requests of this kind are plainly overbroad and impermissible." *Henry v. Morgan's Hotel Group, Inc.*, 15 Civ. 1789 (ER)(JLC), 2016 U.S. Dist. LEXIS 8406, 2016 WL 303114 at *2 (S.D. N.Y. Jan. 25, 2016); *see also, e.g., Rice v. Reliastar Life Insurance Co.*, 2011 U.S. Dist. LEXIS 130302, at *2 (M.D. La. Nov. 10, 2011) (finding that "a request for 'any and all documents' relating to a particular subject is overbroad and amounts to little more than a fishing expedition").  The overbreadth of the requests is an independent basis to deny the motion.[15]

### V.   CONCLUSION

For the reasons set forth above, the Court should deny Plaintiffs' motion for discovery.

---

[15]Even the definitions proposed by Class Counsel are overbroad, *e.g.*, [Doc. 99-6, at Page ID#: 1247] (definition of "related to"); [*Id*., at Page ID#: 1248](defining the "Relevant Time Period" as ten years).  Many of the proposed requests are overbroad, *e.g.* [*Id*. at Page ID#: 1250] ("All Documents"); [*Id.* at Page ID#: 1256] ("all of other matters"); [*Id*.] ("All documents").

-15-

Respectfully submitted, this 2nd day of May, 2016.


/s/ W. Allen McDonald
W. Allen McDonald, Esq.
**Lacy, Price & Wagner, PC**
249 N. Peters Road
Suite 101
Knoxville, TN 379234917
Tel: 865-246-0800

*Counsel for Amy Jo Mitchell*

## CERTIFICATE OF SERVICE

I do hereby certify, that on May 2, 2016, a copy of the foregoing was submitted electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system. A copy of the foregoing was served on the following recipients, via U.S. First Class Mail, postage prepaid:

C. Jeffrey Thut
NOONAN, PERILO & THUT
25 N. Country Street
Waukegan, IL 60085

John J. Pentz
19 Widow Rites Lane
Sudbury, MA 01776

/s/ W. Allen McDonald
W. Allen McDonald

-17-