**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS (CHICAGO)**

| | | |
|---|---|---|
| **HEATHER WRIGHT, et. al.** : | Case No. 1:14-cv-10457 |
| **Plaintiffs** : | |
| : | |
| **vs.** : | |
| : | |
| **NATIONSTAR MORTGAGE, LLC** : | Hon. Edmond E. Chang |
| **Defendant** : | |
| : | |

**OBJECTORS WILLIAM YOUNGBLOOD AND KERRY YOUNGBLOOD'S OPPOSITION TO MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY**

Objectors William Youngblood and Kerry Youngblood, by their counsel, hereby oppose Plaintiff's Motion for Leave to Conduct Limited Discovery, for the following reasons:

**I.     Class Counsel Cannot Demonstrate Any Need for the Requested Discovery**

Class Counsel cannot show the requisite "particularized need" for the onerous discovery they have requested. Without a demonstrated need for this discovery, Class Counsel's Motion for Leave to Conduct Limited Discovery must be denied. Discovery may not be designed as a tactic to take advantage of the class members or as a strategy to reduce the number of objectors. *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 340 (7th Cir. 1974). The party seeking discovery has the burden of demonstrating its merits. *Id.* at 341. Here, the information sought is not necessary, but instead is a strategy to diminish the number of objectors and protect Class Counsel's attorneys' fee award. A similar situation was encountered in *Corpac v. Rubin & Rothman, LLC*, 2012 U.S. Dist. LEXIS 99977 (E.D.N.Y. July 18, 2012). A class member ("Sejour") objected to a class action settlement and class counsel subsequently sought to depose Sejour. *Id*. at *2-5. The court noted that a party seeking discovery from an absent class member must make a strong showing for the need for discovery and narrowly tailor the discovery requests. *Id*. at *5 (citing In

re *Publication Paper Antitrust Litigation*, 2005 U.S. Dist. LEXIS 13691 (D. Conn. July 5, 2005)). 4 *Id.* at *6. Class counsel argued that the Court should permit the deposition of Sejour on the "narrowly tailored" ground of his "nefarious motivations underpinning his objections and request to intervene." *Id.* The court disagreed. Class counsel's focus on motive for the objections raised a concern that the proposed discovery was being sought to gain tactical advantage, rather than needed information for the class. *Id.* at *7 (citations omitted). The district court denied the request to depose and granted the objector's motion to quash the subpoena. *Id.*

Similarly In re *Fine Paper Antitrust Litigation*, 751 F.2d 562 (3rd Cir. 1984), class counsel complained that the trial court quashed subpoenas served upon objector's counsel. According to class counsel, the subpoenas were sent for the purpose of cross-examination to establish the objector's motivation in pressing their objections to the requested fees. *Id.* at 586. The Court of Appeals affirmed the district court's "refusal to permit an already cluttered record to be further confused by an inquiry so completely collateral to the central issue of reasonableness of the fee requests." *Id.* at 587. The Third Circuit noted that the position of the objectors was "hardly unique" and failed to see how the motives of the objectors, other than the obvious financial one of maximizing their recovery, would make any fact of consequence to the determination of reasonable fees more or less probable. *Id*.

Like class counsel in *Corpac* and *Fine Paper*, Class Counsel here seek to conduct discovery for the purpose of protecting their financial interests in the settlement. The issues raised by the Objectors are "hardly unique," and resolution of these issues will not require deposition testimony from the Objectors. The Motion for Leave to Conduct Limited Discovery has been presented to this Honorable Court for a clear tactical purpose: to harass, intimidate, and discourage the Objectors. This is an improper purpose for discovery.

The legal arguments presented to the Court in the Objections are "hardly unique" and do not require any discovery into the files of Objectors' Counsel. The Motion for Leave to Conduct Limited Discovery is nothing more than an attempt to gain an unfair advantage and scare off potential objectors. Class Counsel has failed to show, and cannot show, any particularized need for the discovery sought from the Objectors or Objectors' Counsel. The discovery sought is unduly burdensome, harassing, and has no relation to the objections risen in this case. Because Class Counsel cannot show any particular need for the discovery, the Motion for Leave to Conduct Limited Discovery should be denied.

II.  **Class Counsel's Discovery Far Exceeds the Bounds of What Has Been Permitted in this Circuit and this Court**

In *Kolinek v. Walgreen Co.*, No. 13 C 4806, Judge Kennelly placed limits on the discovery requested in that case. As part of his limitations, Judge Kennelly issued a protective Order to stay discovery in part. Also, subpoenas Class Counsel issued to law firms were largely quashed. *Id*.

As Attorney Howe for Objector Connie Pentz so eloquently stated, in the present matter, Class Counsel has chosen to clutter the record and encumber this Honorable Court's time with a request for superfluous discovery. Mr. and Mrs. Youngblood are unquestionably class members, insomuch as they received mailed notices, and Nationstar had their cell phone numbers in its records as of October 14, 2015. Nothing more is necessary to establish class membership, pursuant to the Class Notice. It is important to keep in mind that Mr. and Mrs. Youngblood are objecting to the relief, the notice, the excessive fee request, and the process for exclusion. Consequently, their objection can only benefit the class, by allowing class members to maintain other possible claims, allowing class members a better process for exclusion, and preserving more of the settlement fund for the payment of claims. Mr. and Mrs. Youngblood do not seek to

unnecessarily prevent or delay settlement. Class Counsel's attempts to harass them are exclusively for their own financial benefit, and not that of the Class. The Class will be significantly better off once Mr. and Mrs. Youngblood's objection is upheld.

Accordingly, the Motion for Leave to Conduct Limited Discovery should be denied.

### III. Class Counsel's Requested Discovery Seeks Irrelevant Information

As Attorney McDonald for Objector Amy Jo Mitchell noted, information is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." *Fed. R. Evid. 401*. The Court should consider both the nature of information sought and whether its production is "proportional to the needs of the case." *Fed. R. Civ. P. 26(b)(1)*.

In the present matter, the issues presented are whether the proposed settlement is fair and adequate and whether Class Counsel's fee request is reasonable. However, Class Counsel seek access to a wide array of documents that have very, very little, if anything, to do with this Court's assessment of either the fairness and adequacy of the proposed settlement or the propriety of Class Counsel's fee request.

Accordingly, the Motion for Leave to Conduct Limited Discovery should be denied.

### IV. Discovery of Opposing Counsel Was Denied by Judge Kennelly in *Kolinek* and Serves No Useful Purpose in This Case

As Attorney Howe for Objector Connie Pentz noted, Judge Kennelly refused to permit this discovery of irrelevant documents from class members' attorneys in *Kolinek*, and this Court should do likewise. Discovery from opposing counsel is extremely rare and highly disfavored. See, e.g., *Lincoln Nat'l. Life Ins. v. TCF Nat'l Bank,* 2011 U.S. Dist. LEXIS 142371 (N.D. Ill. Dec. 12, 2011)(following Shelton v. Am. Motors Corp., 805 F.2d 1323 (8th Cir. 1986)). In *Shelton*, the Eighth Circuit held that discovery of opposing counsel "has long been discouraged

... disrupts the adversarial system and lowers the standards of the profession ... adds to the already burdensome time and costs of litigation ... and detracts from the quality of client representation." 805 F.3d at 1327. The Eighth Circuit in Shelton set out a three-factor test for when discovery of opposing counsel may be permitted, which has been adopted by most other circuits, including the Seventh. The party seeking to take the deposition of opposing counsel must show that "(1) no other means exist to obtain the information...; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Id.*

In the present matter, Class Counsel has failed to satisfy any of these three factors. Once again, Mr. and Mrs. Youngblood are objecting to the relief, the notice, the excessive fee request, and the process for exclusion. Consequently, their objection can only benefit the class, by allowing class members to maintain other possible claims, allowing class members a better process for exclusion, and preserving more of the settlement fund for the payment of claims. Mr. and Mrs. Youngblood do not seek to unnecessarily prevent or delay settlement. Class Counsel's attempts to harass them are exclusively for their own financial benefit, and not that of the Class. The Class will be significantly better off once Mr. and Mrs. Youngblood's objection is upheld. Upon the undersigned's knowledge and belief, no court in this Circuit has allowed the overbroad discovery sought here by Class Counsel of an objector's counsel, in contrast to limited discovery of an objector.

Accordingly, the Motion for Leave to Conduct Limited Discovery should be denied.

**V.      Objectors Have a Right to Object to Settlements**

As Attorney McDonald for Objector Amy Jo Mitchell noted, objectors serve as counterweights to a procedure that heavily favors settlement approval as well as the participants,

who have no interest in an adversarial debate after a proposed settlement is reached. It is thus vital that objectors — who may scrutinize class counsel's conduct — have a full and fair opportunity to participate in the settlement process. See, e.g., *Deborah R. Hensler, et al.*, Class Action Dilemmas — Pursuing Public Goals for Private Gain, 491-96 (Rand Inst. for Civil Justice 2000). Because Mr. and Mrs. Youngblood are members of the Class, they have a fundamental right to object to the proposed settlement. See *Devlin v. Scardelletti*, 536 U.S. 1, 8-9 (2002) ("Rule 23(e) entitles all class members to an opportunity to object") (emphasis added).

In the present matter, the Court-approved class notice instructed objectors how to object, and those requirements, with which Mr. and Mrs. Youngblood complied, did not order that they submit themselves — much less their counsel — to discovery. By making objectors meet arbitrary burdens not imposed on all Class members, Class Counsel seek to intimidate them and others into abandoning their objections. It is not as if Class Counsel do not comprehend Mr. and Mrs. Youngblood's objections, which are clear and unambiguous: Mr. and Mrs. Youngblood are objecting to the relief, the notice, the excessive fee request, and the process for exclusion [Doc. 82]. The lack of a genuine need for discovery reinforces the impression that Class Counsel's motion merely seeks to intimidate Mr. and Mrs. Youngblood into abandoning their objection. Once again, discovery may not be designed as a mere tactic to take advantage of a class member or as a strategy to reduce the number of objectors. *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 340 (7th Cir. 1974). More than anything, it appears in the present matter that Class Counsel's principal objective is to attain a tactical advantage, as opposed to needed information.

Accordingly, the Motion for Leave to Conduct Limited Discovery should be denied.

WHEREFORE, for the reasons set forth herein, Objectors William Youngblood and Kerry Youngblood respectfully pray that this Court deny Class Counsel's requested discovery and grant such other and further relief that justice may require.

Respectfully submitted,

*/s/ Brent F. Vullings*
Brent F. Vullings, Esq.
Vullings Law Group, LLC
3953 Ridge Pike Suite 102
Collegeville, PA 19426
Phone: (610) 489-6060