**1**

1    UNITED STATES DISTRICT COURT
      NORTHERN DISTRICT OF ILLINOIS
2              EASTERN DIVISION

3

      HEATHER WRIGHT, CAROLE          )    `
4     STEWART, JEANETTE CHILDRESS,    )
      ROBERT JORDAN, SEAN HALBERT,    )
5     DANA SKELTON, VANESSA RUGGLES,  )
      and ROSE SOMERS, individually   )
6     and on behalf of all others     )
      similarly situated,             )
7                                     )
                  Plaintiffs,         )    No. 14 CV 10457
8                                     )
           vs.                        )    Chicago, Illinois
9                                     )    May 6, 3026
      NATIONSTAR MORTGAGE LLC, a      )    9:45 o'clock a.m.
10    Delaware limited liability      )
      company,                        )
11                                    )
                  Defendant.          )
12

13         TRANSCRIPT OF PROCEEDINGS - STATUS AND MOTIONS
            BEFORE THE HONORABLE JUDGE EDMOND E. CHANG
14

15    APPEARANCES:

16    For the Plaintiff:        MR. RAFEY S. BALABANIAN
                                EDELSON PC
17                              329 Bryant Street
                                San Francisco, California 94107
18                              415-212-9300
                                rbalabanian@edelson.com
19
                                MR. BENJAMIN H. RICHMAN
20                              EDELSON PC
                                350 North LaSalle Street
21                              Chicago, Illinois 60654
                                312-589-6370
22                              brichmany@edelson.com

23                              MS. GINA M. TUFARO
                                HORWITZ, HORWITZ & PARADIS
24                              405 Lexington Avenue
                                New York, New York 10174
25                              212-986-4500
                                gtufaro@hhplawny.com

**2**

```
 1                              MR. TIMOTHY HOERMAN
                                GRZYMALA LAW OFFICES, PC
 2                              10024 Skokie Boulevard
                                Skokie, Illinois 60077
 3                              847-920-7286
                                mark@grzymalalaw.com
 4

 5    For the Defendants:      MR. TIMOTHY R. CARWINSKI
                                REED SMITH LLP
 6                              10 South Wacker Drive
                                Chicago, Illinois 60606
 7                              312-207-6549
                                tcarwinski@reedsmith.com
 8

 9    For the Objector         MR. ARTHUR HOWE
      Connie Pentz:            ATTORNEY AT LAW
10

11                             MR. JOHN J. PENTZ
                                ATTORNEY AT LAW
12

13    For the Objector         MR. ALAN A. McDONALD
      Amy Jo Mitchell:         LACY, PRICE & WAGNER
14                              249 North Peters Road
                                Knoxville, Tennessee 37923
15                              865-246-0800
                                amcdonald@lpwpc.com
16

17

18

19

20

21

22    Court Reporter:         FEDERAL OFFICIAL COURT REPORTER
                                MS. KRISTA BURGESON
23                              219 South Dearborn Street
                                Chicago, Illinois 60604
24                              312-435-5567
                                krista_burgeson@ilnd.uscourts.gov
25
```

09:48:23

| | | |
|---|---|---|
| 09:48:23 | 1 | THE COURTROOM DEPUTY: 14 C 10457, Wright, et al., |
| 09:48:47 | 2 | versus Nationstar Mortgage. |
| 09:48:49 | 3 | THE COURT: All right. This is Judge Chang. |
| 09:48:51 | 4 | I am going to ask first the lawyers in court, |
| 09:48:53 | 5 | starting with the plaintiffs' attorneys in court, to announce |
| 09:48:57 | 6 | their appearance. |
| 09:49:00 | 7 | MR. BALABANIAN: Good morning, Your Honor. |
| 09:49:01 | 8 | Rafey Balabanian and Benjamin Richman on behalf of |
| 09:49:03 | 9 | plaintiffs in the settlement class. |
| 09:49:03 | 10 | MR. RICHMAN: Good morning. |
| 09:49:07 | 11 | THE COURT: Okay. Then let me ask if there are any |
| 09:49:10 | 12 | plaintiffs' lawyers on the phone? Is there any? |
| 09:49:13 | 13 | MS. TUFARO: Yes, Your Honor. |
| 09:49:14 | 14 | THE COURT: Go ahead. |
| 09:49:15 | 15 | MS. TUFARO: This is Gina Tufaro from Paradis Law |
| 09:49:22 | 16 | Group for the plaintiffs. |
| 09:49:23 | 17 | THE COURT: All right. |
| 09:49:23 | 18 | Then any defense counsel who are in the court? |
| 09:49:28 | 19 | MR. CARWINSKI: Tim Carwinski, C-a-r-w-i-n-s-k-i, |
| 09:49:46 | 20 | Your Honor. |
| 09:49:46 | 21 | THE COURT: Okay. Are there any defense attorneys on |
| 09:49:48 | 22 | the phone? Okay. No. |
| 09:49:50 | 23 | And then let me hear the announcement of the |
| 09:49:54 | 24 | appearance of Mr. Pentz? |
| 09:50:02 | 25 | MR. PENTZ: Yes, Your Honor. |

| | | |
|---|---|---|
| 09:50:03 | 1 | This is John Pentz on behalf of Connie Pentz. |
| 09:50:05 | 2 | THE COURT: And then the attorney for Objector |
| 09:50:14 | 3 | Youngblood? |
| 09:50:15 | 4 | Have you heard, Mr. Balabanian, from Mr. Vullings? |
| 09:50:18 | 5 | Right? |
| 09:50:18 | 6 | MR. BALABANIAN: No, Your Honor. |
| 09:50:20 | 7 | My hunch is he won't show up. I have dealt with |
| 09:50:23 | 8 | Mr. Vullings in other cases and he has yet to appear by phone |
| 09:50:27 | 9 | or in person on any objection that dealt with someone. |
| 09:50:29 | 10 | THE COURT: And for the record, the Court and its |
| 09:50:32 | 11 | staff have not heard from Mr. Vullings to appear by phone. |
| 09:50:40 | 12 | Is there anyone here for Objector Mitchell? |
| 09:50:46 | 13 | MR. McDONALD: Yes, Your Honor. |
| 09:50:46 | 14 | On the phone, Alan McDonald for Objector Amy Jo |
| 09:50:49 | 15 | Mitchell. |
| 09:50:52 | 16 | THE COURT: And who else do we have? |
| 09:50:54 | 17 | MR. HOERMAN: Judge, Tim Hoerman, H-o-e-r-m-a-n, for |
| 09:50:57 | 18 | Mr. Fischer. I am actually appearing on behalf of |
| 09:51:00 | 19 | Mr. Grzymala who has a motion to withdraw pending before the |
| 09:51:04 | 20 | Court. He had jury duty this morning over in Cook County. |
| 09:51:12 | 21 | And so he -- |
| 09:51:12 | 22 | THE COURT: So, wait. One second. |
| 09:51:12 | 23 | So you are Mr. Hoerman, and you are appearing for |
| 09:51:16 | 24 | another attorney that is named Fischer? |
| 09:51:17 | 25 | MR. HOERMAN: No. |

| | | |
|---|---|---|
| 09:51:17 | 1 | THE COURT:  No.  Okay. |
| 09:51:18 | 2 | MR. HOERMAN:  The attorney's name is Mark Grzymala, |
| 09:51:21 | 3 | who has filed an appearance on behalf of Anton Fischer, and |
| 09:51:25 | 4 | then moved to withdraw.  There was an objection to that motion |
| 09:51:28 | 5 | that has since been withdrawn by the objector. |
| 09:51:34 | 6 | THE COURT:  The objection was withdrawn by class |
| 09:51:37 | 7 | counsel. |
| 09:51:37 | 8 | MR. HOERMAN:  Correct. |
| 09:51:45 | 9 | THE COURT:  Okay. |
| 09:51:45 | 10 | Then who else do we have? |
| 09:51:48 | 11 | MR. HOWE:  Arthur Howe, H-o-w-e, local counsel for |
| 09:51:55 | 12 | Attorney John Pentz for Objector Connie Pentz. |
| 09:51:58 | 13 | THE COURT:  Okay. |
| 09:51:59 | 14 | First, with regard to Mr. Hoerman, the motion to |
| 09:52:02 | 15 | withdraw is granted based on what was stated in the withdrawal |
| 09:52:07 | 16 | of the objection. |
| 09:52:09 | 17 | So thank you for your appearance.  You may take your |
| 09:52:12 | 18 | leave. |
| 09:52:12 | 19 | MR. HOERMAN:  Thank you, Judge. |
| 09:52:12 | 20 | |
| 09:52:12 | 21 | (Exit Mr. Hoerman.) |
| 09:52:19 | 22 | |
| 09:52:20 | 23 | THE COURT:  Then with regard to -- well, it is the |
| 09:52:20 | 24 | class counsel's motion for discovery.  I have obviously |
| 09:52:23 | 25 | reviewed the back and forth as well as the reply, and I guess |

| | | |
|---|---|---|
| 09:52:29 | 1 | the first thing I ought to do is if any of the objectors' |
| 09:52:35 | 2 | lawyers would wish to say anything in response to the reply |
| 09:52:41 | 3 | that was filed, I will hear that now. |
| 09:52:44 | 4 | I don't feel like you have to say anything, but I |
| 09:52:46 | 5 | will give you the opportunity since it was filed very |
| 09:52:49 | 6 | recently. |
| 09:52:49 | 7 | Mr. Pentz, first, on the phone? |
| 09:52:53 | 8 | MR. PENTZ: Yes. |
| 09:52:54 | 9 | Thank you, Your Honor. |
| 09:52:55 | 10 | The one thing I really wanted to respond to is their |
| 09:52:59 | 11 | reference to a deposition taken of my client in the LCD case, |
| 09:53:03 | 12 | where apparently my client stated -- and in response to a |
| 09:53:07 | 13 | question, do you understand what an objection means, he |
| 09:53:10 | 14 | responded, no. But that was just one line out of a one-hour |
| 09:53:15 | 15 | deposition, and what they neglected to tell you is that after |
| 09:53:19 | 16 | that deposition, class counsel in that case moved to strike my |
| 09:53:23 | 17 | client's objection on the grounds that he didn't understand |
| 09:53:26 | 18 | enough about what his objection was about. And the Court |
| 09:53:30 | 19 | rejected that and said, look, it is a rational objection in |
| 09:53:34 | 20 | connection with his claim because there, as here, he was |
| 09:53:37 | 21 | arguing that the attorney's fee request was too high, and if |
| 09:53:40 | 22 | he reduces the fees then he will get more in his claim. And |
| 09:53:44 | 23 | the Court held that that was just a rational position, and |
| 09:53:48 | 24 | even if it was asserted by his attorney on his behalf, and his |
| 09:53:51 | 25 | attorney is attempting to maximize his claim award, that is |

09:53:54 1 enough.

09:53:55 2        And my client clearly understood enough about the

09:53:58 3 case to know that, you know, he wanted as much money out of

09:54:02 4 his claim as he could get, and therefore, we went to the

09:54:05 5 trouble, that deposition was taken in Hawaii, and it all -- it

09:54:10 6 counted for naught.  It led to nothing.  And the Court said

09:54:15 7 look, it's not relevant to anything, and I am not going to

09:54:15 8 strike the objection.

09:54:19 9        So you know, if that, according to class counsel,

09:54:21 10 that is the worst case scenario, there just is not going to be

09:54:26 11 anything here that they are going to obtain through the

09:54:28 12 discovery that's relevant to any question that you have to

09:54:30 13 answer in this case.

09:54:35 14        THE COURT:  Then for Mr. McDonald or Ms. Mitchell,

09:54:42 15 did you want to say anything in reply?

09:54:42 16        MR. McDONALD:  Very, very briefly.

09:54:45 17        Your Honor, the beginning of the reply refers to

09:54:49 18 objectors having the power to substantially alter the terms of

09:54:51 19 the settlement.  That's -- that's just not accurate.  The

09:54:57 20 Court's role under Rule 23 is binary to either accept or

09:55:01 21 reject, but class action objectors have no power to change the

09:55:08 22 terms at all.  They can simply tell the Court their feelings

09:55:11 23 on whether it should be accepted or rejected, but there is no

09:55:15 24 power to in any way alter or to change the terms of a

09:55:22 25 settlement.

| | | |
|---|---|---|
| 09:55:24 | 1 | The only other thing, very briefly, is with regard to |
| 09:55:30 | 2 | Judge Feinerman's decision in the Western Union case recently, |
| 09:55:39 | 3 | class counsel -- class counsel did not refer the Court or did |
| 09:55:51 | 4 | not discuss Judge Feinerman's second opinion for the second |
| 09:55:56 | 5 | hearing wherein Judge Feinerman repeated once again in the |
| 09:56:05 | 6 | March 17th transcript his feelings with class counsel, |
| 09:56:10 | 7 | Mr. Siprut, present. |
| 09:56:18 | 8 | And that page is -- I can't find it exactly here, but |
| 09:56:22 | 9 | he actually repeated that he saw no relevance, and then at the |
| 09:56:30 | 10 | end of the transcript, on Page 32, class counsel, Mr. Siprut, |
| 09:56:36 | 11 | ultimately agreed with the Court, and said that he frankly |
| 09:56:44 | 12 | agreed that the -- that the knowledge of the objector, just |
| 09:56:53 | 13 | like the knowledge of the class representative, should not be |
| 09:56:56 | 14 | relevant under a Rule 23 analysis. |
| 09:57:06 | 15 | MR. PENTZ: Your Honor, John Pentz. If I may make |
| 09:57:09 | 16 | just one more point, given that I just read this reply. I |
| 09:57:12 | 17 | forgot one other point I wanted to address. |
| 09:57:14 | 18 | Class counsel argues that objectors have the same |
| 09:57:18 | 19 | fiduciary duty to the rest of the class and same adequacy |
| 09:57:22 | 20 | requirements that class counsel has, and that simply is not |
| 09:57:25 | 21 | true. An objector has no duty to the rest of the class. An |
| 09:57:31 | 22 | objector seeks to maximize his recovery through the |
| 09:57:34 | 23 | settlement, sometimes by making well-pleaded, good faith |
| 09:57:38 | 24 | objections that make sense in the context of the objector's |
| 09:57:43 | 25 | claim. But the objector is not there to replace class counsel |

| | | |
|---|---|---|
| 09:57:46 | 1 | or, you know, represent the entire class, although that can be |
| 09:57:51 | 2 | a result of a successful objection.  It can benefit the entire |
| 09:57:56 | 3 | class, but there is no such duty and no court has ever held |
| 09:58:00 | 4 | that there is one. |
| 09:58:00 | 5 | THE COURT:  Mr. Balabanian, last word? |
| 09:58:06 | 6 | MR. BALABANIAN:  To Mr. McDonald's point about |
| 09:58:11 | 7 | objectors having the power to substantially alter the terms of |
| 09:58:11 | 8 | the settlement, I think the point we were trying to make, Your |
| 09:58:13 | 9 | Honor, is that the objection procedure under Rule 23 serves a |
| 09:58:17 | 10 | valuable purpose, it can and does, oftentimes.  Here it |
| 09:58:20 | 11 | doesn't, because the objections here were not lodged in good |
| 09:58:23 | 12 | faith, we don't believe, and the motivations behind them |
| 09:58:27 | 13 | certainly speak to the adequacy of the objections. |
| 09:58:31 | 14 | Judge Feinerman's view is a narrow one, and he takes |
| 09:58:34 | 15 | a much narrower view than most other courts have on these |
| 09:58:37 | 16 | issues, including Judge Kennelly, including Judge Davila in |
| 09:58:41 | 17 | the Netflix case, both of which I was involved in. |
| 09:58:43 | 18 | But if I could just give the Court an example. |
| 09:58:49 | 19 | These objectors had approached us pre objection and |
| 09:58:52 | 20 | said -- or not even pre objection, but said, look, pay us |
| 09:58:57 | 21 | money, and we will support your settlement.  And we agreed to |
| 09:59:02 | 22 | that.  And they didn't lodge an objection. |
| 09:59:06 | 23 | That would be relevant to the Court's analysis of the |
| 09:59:09 | 24 | settlement, it certainly would, that somehow -- because of |
| 09:59:12 | 25 | course, the Court has to look at all of the objections that |

| | | |
|---|---|---|
| 09:59:15 | 1 | are filed in a case, the number of objections and what they |
| 09:59:18 | 2 | say. |
| 09:59:18 | 3 | And if we were to have suppressed objections by |
| 09:59:21 | 4 | something like that, well I certainly think that the Court |
| 09:59:24 | 5 | would be entitled to understand that and know that |
| 09:59:27 | 6 | information, and I certainly think it would reflect on both |
| 09:59:29 | 7 | the adequacy of the settlement, from a substantive |
| 09:59:33 | 8 | perspective, but the process itself. |
| 09:59:34 | 9 | There is no question that objections are a valid part |
| 09:59:39 | 10 | of the class action process, but when you delve into these |
| 09:59:44 | 11 | issues, it becomes apparent, and it becomes apparent with |
| 09:59:49 | 12 | respect to these professional objector attorneys, that there |
| 09:59:52 | 13 | are other things at play here, improper motives, and that is |
| 10:00:00 | 14 | relevant. That is relevant to a number -- to a number of |
| 10:00:03 | 15 | issues, but the reality is is that if -- if discovery shows |
| 10:00:09 | 16 | that there is some improper arrangement between attorney and |
| 10:00:14 | 17 | client, well, why wouldn't that inform the objection, why |
| 10:00:19 | 18 | wouldn't that be important information for the Court to |
| 10:00:22 | 19 | understand? Because the Court has to make an assessment of |
| 10:00:25 | 20 | what are the -- what objections are out there to the |
| 10:00:28 | 21 | settlement, how many are there, and what do they say, and are |
| 10:00:31 | 22 | they valid. |
| 10:00:32 | 23 | Objections that are illegitimate, that shouldn't have |
| 10:00:36 | 24 | been raised, that are only raised to extract a payment for |
| 10:00:40 | 25 | fees, should certainly carry less weight in this Court's |

| | | |
|---|---|---|
| 10:00:45 | 1 | analysis than those that were properly filed by some other -- |
| 10:00:50 | 2 | certain other class members, a few others, pro se, and not |
| 10:00:54 | 3 | surprisingly, we are not seeking discovery from those |
| 10:00:57 | 4 | objectors because there is no reason to.  They lodged an |
| 10:01:01 | 5 | objection, they have a right to do so, we will address them. |
| 10:01:04 | 6 | One other point I have to make, it is not as though |
| 10:01:07 | 7 | these objections are not going to be considered by the Court. |
| 10:01:10 | 8 | They are.  They are out there.  Whether they are stricken, |
| 10:01:13 | 9 | whether we are entitled to conduct discovery, regardless, it |
| 10:01:16 | 10 | doesn't matter.  They are out there.  And the Court is going |
| 10:01:19 | 11 | to see those arguments and we have addressed them. |
| 10:01:22 | 12 | So the idea that somehow we are trying to suppress |
| 10:01:25 | 13 | objections and keep it out of -- keep it away from the Court |
| 10:01:29 | 14 | isn't true.  It is not even feasible. |
| 10:01:33 | 15 | THE COURT:  All right.  Thank you for that. |
| 10:01:36 | 16 | So here is how I come down on this: |
| 10:01:42 | 17 | There is a first category which is not really, I |
| 10:01:44 | 18 | don't think, the big ticket item.  First category of documents |
| 10:01:48 | 19 | that have been sought go towards like loan origination and the |
| 10:01:53 | 20 | underlying mortgage documents, perhaps to test class |
| 10:01:58 | 21 | membership, but that is asking much too much from an objector |
| 10:02:04 | 22 | when there is a claim form that's filed under penalty of |
| 10:02:08 | 23 | perjury that says that I did get a call on my cell phone, an |
| 10:02:12 | 24 | automated call.  So I don't think that category of documents |
| 10:02:16 | 25 | is discoverable at all. |

| | | |
|---|---|---|
| 10:02:21 | 1 | The big ticket item obviously is documents that might |
| 10:02:24 | 2 | go to the motivations of the objectors and fee arrangements |
| 10:02:29 | 3 | and so on.  And I come down much closer to Judge Feinerman |
| 10:02:37 | 4 | than the other courts.  And the reason is that the objections |
| 10:02:44 | 5 | are going to be objectively viewed in the first instance.  It |
| 10:02:48 | 6 | is not as if one of these objections, if they were filed and |
| 10:02:52 | 7 | they raised a legitimate objection, but there was an |
| 10:02:57 | 8 | illegitimate motive, that I would then just set that aside and |
| 10:03:01 | 9 | say that -- that objection aside and say, well, this objector |
| 10:03:07 | 10 | really is just a puppet of a lawyer and couldn't care less. |
| 10:03:16 | 11 | And it is really to extort fees. |
| 10:03:19 | 12 | Boy, I wish I can act on this objection because it is |
| 10:03:24 | 13 | a really valid one. |
| 10:03:26 | 14 | Of course I wouldn't do that.  Because of the Court's |
| 10:03:29 | 15 | obligation and class counsel's obligation to the class as a |
| 10:03:33 | 16 | whole, I would still view the objection and evaluate it on an |
| 10:03:38 | 17 | objective basis. |
| 10:03:39 | 18 | I appreciate in the reply brief class counsel making |
| 10:03:42 | 19 | more of an effort to try to saddle objector attorneys with |
| 10:03:46 | 20 | duties to the class, but those cases don't apply, they don't |
| 10:03:50 | 21 | extend out to the objector/attorney relationship with the |
| 10:03:57 | 22 | class. |
| 10:03:58 | 23 | They do represent objectors.  It is not quite the |
| 10:04:03 | 24 | same. |
| 10:04:05 | 25 | So I understand why class counsel's relationship with |

10:04:09   1    their clients is something that is more deeply scrutinized

10:04:14   2    because class counsel has a duty to the class overall, but

10:04:17   3    objector attorneys don't.

10:04:19   4            So for right now, motives are not relevant, and so I

10:04:26   5    am going to deny the motion for discovery.

10:04:28   6            What I will say is this:  When I evaluate the

10:04:32   7    objections, and I have taken, you know, a look but obviously

10:04:37   8    not as deep as I will have by May 19, if any of those

10:04:42   9    objections are unreasonable or frivolous, then class counsel

10:04:49   10   is free to make a Rule 11 motion, all right, or a 1927 motion,

10:04:54   11   that this was vexatious and unreasonable.  You can make the

10:05:00   12   Rule 11 motion now because of the safe harbor, and maybe you

10:05:04   13   do want to make it now.

10:05:06   14           And then I will take a look at any, you know, motions

10:05:10   15   for sanctions -- and I may very well, especially after

10:05:17   16   evaluating it further --

10:05:19   17           Mr. Howe, could you get your papers off that boundary

10:05:25   18   mic?  Thanks.

10:05:27   19           So if I look at the motions, and especially again as

10:05:30   20   we head closer to the fairness hearing, and then after the

10:05:33   21   fairness hearing, I will have a much better sense of the

10:05:36   22   frivolity or not of the objections.  And if they are frivolous

10:05:41   23   or unreasonable, then what I will very likely do is upon the

10:05:46   24   filing of a motion for sanctions, then allow this discovery,

10:05:51   25   both to test out how frivolous or unreasonable the objections

| | | |
|---|---|---|
| 10:05:57 | 1 | are as well as what sanctions to impose, if any.  And the |
| 10:06:01 | 2 | sanctions under Rule 11, and also I would wager under 1927, as |
| 10:06:07 | 3 | well, they can be not just monetary, but some form of |
| 10:06:11 | 4 | nonmonetary sanctions. |
| 10:06:13 | 5 | So there are all sorts of sanctions that would be |
| 10:06:17 | 6 | available, including requiring an attorney to attach to any |
| 10:06:21 | 7 | objection some other finding of another court. |
| 10:06:25 | 8 | So there are all sorts of things that can take care |
| 10:06:32 | 9 | of the deterrence that you are so concerned about, and that |
| 10:06:34 | 10 | class counsel here and in other courts are concerned, |
| 10:06:38 | 11 | obviously, about harming the class's interest, and not just |
| 10:06:43 | 12 | necessarily in this case, but in other cases, and that is a |
| 10:06:46 | 13 | legitimate concern, but it is not one that warrants discovery |
| 10:06:51 | 14 | now.  It just may warrant it later. |
| 10:06:56 | 15 | So that is the -- that is the ruling on the motion. |
| 10:07:01 | 16 | MR. BALABANIAN:  Yes, Your Honor. |
| 10:07:02 | 17 | I understand it completely. |
| 10:07:05 | 18 | Would the denial, I think it is, sort of without |
| 10:07:08 | 19 | prejudice given what the Court just said, be -- |
| 10:07:10 | 20 | THE COURT:  Well, it is denied.  I mean, look, in |
| 10:07:12 | 21 | this posture it is denied, and if it is renewed again, then |
| 10:07:17 | 22 | for all the reasons I said, it may very well be reasonable to |
| 10:07:22 | 23 | engage in discovery to figure out both, you know, the |
| 10:07:26 | 24 | threshold issue of whether it is frivolous or unreasonable, |
| 10:07:30 | 25 | although that might be a finding that can be made without any |

|       |    |                                                         |
|-------|----|---------------------------------------------------------|
| 10:07:34 | 1  | discovery at all, but also as to what the scope of the remedy |
| 10:07:38 | 2  | ought to be, if there are -- if there is repeat findings from |
| 10:07:43 | 3  | other courts of frivolous or unreasonable objections, then |
| 10:07:48 | 4  | that certainly does weigh into what the sanction ought to be |
| 10:07:52 | 5  | going forward. And as I said, Rule 11, there is both monetary |
| 10:07:56 | 6  | in terms of attorney's fees, you know, to the litigant. There |
| 10:08:00 | 7  | is monetary to the clerk of the court, and then there is |
| 10:08:04 | 8  | nonmonetary sanctions. |
| 10:08:05 | 9  | So there is a wide range of weaponry available for |
| 10:08:10 | 10 | deterrence, but none of those things are options that I can |
| 10:08:20 | 11 | act on in this posture right now and we will have to deal with |
| 10:08:23 | 12 | it later. |
| 10:08:24 | 13 | Let me clean up a couple things. |
| 10:08:26 | 14 | One is, so Mr. Pentz, his pro hac can be granted. I |
| 10:08:34 | 15 | think Mr. Pentz is warned that he must be scrupulous going |
| 10:08:38 | 16 | forward in terms of filling out the pro hac vice application |
| 10:08:43 | 17 | accurately in all respects, but it's allowed this time. There |
| 10:08:47 | 18 | has been no harm. |
| 10:08:49 | 19 | You do need to file on behalf of the class the |
| 10:08:52 | 20 | oversized brief in support. |
| 10:08:53 | 21 | MR. BALABANIAN:  Yes. |
| 10:08:54 | 22 | THE COURT:  Make it a separate docket entry so that |
| 10:08:56 | 23 | there is a clean record on that. |
| 10:08:57 | 24 | MR. RICHMAN:  Yes. |
| 10:08:58 | 25 | MR. BALABANIAN:  Yes, of course. |

| | | |
|---|---|---|
| 10:08:59 | 1 | THE COURT: I am going to set a reply brief on the |
| 10:09:02 | 2 | objections, because what we have now, we have the April, I |
| 10:09:08 | 3 | think, 4, whenever it was, filings, that comprise the |
| 10:09:12 | 4 | objections, then we have the motion for approval which |
| 10:09:17 | 5 | responded to the objections already, and I am going to set a |
| 10:09:20 | 6 | reply for May 12th of any -- that any of the objectors want to |
| 10:09:29 | 7 | file. And that way, going into the fairness hearing, I will |
| 10:09:33 | 8 | have one more set of briefs from the objectors. |
| 10:09:45 | 9 | I think that is all the cleanup work I wanted to do. |
| 10:09:50 | 10 | Okay. The lodestar, separately I was going to ask, |
| 10:09:53 | 11 | this was not something prompted by the objectors, so this is |
| 10:09:57 | 12 | not something that they have caused to come about, it is worth |
| 10:10:02 | 13 | getting the lodestar information as a supplement. |
| 10:10:07 | 14 | MR. BALABANIAN: Of course. |
| 10:10:08 | 15 | THE COURT: It will not be hard for you to post on |
| 10:10:11 | 16 | the docket, and it might very well not be the selected measure |
| 10:10:18 | 17 | but it can only be helpful. |
| 10:10:20 | 18 | MR. BALABANIAN: Yes. |
| 10:10:20 | 19 | THE COURT: Courts are not so feebleminded as to look |
| 10:10:25 | 20 | at that information, and if it really is not terribly helpful |
| 10:10:27 | 21 | in terms of setting, based on the circumstances of the case, |
| 10:10:31 | 22 | what the fees ought to be, then it won't influence us. But it |
| 10:10:36 | 23 | is worth getting that -- |
| 10:10:39 | 24 | MR. BALABANIAN: And that is not a concern, to be |
| 10:10:41 | 25 | clear. |

17

| | | |
|---|---|---|
| 10:10:41 | 1 | THE COURT: Okay. All right. |
| 10:10:43 | 2 | When can you post that? |
| 10:10:44 | 3 | MR. BALABANIAN: When would like it? We can post it |
| 10:10:48 | 4 | quickly. |
| 10:10:48 | 5 | THE COURT: Can you do it by Monday? |
| 10:10:50 | 6 | MR. BALABANIAN: I think so. |
| 10:10:51 | 7 | We have to coordinate with the other firms, so -- |
| 10:10:54 | 8 | That should be fine, over the weekend? |
| 10:10:56 | 9 | MR. RICHMAN: Yes. |
| 10:10:57 | 10 | MR. BALABANIAN: Okay. |
| 10:10:58 | 11 | Monday is fine. |
| 10:10:58 | 12 | THE COURT: All right. |
| 10:10:59 | 13 | That way if the objectors want to incorporate |
| 10:11:02 | 14 | something into their reply on May 12th, they will have seen |
| 10:11:08 | 15 | the information. |
| 10:11:08 | 16 | MR. BALABANIAN: So I would plan to submit, just to |
| 10:11:10 | 17 | make sure the Court is fine with what we plan to submit, I |
| 10:11:13 | 18 | would plan to submit a declaration that would lay out both my |
| 10:11:16 | 19 | firm's time and then probably declarations from the other |
| 10:11:19 | 20 | firms that are prosecuting the case with us that says the same |
| 10:11:22 | 21 | thing. |
| 10:11:23 | 22 | THE COURT: Right. |
| 10:11:23 | 23 | I do think it would be helpful to see the billing |
| 10:11:26 | 24 | records, the entries and the hours and so on. |
| 10:11:29 | 25 | MR. BALABANIAN: So you want the full billing |

| | | |
|---|---|---|
| 10:11:32 | 1 | records, not just summaries? |
| 10:11:34 | 2 | THE COURT: That is correct. |
| 10:11:35 | 3 | MR. BALABANIAN: Okay. |
| 10:11:36 | 4 | THE COURT: I mean, if you look at Judge Feinerman's |
| 10:11:36 | 5 | case, that Gehric case, G-e-h-r-i-c I think it was, there's a |
| 10:11:44 | 6 | docket entry on there that had declarations but then backed up |
| 10:11:46 | 7 | with the billing records. So it ought to just look like that. |
| 10:11:50 | 8 | MR. BALABANIAN: That is completely fine. I would |
| 10:11:52 | 9 | ask for a little more time than Monday only because it might |
| 10:11:54 | 10 | take people -- I mean, we have people in New York, California, |
| 10:11:57 | 11 | and whatnot. |
| 10:11:58 | 12 | I thought we were just going to be submitting |
| 10:11:59 | 13 | summaries of everyone's time. |
| 10:12:01 | 14 | Can we do Wednesday? |
| 10:12:03 | 15 | THE COURT: So that is the 11th. |
| 10:12:04 | 16 | Okay, you can do that by Wednesday the 11th. |
| 10:12:10 | 17 | Then I will push out the reply brief to the 16th. |
| 10:12:21 | 18 | Mr. Pentz, anything else? |
| 10:12:24 | 19 | MR. PENTZ: No, Your Honor. Thank you very much. |
| 10:12:24 | 20 | THE COURT: Mr. McDonald? |
| 10:12:27 | 21 | MR. McDONALD: No, Your Honor. Thank you. |
| 10:12:29 | 22 | THE COURT: Ms. Tufaro? |
| 10:12:29 | 23 | MS. TUFARO: No, Your Honor, thank you very much. |
| 10:12:35 | 24 | THE COURT: Anything else from the lawyers in court? |
| 10:12:37 | 25 | MR. BALABANIAN: Nothing from the plaintiffs, Your |

**19**

10:12:39   1   Honor.

10:12:39   2           ALL RESPOND:  No, Your Honor.

10:12:43   3           MR. BALABANIAN:  And thank you for looking at this in

10:12:45   4   such a short amount of time.  Appreciated.

10:12:47   5           THE COURT:  Okay.

  6           (Proceedings concluded.)

  7

  8

  9

  10                 C E R T I F I C A T E

  11

  12

  13       I certify that the foregoing is a correct transcript

  14   from the record of proceedings in the above-entitled matter.

  15

  16   /s/Krista Burgeson, CSR, RMR, CRR     May 18, 2016
        Federal Official Court Reporter       Date

  17

  18

  19

  20

  21

  22

  23

  24

  25