UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HEATHER WRIGHT, *et al.*, individually, and on behalf of all others similarly situated, ) ) ) | |
| Plaintiffs, ) ) | No. 14 C 10457 |
| v. ) ) | Judge Edmond E. Chang |
| NATIONSTAR MORTAGE LLC, ) ) | |
| Defendant. ) | |

**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

The Court, having considered Plaintiffs' Motion for Final Approval ("Motion for Final Approval") of the settlement (the "Settlement") of the above-captioned matter ("Action"), brought by Plaintiffs Heather Wright, Carole Stewart, Jeanette Childress, Robert Jordan, Sean Halbert, Dana Skelton, Vanessa Ruggles, and Rose Somers ("Plaintiffs") against Defendant Nationstar Mortgage LLC ("Nationstar"), pursuant to the Class Action Settlement Agreement dated October 2, 2015, and the Addendum to the Class Action Settlement Agreement, dated January 22, 2016 (collectively, the "Settlement Agreement"), having considered all of the submissions and arguments with respect to the Motion for Final Approval, and having held a Fairness Hearing on May 19, 2016, finds that:

1. Unless defined herein, all capitalized terms in this Order shall have the respective meanings ascribed to the same terms in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members.

1

3. On October 14, 2015, this Court preliminarily approved the Settlement and certified, for settlement purposes only, the Settlement Class consisting of: All persons in the United States for whom Nationstar Mortgage, LLC had in its records a cellular telephone number as of October 14, 2015.

4. On January 27, 2016, the Court approved the Parties' Addendum to the Class Action Settlement Agreement, as well as proposed revisions to the notice and claim forms. (Dkt. 68.)

5. Notice to the Settlement Class has been provided in accordance with the Court's Preliminary Approval Order and subsequent Order approving the Parties' Addendum to the Settlement Agreement and revised notice materials, and the substance of and dissemination program for the Notice, which included direct postcard Notice by U.S. mail and the creation of the Settlement Website, fully complied with the requirements of Fed. R. Civ. P. 23 and due process, constituted the best notice practicable under the circumstances, and provided due and sufficient notice to all persons entitled to notice of the Settlement of this Action.

6. Nationstar properly and timely notified the appropriate government officials of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed the substance of Nationstar's notice, and finds that it complied with all applicable requirements of CAFA. Further, more than ninety (90) days have elapsed since Nationstar provided notice pursuant to CAFA.

7. The Settlement Agreement was the result of arm's-length negotiations conducted in good faith by experienced attorneys familiar with the legal and factual issues of this case and with the assistance of the Honorable Edward A. Infante (ret) of JAMS and is supported by Plaintiffs and Class Counsel.

8. The Settlement as set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class in light of the complexity, expense, and duration of litigation and the risks involved in establishing liability and damages and in maintaining the class action through trial and appeal.

9. The Settlement consideration provided under the Settlement Agreement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties. The Court finds that the consideration to be paid to members of the Settlement Class is reasonable, considering the facts and circumstances of the claims and affirmative defenses asserted in the Action, and the potential risks and likelihood of success of alternatively pursuing trials on the merits.

10. The persons listed on Addendum A hereto are found to have validly excluded themselves from the Settlement in accordance with the provisions of the Preliminary Approval Order.

**IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED THAT:**

11. The Settlement Agreement is finally approved as fair, reasonable, adequate, and in the best interests of the Settlement Class. The Parties are directed

to consummate the Settlement Agreement in accordance with its terms. The Parties and Settlement Class Members who did not timely exclude themselves from the Settlement Class are bound by the terms and conditions of the Settlement Agreement.

12. The following Settlement Class is hereby finally certified, solely for purposes of this Settlement, pursuant to Federal Rule of Civil Procedure 23(b)(3): All persons in the United States for whom Nationstar Mortgage LLC had in its records a cellular telephone number as of October 14, 2015.

13. The requirements of Rule 23(a) and (b)(3) have been satisfied for settlement purposes. The Settlement Class is so numerous that joinder of all members is impracticable; there are questions of law or fact common to the Settlement Class; the claims of Plaintiffs are typical of the claims of the Settlement Class; Plaintiffs will fairly and adequately protect the interests of the Settlement Class; questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and the class action device is superior to other available methods for fairly and efficiently adjudicating this controversy taking into account the settlement between the parties and associated risks of the litigation.

14. The preliminary appointment of the following attorneys as Class Counsel is hereby confirmed:

>Rafey S. Balabanian
>EDELSON PC
>350 North LaSalle Street, Suite 1300
>Chicago, Illinois 60654

> Paul O. Paradis
> Paradis Law Group, PLLC
> 570 Seventh Avenue, 20th Floor
> New York, New York 10018

15. Class Counsel are experienced in class litigation, including litigation of similar claims, and have fairly and adequately represented the interests of the Settlement Class.

16. The Action is hereby dismissed with prejudice and without costs, except as otherwise ordered by this Court.

17. Notwithstanding, the Court shall retain jurisdiction for the sole and exclusive purpose of enforcing the terms of the Settlement Agreement.

18. This judgment is entered without any admission by Nationstar of any liability or as to the merits of any of the allegations in the Complaint.

19. The Parties are directed to distribute the consideration to the Settlement Class pursuant to Paragraph 2.1 of the Settlement Agreement.

20. The Releasing Parties release and forever discharge the Released Parties from the Released Claims.

> A. As used in this Order, the "Releasing Parties" shall mean Plaintiffs and their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners,

        principals, managers, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, lenders, and any other representatives of any of these Persons and entities.

B.     As used in this Order, the "Released Parties" shall mean Nationstar, as well as any and all of its respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, agents, associates, affiliates, divisions, holding companies, employers, employees, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, managers, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, companies, firms, trusts, and corporations.

C.     As used in this Order, the "Released Claims" shall mean any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extracontractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys'

fees and/or obligations including Unknown Claims, whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on the TCPA or other federal, state, local, statutory or common law or any other law, rule or regulation, including the law of any jurisdiction outside the United States, against the Released Parties, or any of them, arising out of the facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act regarding the alleged making of Telephone Calls including all claims that were brought or could have been brought in the Action relating to such calls, belonging to any and all Releasing Parties.

D. The Releasing Parties hereby release and forever discharge the Released Parties from the Released Claims as of the date that this Final Judgment and Order of Dismissal is entered.

21. The Releases detailed in Paragraph 20 above include claims that any or all of the Releasing Parties have, had or may have against the Releasing Parties, whether known or unknown. The Releases in this Order and the Settlement Agreement fully, finally, and forever discharge all Released Claims that could have been raised in the Action as well as claims that the Plaintiff or any or all other Persons and entities whose claims are being released, or any of them, do not know

7

or expect to exist, which, if known by him or her, might affect his or her agreement to release the Released Parties or the Released Claims or might affect his or her decision to agree, object or not to object to the Settlement. Upon the Effective Date, the Releasing Parties shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, the Releasing Parties also shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code.

22. Nationstar shall implement the procedures set forth in Section 2.2 of the Settlement Agreement to ensure that (i) Settlement Class members will not receive Telephone Calls if they affirmatively submit a Revocation Request in accordance with that Section, and (ii) after the Effective Date, Nationstar will effectuate any requests for revocation of Telephone Calls in a reasonable and effective manner.

23. The Court awards $5,000 to each of Plaintiffs Wright, Stewart, Childress, Jordan, Halbert, Skelton, Ruggles, and Somers as a reasonable incentive award for their role as Class Representatives to be paid from the Settlement Fund.

24. The Court awards to Class Counsel 30% of the Settlement Fund, net of settlement administration expenses and incentive awards, as reasonable attorney's fees and costs.

25. Without affecting the finality of this judgment for purposes of appeal, the Court retains jurisdiction with respect to this Settlement including, without limitation, issues relating to administration, consummation, enforcement, interpretation and implementation of the Settlement Agreement and the Final Judgment. The Court also retains jurisdiction over Plaintiffs, Settlement Class Members, and Nationstar regarding the Settlement Agreement and this Final Judgment and Order. Plaintiffs, Settlement Class Members, and Nationstar are hereby deemed to have submitted to the jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of or relating to the Released Claims, this Order, and the Settlement Agreement including, but not limited to, the applicability of the Released Claims, this Settlement Agreement, or this Order.  Without limiting the generality of the foregoing, any dispute concerning the Settlement Agreement including, but not limited to, any suit, action, arbitration, or other proceeding by a Settlement Class Member in which the provisions of the Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action, or proceeding arising out of or

relating to this Order. Solely for purposes of such suit, action, or proceeding, to the fullest extent possible under applicable law, the parties hereto and all Settlement Class Members are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court or that this Court is, in any way, an improper venue or an inconvenient forum.

26. The Settlement Agreement and the proceedings and statements made pursuant to the Settlement Agreement or papers filed relating to the Settlement Agreement and this Order, are not and shall not in any event be construed, deemed, used, offered or received as evidence of an admission, concession, or evidence of any kind by any Person or entity with respect to:

(i) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Action or in any other civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal, or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of the Parties. Nationstar has denied and continues to deny the claims asserted by Plaintiffs. Notwithstanding, nothing contained herein shall be construed to prevent a Party from offering the Settlement Agreement into evidence for the purpose of enforcing the Settlement Agreement.

27. The certification of the Settlement Class shall be binding only with respect to the Settlement of the Action. In the event that the Settlement Agreement fails to become effective, is overturned on appeal, or does not become final for any

reason, the Parties shall be restored to their respective positions in the Action as of the date of the signing of the Agreement, and no reference to the Settlement Class, the Settlement Agreement, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose.

28. Based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Order, notwithstanding the Court's retention of jurisdiction to oversee the implementation and enforcement of the Settlement Agreement, the Court directs the Clerk to enter final judgment pursuant to Federal Rule of Civil Procedure 54(b).

**IT IS SO ORDERED**.

ENTERED:

      s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: August 29, 2016

Addendum A

The Persons or entities listed below are found to have validly excluded themselves from the Settlement in accordance with the provisions of the Preliminary Approval Order.

1. JERE A GRIM
2. RON TYLER
3. ROBERT SCOTT MULLIGAN
4. LYNNETTE GRANGER
5. LUCYLETTY SILVA
6. PETER NILSON
7. CARRIE M COOPER
8. CLIFTON T FOGLE
9. DONNA L ONEILL
10. DAVID WILLIAMS
11. ALLEN NORMAN SEXTON
12. MELISSA SEXTON-DELISA
13. JOHN DELISA
14. TAMMY CINTRON
15. RAYNOLD FRANCOIS
16. JONATHAN M ZEH
17. JERRY M WALDROP
18. ROBERT GRAY

19. BRIAN HIPP

20. DOUGLAS H HARDER

21. FELICIA MULEE

22. MARK J ROSANO

23. JUAN M MEDINA

24. ANTHONY HAYNES

25. HERBERT G FARMER

26. KRISTI RIDER AND JOE RIDER

27. DAVID J NYSTROM

28. CARMEN GLOTFELTY

29. CHERIE DONALDSON

30. LANDON L WILLIAMS

31. TRACEY JANE NELSON

32. ADDIE ROBINSON

33. JOHN GLOTFELTY

34. RODNEY ROSCOE

35. JEFFERY KELLY

36. WILLIAM C ATKINSON SR

37. DINORAH ALLRED

38. ALETHA K MACKIEWICZ

39. LISA HENDERSON

40. KAMESHIA DAVIS

41. MICHELLE HARMON

42. NOEL R DELEPLANCQUE

43. GRETA HOUSTON

44. CYNTHIA L PETERSON

45. CARLOS B HEREDIA

46. GERARD M JAMESON

47. WALTER R PINEDA

48. SANDRA T MILES

49. MICHELLE SAYLES

50. JEFFERY T PARKER

51. GARY N MODARELLI

52. DOUGLAS FARRELL

53. FRANTZ TONICO

54. DAWN M FRANDSEN

55. WILLIAM SMITH GRAHAM

56. MARVA D PITTER

57. KELLY WATSON

58. LAURA M GOSNEIGH

59. VALENCIA DAVIS AND PAUL DAVIS

60. HENRY L FARRIN JR

61. GENE YEE

62. MICHAEL W MCCUE AND JILL D MCCUE

63. FRANK MOERKE

64. JANE P HALL

65. CHARLES D BARNARD

66. AARON C BENTON

67. ALFRED ZAKLIT

68. JASMIN COSIC

69. KRISTINA R PYLE

70. JESSY ZAKLIT

71. PAMELA T SHUKIS

72. KEENA LOVE

73. CATHERINE GILCHRIEST AND ROBERT GILCHRIEST

74. NICHOLAS E WILLIAMS

75. TAMRA WAGNER

76. BEATRICE GRIFFIN

77. VICKIE CRAWFORD

78. GARY R STILKE AND PENNY STILKE

79. SCOTT R DIXON AND DEBRA M DIXON

80. ANTONIO R MARTINEZ

81. JANICE PARSON

82. GORDON S. BERMAN AND BARBARA L. BERMAN